UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>ENRON CREDITORS RECOVERY CORP., *et al.*,<br><br>      Reorganized Debtors.<br><br>ENRON CORP., *et al.*,<br><br>      Plaintiffs,<br><br>v.<br><br>CITIGROUP INC., *et al.*,<br><br>      Defendants. | CIVIL CASE NO.:  07 Civ. 10612<br><br>Chapter 11<br><br>Case No. 01-16034 (AJG)<br><br>Jointly Administered<br><br>Adversary No. 03-09266 (AJG) |

**DECLARATION OF WILLIAM J. McSHERRY, JR. IN OPPOSITION TO CITIGROUP DEFENDANTS' MOTION TO WITHDRAW REFERENCE**

100940.1

I, William J. McSherry, Jr. declare:

1.      I am a member of the bar of this Court and am a partner in Crowell & Moring LLP, Special Bankruptcy Litigation Counsel for Plaintiff Enron Creditors Recovery Corp. and its co-plaintiff subsidiaries (collectively, "Enron") in adversary proceeding No. 03-09266 (the "Mega Claim Litigation") pending before Bankruptcy Judge Gonzalez. I have personal knowledge of the facts contained in this declaration and, if called as a witness, could and would testify to these facts.

2.      I signed a letter dated October 2, 2007, a copy of which is Exhibit J to the Declaration of Brad S. Karp in Support of the Citigroup Defendants' Motion to Withdraw the Reference and which is referred to in the Memorandum of Law in Support of the Citibank Defendants' Motion to Withdraw the Reference ("Citi Memo"), at 24 n.29. That letter relates to a different dispute – with Deutsche Bank AG and certain of its affiliates (collectively, the "Deutsche Bank Defendants") – which is discussed below.

3.      The Deutsche Bank Defendants are defendants in the Mega Claim Litigation. Certain of the Deutsche Bank Defendants (the "Deutsche Bank Tax Claimants") have asserted claims against Enron for indemnity (the "DB Tax Indemnity Claims") based on tax transactions that, much like the transactions between the Citigroup defendants and Enron, are alleged to have been implemented to disguise Enron's true financial condition, and which are attacked by Enron in the Mega Claim Litigation on that basis.

4.      In addition to being based on transactions that were part of a scheme to aid and abet the financial fraud at Enron, the DB Tax Indemnity Claims suffer from the additional infirmity of seeking unspecified (or only partially specified) amounts to indemnify the Deutsche Bank Tax Claimants for additional taxes that may or may not have been assessed. In an attempt

to address only these additional infirmities (i.e., whether the Deutsche Bank Tax Claimants suffered losses and if so, in what amounts), Enron served on the Deutsche Bank Tax Claimants in its bankruptcy case written discovery requests (the "Discovery"), which were aimed solely at determining the basis for, and the amount of, the DB Tax Indemnity Claims.

5. The Deutsche Bank Tax Claimants resisted the Discovery on the grounds that because the discovery cutoff in the Mega Claim Litigation had passed, Enron was barred from seeking discovery as to the validity and amount of the DB Tax Indemnity Claims. In response to this objection, I sent to the Bankruptcy Court the letter dated October 2, 2007 that is attached to Mr. Karp's declaration and referred to in the Citi Memo. As I argued in that letter, because the Discovery was directed at determining the bases for the Deutsche Bank Tax Claimants having asserted the claims in the first place, and the amount of those claims, it did not fall within the scope of the Mega Claim Litigation, which "was brought to address the inequitable conduct issues and disallow or subordinate claims solely on the basis of the defendants' inequitable conduct described in the Complaint." October 2, 2007 letter, p. 2 n.2. Because the Discovery was limited to determining the bases and amounts of the claims, it was properly served in the bankruptcy case.

6. At the informal court conference on the objection raised by the Deutsche Bank Tax Claimants, Judge Gonzalez agreed with Enron's position and allowed the Discovery to proceed. Because the Deutsche Bank Tax Claimants continued to resist the Discovery, Enron filed a motion to compel responses, which is still pending before the Bankruptcy Court. However, whether or not Enron ultimately prevails, what is clear is that the October 2, 2007 letter *in context* does not support the position that Citigroup is advancing (and citing it for) in the Motion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 10th day of December 2007 at New York, New York.

_____
William J. McSherry, Jr.