UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re ENRON CORPORATION SECURITIES LITIGATION | § MDL Docket No. 1446 <br> § <br> § Civil Action No. H-01-3624 <br> § (Consolidated) <br> § |
| This Document Relates To: | § <br> § CLASS ACTION |
| MARK NEWBY, et al., Individually and On Behalf of All Others Similarly Situated, | § <br> § <br> § |
| Plaintiffs, | § <br> § |
| vs. | § <br> § |
| ENRON CORP., et al., | § <br> § |
| Defendants. | § <br> § |
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al., Individually and On Behalf of All Others Similarly Situated, | § <br> § <br> § <br> § |
| Plaintiffs, | § <br> § |
| vs. | § <br> § |
| KENNETH L. LAY, et al., | § <br> § |
| Defendants. | § <br> § |

[Caption continued on next page]

**ORDER REGARDING PRESUMPTIVE DOCUMENT AUTHENTICITY AND
PRESUMPTIVE BUSINESS RECORDS PER RULE 803(6) F.R.E.**

| | |
|---|---|
| PAMELA M. TITTLE, *et al.*,<br><br>    Plaintiffs,<br><br>vs.<br><br>ENRON CORP., et al.,<br><br>    Defendants. | § Civil Action No. H-01-3913<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ENRON CORP.,<br><br>    Plaintiff,<br><br>vs.<br><br>ANDREW S. FASTOW, MICHAEL J. KOPPER, BEN GLISAN, JR., RICHARD B. BUY, RICHARD A. CAUSEY, JEFFREY K. SKILLING, KENNETH L. LAY, JEFFREY McMAHON, JAMES V. DERRICK, JR., KRISTINA M. MORDAUNT, KATHY LYNN, ANNE YAEGER-PATEL, ARTHUR ANDERSEN, LLP, AND CARL FASTOW, AS ADMINISTRATOR OF THE FASTOW FAMILY FOUNDATION,<br><br>    Defendants. | § Civil Action No. H-04-0091<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

[Caption continued on next page]

| | |
|---|---|
| ELAINE L. CHAO, SECRETARY OF THE UNITED STATES DEPARTMENT OF LABOR, <br><br> Plaintiff, <br><br> vs. <br><br> ENRON CORP., et al. <br><br> Defendants. | § Civil Action No. H-03-2257 <br> § (Consolidated with H-01-3913) <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re                                                           :   Chapter 11
                                                                :   No. 01-16034(AJG)
    ENRON CORP., *et al.*,                   :
                                                                :   Jointly Administered
        Debtors.          :
---------------------------------------------------------------x
ENRON CORP., *et al.*                                           :
                                                                :
        Plaintiffs,       :
                                                                :
                                                                :
    v.                                        :   Adversary Proceeding
                                                                :   No. 03-09266 (AJG)
CITIGROUP INC., *et al.*                                        :
                                                                :
        Defendants.       :
---------------------------------------------------------------x

[Caption continued on next page]

| | |
|---|---|
| PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF OHIO, et al.,<br><br>                Plaintiffs,<br><br>vs.<br><br>ANDREW S. FASTOW, et al.,<br><br>                Defendants. | § Civil Action No. H-02-4788<br>§ (Coordinated)<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

| | |
|---|---|
| PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF OHIO, et al.,<br><br>                Plaintiffs,<br><br>vs.<br><br>ANDREW S. FASTOW, et al.,<br><br>                Defendants. | § Civil Action No. H-02-4788<br>§ (Coordinated)<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

1. This Order applies to any person or entity who, at the time this Order is entered, is a party to any action that is governed by the Deposition Protocol Order in the coordinated and consolidated *Newby* and *Tittle* litigations, including but not limited to the bankruptcy adversary proceeding in the *United States Bankruptcy Court for the Southern District of New York* captioned *Enron Corp., et al. v. Citigroup, Inc., et al.*, Adv. Proc. No. 03-09266 (AJG) (individually, a "Party," and collectively, the "Parties").

2. Documents produced and/or purportedly generated by any Party that purport to be copies of documents prepared or received by the Party, or by an officer, director, employee or agent of the Party, shall be presumed to be a faithful and authentic reproduction of the original and, subject to other applicable rules of evidence, admissible as such, unless any objecting Party establishes, through a motion in *limine* or otherwise, that the document is not authentic. For the purposes of this Order, a document in its entirety is deemed to have been generated by a Party only if that Party or one of its then-directors, officers, agents or employees created all of the document. If a Party or one of its then-directors, officers, agents or employees only created part of a document, such as a part of a chain of electronic mail, only that part of the document is deemed to have been generated by that Party. For the purposes of this Order, any Party and its directors, officers and employees shall not be deemed to be the agent of any other Party.

3. Documents purportedly generated by a Party that purport to be copies of memoranda, reports, records or data compilations in any form shall presumptively be admissible as a business record of that Party under 803(6) F.R.E. or applicable state law unless any objecting Party establishes, through a motion in *limine* or otherwise, that the source of information or the method or circumstances of preparation indicate lack of trustworthiness or that the document fails to qualify as a business record per Rule 803(6) F.R.E. or under applicable state law for any other reason.

