**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 Case No. 01-16034 (AJG) |
| **ENRON CORP.**, *et al.*, Debtors. | Jointly Administered |
| **ENRON CORP.**, *et al.*, Plaintiffs, v. **CITIGROUP INC.**, *et al.*, Defendants. | Adversary Proceeding No. 03-09266 (AJG) |

**AMENDED ANSWER OF DEFENDANTS CITIGROUP INC., CITIBANK, N.A., CITIGROUP GLOBAL MARKETS INC., CITICORP NORTH AMERICA, INC., CITIGROUP FINANCIAL PRODUCTS INC., CXC LLC, CORPORATE ASSET FUNDING COMPANY, LLC AND CORPORATE RECEIVABLES CORPORATION, LLC TO FOURTH AMENDED COMPLAINT**

Defendants Citigroup Inc. ("Citigroup"); Citibank, N.A.; Citigroup Global Markets Inc.; Citicorp North America, Inc.; Citigroup Financial Products Inc. (formerly known as Salomon Brothers Holding Company, Inc.); CXC LLC (formerly known as CXC Incorporated); Corporate Asset Funding Company, LLC (formerly known as Corporate Asset Funding Company, Inc.), and Corporate Receivables Corporation, LLC (formerly known as Corporate Receivables Corporation, Inc.) (collectively, the "Citigroup Defendants"),[1] by their undersigned attorneys, for their Amended Answer to

---

[1] The defendants' use of "Citigroup Defendants" to refer to Citigroup Inc., Citibank, N.A., Citigroup Global Markets Inc., Citicorp North America, Inc., Citigroup

the Debtors' Fourth Amended Complaint for the Avoidance and Return of Preferential Payments and Fraudulent Transfers, Equitable Subordination, and Damages, Together with Objections and Counterclaims to Creditor Defendants' Claims (the "Complaint"), state as follows:[2]

1.  Deny the allegations contained in Paragraph 1 insofar as they purport to relate to the Citigroup Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1, except admit that the Plaintiffs Enron Corp., Enron North America, Enron Natural Gas Marketing Corp., Enron Broadband Services, Inc., Enron Energy Services, Inc., EES Service Holdings, Inc., Enron International Inc., Enron Energy Services Operations, Inc., ECT Merchant Investments Corp., Enron Power Marketing, Inc., and Atlantic Commercial Financial, Inc., together with affiliated reorganized debtors (collectively, "Plaintiffs") purport to bring this adversary proceeding.

2.  Deny the allegations contained in Paragraph 2 insofar as they purport to relate to the Citigroup Defendants, except admit that certain Citigroup Defendants participated in commodity forward prepaid transactions[3] with Enron or

---

Financial Products Inc., CXC LLC, Corporate Asset Funding Company, LLC and Corporate Receivables Corporation, LLC is not an admission that any one of the Citigroup Defendants is not a distinct and separate entity, or that any one of the Citigroup Defendants is responsible for the liabilities of any other Citigroup Defendant.

[2]  The Citigroup Defendants do not construe the headings contained in the Complaint as allegations to which a response is required; to the extent a response is required, the Citigroup Defendants deny such allegations.

[3]  The term "commodity forward prepaid transactions" refers to forward and/or swap transactions, including those documented in accordance with the International Swaps and Derivatives Association ("ISDA") Master Agreement.

related entities, respectfully refer the Court to the transaction documents for the details of the transactions, deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2, and respectfully refer the Court to complete text of the documents referenced in Paragraph 2 for their contents.

      3.     Deny the allegations contained in Paragraph 3 insofar as they purport to relate to the Citigroup Defendants, except admit that certain Citigroup Defendants participated in transactions with Enron or related entities, respectfully refer the Court to the transaction documents for the details of the transactions, deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3, and respectfully refer the Court to the complete text of the documents referenced in Paragraph 3 for their contents.

      4.     Deny the allegations contained in Paragraph 4 insofar as they purport to relate to the Citigroup Defendants, except admit that certain Citigroup Defendants made a passive investment in LJM2, respectfully refer the Court to the transaction documents for the details of the transaction, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4.

      5.     Deny the allegations contained in Paragraph 5 insofar as they purport to relate to the Citigroup Defendants, except admit that certain Citigroup Defendants received compensation in connection with transactions involving Enron or related entities, respectfully refer the Court to the transaction documents for the details of the transactions, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5.

Document Excerpted to Reduce Bulk

sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1596.

1597.   For their response to Paragraph 1597, the Citigroup Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 1596.

1598.   Deny the allegations contained in Paragraph 1598 insofar as they purport to relate to the Citigroup Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1598.

1599.   Deny the allegations contained in Paragraph 1599 insofar as they purport to relate to the Citigroup Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1599.

1600.   Deny the allegations contained in Paragraph 1600 insofar as they purport to relate to the Citigroup Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1600.

1601.   Deny the allegations contained in Paragraph 1601 insofar as they purport to relate to the Citigroup Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1601.

**DEFENSES**

**FIRST DEFENSE**

Plaintiffs have failed to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs' claims against the Citigroup Defendants are barred under the doctrines of *in pari delicto* and equitable estoppel.