4. Each Party shall undertake a prompt review of all documents produced and/or purportedly generated by that Party that have been placed into the record as deposition exhibits in any deposition in the coordinated and consolidated proceedings described in paragraph 1 above through the date of this Order and shall advise all other Parties in writing, within 120 days after entry of this Order, of the following: (a) the document identification numbers of any documents falling within the description of paragraph 2 above, where the producing or purportedly generating Party claims lack of authenticity, or the document identification numbers of any documents falling within the description of paragraph 3 above, where the purportedly generating Party claims failure to qualify as a business record per Rule 803(6) F.R.E. or applicable state law; and (b) a detailed statement (including reference to other pertinent documents and knowledgeable persons) of the grounds for the claim of lack of authenticity and/or failure to qualify as a business record per Rule 803(6) F.R.E. or applicable state law. In addition, any Party may assert such an objection within the time provided in this paragraph to any such documents not produced or purportedly generated by that Party only if it is clear from the face of the document itself or from facts clearly developed at a deposition that the document is not authentic and/or not a business record. Any objection shall be deemed to have been made for all depositions for which the document is or was used and on behalf of all other Parties. Any such documents not so identified within that time shall be, subject to paragraph 10 below, conclusively deemed: (i) faithful and authentic reproductions of the original and, subject to other applicable rules of evidence, admissible as such; and (ii) business records per Rule 803(6) F.R.E. or applicable state law and, subject to other applicable rules of evidence, admissible as such.

5. Within 60 days of the conclusion of a deposition hereafter taken in the coordinated and consolidated proceedings, any Party wishing to contest the presumptive authenticity and/or business record status under paragraphs 2 or 3 of this Order of any

document(s) previously produced and/or purportedly generated by that Party that were placed into the record of that deposition as deposition exhibits shall advise all other Parties in writing of: (a) the document identification numbers of any documents falling within the description of paragraph 2 above, where the producing or purportedly generating Party claims lack of authenticity, or the document identification numbers of any documents falling within the description of paragraph 3 above, where the purportedly generating Party claims failure to qualify as a business record per Rule 803(6) F.R.E. or applicable state law; and (b) a detailed statement (including references to other pertinent documents and knowledgeable persons) of the grounds for the claim of lack of authenticity and/or failure to qualify as a business record per Rule 803(6) F.R.E. or applicable state law. In addition, any Party may assert such an objection within the time provided in this paragraph to any such documents not produced or purportedly generated by that Party only if it is clear from the face of the document itself or from facts clearly developed at a deposition that the document is not authentic and/or not a business record per Rule 803(6) F.R.E. or under applicable state law. Any objection shall be deemed to have been made for all depositions for which the document is used in the future and on behalf of all other Parties. Any such documents not so identified within that time shall be, subject to paragraph 10 below, conclusively deemed: (i) faithful and authentic reproductions of the original and, subject to other applicable rules of evidence, admissible as such; and (ii) business records per Rule 803(6) F.R.E. or applicable state law and, subject to other applicable rules of evidence, admissible as such. The Parties shall make a good faith effort not to mark deposition exhibits en masse for the sole purpose of bringing those exhibits within the scope of this paragraph.

6. Documents produced and/or purportedly generated by any non-Party (such as McKinsey & Company, but excluding any Bankruptcy Examiner or any federal, state or local governmental body) shall be presumed to be a faithful and authentic reproduction of the original

and shall presumptively be admissible as a business record of that non-Party per Rule 803(6) F.R.E. or applicable state law, unless any objecting Party establishes, through a motion in *limine* or otherwise, that the document is not authentic or that the source of information or the method or circumstances of preparation indicate lack of trustworthiness or that the document fails to qualify as a business record of the non-Party per Rule 803(6) F.R.E. or applicable state law for any other reason. Documents produced and/or purportedly generated by a non-Party that have been or, hereafter, are placed into the record as deposition exhibits in any deposition in the coordinated and consolidated proceedings shall be, subject to paragraph 10 below, conclusively deemed to be: (i) faithful and authentic reproductions of the original and, subject to other applicable rules of evidence, admissible as such; and (ii) business records per Rule 803(6) F.R.E. or applicable state law of the producing or purportedly generating non-Party and, subject to other applicable rules of evidence, admissible as such unless any Party raises an objection as to (i) or (ii) within the requisite time frames set forth above in paragraphs 4 and 5.