## THIRD DEFENSE

Plaintiffs lack standing to sue the Citigroup Defendants because plaintiffs were central participants in the acts alleged against the Citigroup Defendants in the Complaint.

## FOURTH DEFENSE

The injuries Plaintiffs allegedly sustained, as set forth in the Complaint, were proximately, directly, and solely caused by the fraud, breaches of fiduciary duty, and civil conspiracy of each and all Enron's officers, directors, and employees. In no manner were any of said injuries actually or proximately caused, or contributed to, by any acts on the part of the Citigroup Defendants.

## FIFTH DEFENSE

The Citigroup Defendants at all times acted in good faith, and did not know, and in the exercise of reasonable care could not have known, of the fraud, conspiracy and breaches of fiduciary duty alleged in the Complaint. The Citigroup Defendants thus lacked scienter, and were therefore not culpable participants in the acts and wrongs alleged in the Complaint.

## SIXTH DEFENSE

The Citigroup Defendants were entitled to, and did, reasonably and in good faith rely upon the work and conclusion of Plaintiffs and Plaintiffs' agents and advisers, including their accountants, in structuring and arranging the transactions complained of in the Complaint.

239

## SEVENTH DEFENSE

Plaintiffs' alleged losses, if any, were the sole result of their own conduct, and they assumed the risk of losses on the transactions and transfers at issue in this case.

## EIGHTH DEFENSE

Plaintiffs' purported damages are nonexistent, speculative, not of the nature or to the extent alleged, and were not the foreseeable result of the Citigroup Defendants' alleged conduct.

## NINTH DEFENSE

Plaintiffs' claims against the Citigroup Defendants are barred by the doctrines of laches, acquiescence, ratification, waiver and/or estoppel.

## TENTH DEFENSE

The Complaint fails to plead with the requisite particularity facts and circumstances constituting the alleged fraudulent conduct.

## ELEVENTH DEFENSE

Pursuant to the transaction documents relating to certain of the transfers alleged in the Complaint, Plaintiffs and/or their affiliates agreed to hold harmless and indemnify the Citigroup Defendants to the full extent of any losses, expenses, claims or proceedings related to or arising out of, among other things, any transaction or conduct in connection with such transfers. The Citigroup Defendants hereby invoke all of their contractual and common law indemnity rights, and hereby provide notice to Plaintiffs thereof.

**TWELFTH DEFENSE**

To the extent that Plaintiffs seek equitable subordination of the Citigroup Defendants' claims to those of other creditors, such other creditors have not suffered injury by virtue of the Citigroup Defendants' alleged conduct.

**THIRTEENTH DEFENSE**

To the extent that any individual or entity purporting to be a claimant has not filed a proof of claim in the manner required by Bankruptcy Rules 3001 et seq. and § 501 of the Bankruptcy Code, Plaintiffs are precluded from seeking equitable subordination of the Citigroup Defendants' claims on that individual's or entity's behalf.

**FOURTEENTH DEFENSE**

The Citigroup Defendants are not liable on Counts 1, 2 and 3 of the Complaint because those Counts purport to allege transfers that are not subject to avoidance pursuant to 11 U.S.C. § 546(e).

**FIFTEENTH DEFENSE**

The Citigroup Defendants are not liable on Counts 1, 2 and 3 of the Complaint because those Counts purport to allege transfers that are not subject to avoidance pursuant to 11 U.S.C. § 546(g).

**SIXTEENTH DEFENSE**

The Citigroup Defendants are not liable on Counts 1, 2 and 3 of the Complaint because those Counts purport to allege transfers that are not subject to avoidance pursuant to 11 U.S.C. § 556.

**SEVENTEENTH DEFENSE**

The Citigroup Defendants are not liable on Count 1 of the Complaint because that Count purports to allege transfers that are not "transfers of an interest of the Debtors in property" within the meaning of 11 U.S.C. § 547(b).

**EIGHTEENTH DEFENSE**

The Citigroup Defendants are not liable on Count 1 of the Complaint because that Count purports to allege transfers that are not "for or on account of an antecedent debt" owed by the Debtors within the meaning of 11 U.S.C. § 547(b).

**NINETEENTH DEFENSE**

The Citigroup Defendants are not liable on Count 1 of the Complaint because that Count purports to allege transfers that are not avoidable pursuant to 11 U.S.C. § 547(c)(1).

**TWENTIETH DEFENSE**

The Citigroup Defendants are not liable on Count 1 of the Complaint because that Count purports to allege transfers that are not avoidable pursuant to 11 U.S.C. § 547(c)(2).

**TWENTY-FIRST DEFENSE**

The Citigroup Defendants are not liable on Count 1 of the Complaint because that Count purports to allege transfers that are not avoidable pursuant to 11 U.S.C. § 547(c)(4).

**TWENTY-SECOND DEFENSE**

The Citigroup Defendants are not liable on Counts 1, 2, 3, 4, 65, 66, 67, 69, 70 and 71 of the Complaint because those Counts purport to allege transfers that are

not property of the Debtors' estates pursuant to the "earmarking" doctrine applicable to such transfers.