7. Upon being notified that a document is claimed to be inauthentic and/or fails to qualify as a business record per Rule 803(6) F.R.E. or applicable state law, any Party may initiate appropriate discovery limited to seeking to further establish authenticity and/or the status of the document as a record of business activity per Rule 803(6) F.R.E. or applicable state law; and it shall not be grounds for refusing such discovery that a person whose testimony is reasonably sought concerning these issues has previously been deposed, unless the person in question was previously examined concerning the authenticity and/or the status of the document as a business record per Rule 803(6) F.R.E. (as applicable) or applicable state law during his or her deposition. Any deposition that is expressly limited by the parties to such follow-up discovery shall not be counted as one of the five Category One depositions that may be taken in a day and is not subject to the Deposition Protocol Order's limitation on deposition days for Category One witnesses. To

this limited extent, the provisions of the Deposition Protocol Order regarding the re-examination of any fact witness and the taking of more than five Category One depositions in a day under the Deposition Protocol Order in the coordinated and consolidated *Newby* actions are modified. In addition, should such follow-up discovery become necessary as a result of objections to the authenticity and/or business record status of the document per Rule 803(6) F.R.E. or applicable state law that are raised at, near or after the end of the fact discovery period, the provisions of the Courts' scheduling orders providing that fact discovery must conclude by a date certain prior to trial are modified solely for the purpose of permitting such follow-up discovery. Any such follow-up discovery required after the close of fact discovery shall be scheduled as soon after the close of fact discovery as practicable.

8.      For the purposes of this Order, documents produced to the Bankruptcy Examiners or to any federal, state or local governmental body (such as the Securities & Exchange Commission, the Department of Justice, the Department of Labor or any Congressional subcommittee) that have subsequently been placed in the Depository by the Examiner(s), by Enron and/or by any governmental body shall be considered to have been produced by the entity that originally produced those documents to the Examiner(s) and/or to the governmental body.

9.      For the purposes of this Order: (a) the Core Exhibits that are Enron's annual reports (Core Exhibits 1-4), Enron's filings with the Securities & Exchange Commission (Core Exhibits 5-91), Enron's press releases (Core Exhibits 92-599), and minutes of meetings of Enron's Board of Directors and/or committees thereof (Core Exhibits 740-963 and 1492-1536) are deemed to have been produced by Enron; and (b) reports of investment analysts and rating agencies (Core Exhibits 640-739) are deemed to have been produced by the institution that issued the report. All other Core Exhibits are excluded from this Order.

10. On their exhibit lists for trial, the parties shall designate as "authenticity stipulated" and/or "business record stipulated" any documents on their exhibit lists that are deemed authentic and/or business records per Rule 803(6) F.R.E. or applicable state law pursuant to paragraphs 4, 5 or 6. All trial exhibits properly designated as "stipulated" prior to trial will be deemed authentic and/or business records per Rule 803(6) F.R.E. or applicable state law. Any objection to the authenticity and/or business record status per Rule 803(6) F.R.E. or applicable state law of any such document shall not be sustained unless the objecting Party establishes that the document in question is not authentic and/or a business record per Rule 803(6) F.R.E. or applicable state law and also provides a clear and convincing explanation as to why that party's failure to object within the time limits prescribed in the paragraphs 4 or 5 above (if applicable) is excusable. In the event that this heavy burden is met and any such objection is sustained, the Party proffering the exhibit shall have the right to initiate appropriate discovery limited to seeking to further establish authenticity and/or business record status per Rule 803(6) F.R.E. or applicable state law pursuant to the provisions of paragraph 7 above.

11. Nothing in this Order shall be taken to mean that any Party has accepted any characterization of a document other than that the document is a faithful and authentic reproduction of the original and/or a business record per Rule 803(6) F.R.E. or applicable state law. In addition, a Party's failure to object to a document's status as a business record per Rule 803(6) F.R.E. or applicable state law under the terms of this Order shall not be deemed to be an admission or acknowledgement by that Party that the statements contained in the document were true and correct, and any Party may seek to introduce evidence and/or arguments at trial (or in connection with pretrial proceedings) that some or all of the statements contained in a document deemed to be a business record per Rule 803(6) F.R.E. or applicable state law under this Order were not true and correct.

12. This Order addresses only the authenticity and/or business record status per Rule 806(6) F.R.E. or applicable state law of a particular document, and is without prejudice to application of any other rule of evidence that may be implicated by a particular document. The failure of any Party to object to any document shall not constitute an admission or concession by that Party that similar documents to which the Party does object are business records per Rule 803(6) F.R.E. or applicable state law and/or authentic under applicable federal or state laws. For example, the failure to object to each email being treated as a business record per Rule 803(6) F.R.E. or applicable state law does not foreclose such an objection to any individual email.

13. The Parties shall make good faith, cooperative efforts, through the meet and confer process or otherwise, to resolve any issues concerning the authenticity and/or business record status per Rule 803(6) F.R.E. or applicable state law of documents subject to this Order so as to minimize the time and resources of the parties and of the Courts devoted to such matters.

IT IS SO ORDERED.

DATED: November 14, 2005        **s/Melinda Harmon**
                                MELINDA HARMON
                                UNITED STATES DISTRICT JUDGE

DATED: November 14, 2005        **s/Arthur J. Gonzalez**
                                ARTHUR J. GONZALEZ
                                UNITED STATES BANKRUPTCY JUDGE