### TWENTY-THIRD DEFENSE

The Citigroup Defendants are not liable on Counts 1, 2, 3, 4, 65, 66, 67, 69, 70 and 71 of the Complaint because those Counts purport to allege transfers for which the Citigroup Defendants acted as mere conduits.

### TWENTY-FOURTH DEFENSE

The Citigroup Defendants are not liable on Counts 2, 65 and 69 of the Complaint because those Counts purport to allege transfers that are not transfers of an interest of the Debtors in property, or obligations incurred by the Debtors within the meaning of 11 U.S.C. § 548(a).

### TWENTY-FIFTH DEFENSE

The Citigroup Defendants are not liable on Counts 2, 65 and 69 of the Complaint because the Citigroup Defendants acted in good faith within the meaning of 11 U.S.C. § 548(c).

### TWENTY-SIXTH DEFENSE

The Citigroup Defendants are not liable on Counts 2, 3, 65 and 66 of the Complaint because that Count alleges transfers for which Plaintiffs received reasonably equivalent value or fair consideration.

### TWENTY-SEVENTH DEFENSE

The Citigroup Defendants are not liable on Counts 3, 66 and 70 of the Complaint because those Counts purport to allege transfers that are not transfers of an interest of Plaintiffs in property, or obligations incurred by Plaintiffs within the meaning of 11 U.S.C. § 544 and applicable nonbankruptcy law.

### TWENTY-EIGHTH DEFENSE

The Citigroup Defendants are not liable on Counts 69, 70 and 71 because plaintiffs have failed to plead their claims against the Citigroup Defendants with particularity.

### TWENTY-NINTH DEFENSE

The Citigroup Defendants are not liable on Counts 4, 67 and 71 of the Complaint because those Counts purport to allege transfers that Citigroup took for value, in good faith, and without knowledge of their voidability.

### THIRTIETH DEFENSE

The Citigroup Defendants are not liable on Counts 5, 68 and 72 of the Complaint because they are not liable under section 544, 548 and 550 of the Bankruptcy Code.

### THIRTY-FIRST DEFENSE

The Citigroup Defendants are not liable on Counts 69 and 70 of the Complaint because Plaintiffs did not act with actual intent to hinder, delay or defraud any entity within the meaning of 11 U.S.C. § 548(a)(1)(A) or other applicable law.

### THIRTY-SECOND DEFENSE

The Citigroup Defendants are not liable on Counts 4, 67 and 71 of the Complaint because section 550(d) of the Bankruptcy Code only entitles Plaintiffs to a single satisfaction, if any, under Bankruptcy Code section 550(a).

### THIRTY-THIRD DEFENSE

The Citigroup Defendants are not liable on Counts 1, 2 and 3 of the Complaint because those Counts purport to allege transfers that are not subject to avoidance pursuant to 11 U.S.C. § 560.

### THIRTY-FOURTH DEFENSE

The Citigroup Defendants are not liable because the claims asserted in the Complaint are barred, in whole or in part, by the doctrines of setoff and/or recoupment.

### THIRTY-FIFTH DEFENSE

The Citigroup Defendants are not liable on Counts 4, 67 and 71 because the Citigroup Defendants took for value, in good faith, and without knowledge of voidability within the meaning of 11 U.S.C. § 550(b).

### THIRTY-SIXTH DEFENSE

The Citigroup Defendants are not liable on Count 67 because avoidance of obligations does not give rise to a right of recovery under 11 U.S.C. § 550.

### THIRTY-SEVENTH DEFENSE

The Citigroup Defendants are not liable for any transfers that are the subject of a court approved settlement.

### THIRTY-EIGHTH DEFENSE

Some or all of the of the Plaintiffs' claims are barred by the doctrine of unclean hands.

### THIRTY-NINTH DEFENSE

The Citigroup Defendants hereby adopt and incorporate by reference any and all other defenses asserted or to be asserted by an other defendant to the extent the Citigroup Defendants may share in such defense.

\* \* \*

The Citigroup Defendants expressly reserve the right to amend and/or supplement their answer, defenses, and all other pleadings. The Citigroup Defendants

245

assert all other defenses that may be revealed during the course of discovery or other investigation.

Dated:  New York, New York
         October 28, 2005

                PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

                By:  /s/ Stephen Shimshak
                    Brad S. Karp (BK-3702)
                    Mark F. Pomerantz (MP-9156)
                    Stephen J. Shimshak (SS-8822)
                    Douglas R. Davis (DD-0874)
                    Michael E. Gertzman (MG-8096)
                    Claudia L. Hammerman (CH-9005)
                    PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
                    1285 Avenue of the Americas
                    New York, New York 10019-6064
                    Telephone:    (212) 373-3000
                    Telecopier:   (212) 757-3990

                    *Attorneys for Citigroup Inc.; Citibank, N.A.; Citigroup Global Markets Inc.; Citicorp North America, Inc.; Citigroup Financial Products Inc.; CXC LLC; Corporate Asset Funding Company, LLC, and Corporate Receivables Corporation, LLC*