ORIGINAL

FORM B10 (Official Form 10) (4/98)            *Citibank Commodity Swap Claims* II

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|
| Name of Debtor ENRON NORTH AMERICA CORP.    Case Number 01-16033 | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| | |
|---|---|
| Name of Creditor (The person or other entity to whom the debtor owes money or property): <br> CITIBANK, N.A. | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
| Name and address where notices should be sent: <br> Citibank, N.A. <br> 250 West Street, 8th Floor <br> New York, New York, 10013 <br> Attn: Peter Reynolds <br><br> With a copy to: <br><br> Paul, Weiss, Rifkind, Wharton & Garrison <br> 1285 Avenue of the Americas <br> New York, N.Y. 10019-6064 <br> Attn: Douglas R. Davis <br><br> Telephone number: (212) 373-3000 | ☐ Check box if you have never received any notices from the bankruptcy court in this case. <br><br> ☐ Check box if the address differs from the address on the envelope sent to you by the court. <br><br> Filed: USBC - Southern District of New York <br> ENRON, Et Al. <br> 01-16034 (CA)     0000012106 <br><br> THIS SPACE IS FOR COURT USE ONLY |

| Account or other number by which creditor identifies debtor: | Check here if this claim ☐ Replaces / ☐ amends a previously filed claim, dated: |
|---|---|

| 1. Basis for Claim <br> ☐ Goods sold <br> ☐ Services performed <br> ☐ Money loaned <br> ☐ Personal injury/wrongful death <br> ☐ Taxes <br> ☑ Other *(commodity swap claims)* | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a) <br> ☐ Wages, salaries, and compensation (fill out below) <br> Your SS #: <br> Unpaid compensation for services performed <br> From            to |
|---|---|
| 2. Date debt was incurred: *(see attached)* | 3. If court judgment, date obtained: |

4. **Total Amount of Claim at Time Case Filed**: $ In an amount no less than $6,200,979.40.

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.

☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges. *(see attached)*

| 5. Secured Claim. <br> ☑ Check this box if your claim is secured by collateral (including a right of setoff). <br> Brief Description of Collateral: <br> ☐ Real Estate ☐ Motor Vehicle <br> ☑ Other *(right of setoff)* <br> Value of Collateral: *(see attached)* <br><br><br><br> Amount of arrearage and other charges <u>at time case filed</u> included in secured claim, if any: <br> $ *(see attached)* | 6. **Unsecured Priority Claim**. <br> ☐ Check this box if you have an unsecured priority claim <br> Amount entitled to priority $ <br> Specify the priority of the claim: <br> ☐ Wages, salaries, or commissions (up to $4,300),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3). <br> ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4). <br> ☐ Up to $1,950* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6). <br> ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child –11 U.S.C. § 507(a)(7). <br> ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8). <br> ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___). <br> *Amounts are subject to adjustment on 4/1/01 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|

7. **Credits**: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
8. **Supporting Documents**: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.
9. **Date-Stamped Copy**: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

| Date: <br> October 11, 2002 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): <br> Peter Reynolds, Director    [signature] | |
|---|---|---|

*Penalty for presenting fraudulent claim*: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## ATTACHMENT TO PROOF OF CLAIM
## <u>OF CITIBANK, N.A.</u>

1. On December 2, 2001 (the "Petition Date"), Enron North America Corp. (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

2. As of the Petition Date, the Debtor was, and still is, indebted and/or liable to Citibank, N.A. ("Claimant") for no less than $6,200,979.40 in regard of the transactions and/or matters discussed herein.

3. Claimant is a swap participant with Debtor and related entities under certain commodity swaps and related agreements (the "Citibank Swap Agreements"). Claimant therefore has contractual and statutory rights to offset and net out all termination values and payment amounts arising under or in connection with the swap transactions. In addition, Claimant has contractual rights of recovery against Debtor for settlement payments owing under swaps, assigned to Claimant, but to which Claimant was not a direct participant.

4. Claimant assigned certain claims under the Citibank Swap Agreements to non-Citibank entities and also received certain claims from other swap counterparties under other commodity swaps and related agreements ("Other Swap Agreements" and, together with the Citibank Swap Agreements, the "Swap Agreements").[1] All claims held by Citibank are referred to as the "Retained Claims." Debtor owes Claimant for Retained Claims as follows:

---

[1] Due to the voluminous nature of the documents supporting Claimant's claim, they have not been attached to this Proof of Claim. Copies of the documents are available upon request to counsel for Claimant.

  (a) The swap confirmed on February 23, 2000 between Debtor and Delta Energy Corporation (the "Enron / Delta Swap"), of which Claimant retained claims against Debtor totaling $4,045,581.55[2];

  (b) The swap confirmed on February 23, 2000 between Claimant and Debtor (the "ENA / Citibank Swap"), of which Claimant retained claims against Debtor totaling $2,155,397.85.[3]

  5. Debtor accordingly owes Claimant no less than $6,200,979.40 in regard of the transactions set forth above, in addition to default interest, fees, costs and expenses not yet liquidated.

  6. Claimant hereby reserves the right to assert against Debtor in full the aggregate settlement amounts Debtor owes under the transactions described herein, and all fees, costs, and expenses related thereto including default interest, as if such claims had not been assigned by Citibank in the event the assignment of its claims to non-Citibank entities are in any manner determined invalid or otherwise infirm, either as a

---

[2] The original amount of such claims were calculated in British Pounds Sterling in the amount of £ 2,839,837.37. Claimant converted the amounts owed for purposes of filing this Proof of Claim according to the following exchange ratio: GBP/USD 1.42455. Claimant reserves the right to assert additional amounts owed in dollars depending on the actual exchange ratio employed by any court to liquidate Claimant's claims hereunder.

[3] The original amount of such claims were calculated in British Pounds Sterling in the amount of £ 1,513,101.73. Claimant converted the amounts owed for purposes of filing this Proof of Claim according to the following exchange ratio: GBP/USD 1.42455. Claimant reserves the right to assert additional amounts owed in dollars depending on the actual exchange ratio employed by any court to liquidate Claimant's claims hereunder.

function of the avoidance provisions of the Bankruptcy Code, pursuant to any other federal or state law, or otherwise.

7. Claimant reserves the right to claim as of yet undetermined amounts against Debtor for contractual, statutory or common law rights of indemnity and contribution, if any, for and against any and all losses, claims, damages or liabilities, joint or several, and legal or other expenses reasonably incurred in connection with the claims set forth herein.

8. In addition to the Debtor's obligations to Claimant as set forth above, Claimant is entitled to recover from the Debtor all costs and expenses, including reasonable attorneys' fees and disbursements, incurred in connection with Claimant's enforcement of its rights under the Swap Agreements. The amount of such costs and expenses cannot be reasonably calculated or estimated at this time, but Claimant does not waive its rights thereto by not currently stating a specific amount.

9. Claimant reserves the right to claim that all or any portion of the costs and expenses incurred by it after the Petition Date are administrative expenses entitled to a first priority under section 507(a)(1) of the Bankruptcy Code.

10. In addition to the foregoing, the Debtor may be liable to Claimant for interest accruing after the Petition Date on the claims described herein to the extent such interest is allowable under the Bankruptcy Code.

11. Claimant has filed this Proof of Claim under compulsion of the bar date established in this chapter 11 case and to protect Claimant from forfeiture of its claim against the Debtor by reason of such bar date. Claimant has filed this Proof of Claim only with respect to claims arising out of the transactions and matters described

herein. Claimant and/or its affiliates may file additional proofs of claims against the Debtor, and/or one or more other debtors, with respect to claims arising out of other transactions or matters. In addition, Claimant may file proofs of claims against one or more other debtors who have guaranteed, or are otherwise obligated with respect to, the claims covered hereby. Claimant reserves the right to amend and/or supplement this Proof of Claim at any time, including after any bar date, in any manner, including for purposes of fixing the amount of the claim described above together with interest, fees and expenses due Claimant, and/or to file additional proofs of claim for any additional claim which may be based on the same or additional documents or grounds of liability.

12. In addition to this Proof of Claim, Claimant has filed a proof of claim against Enron Corp. as guarantor of the Debtor's obligations under the Swap Agreements and Debtor's contractual obligations generally.

13. The filing of this Proof of Claim is not and shall not be deemed or construed as: (a) a waiver or release of Claimant's rights against any person, entity, or property, or a waiver of the right to compel the Debtor to return property of Claimant currently in the possession of the Debtor; (b) a consent by Claimant to the jurisdiction of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving Claimant; (c) a waiver or release of Claimant's right to trial by jury in this Court or any other court in any proceeding as to any and all matters so triable herein, whether or not the same be designated legal or private rights or in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the United States Constitution; (d) a consent by

Claimant to a jury trial in this Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (e) a waiver or release of Claimant's right to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a United States District Court Judge; (f) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding which may be commenced in this case against or otherwise involving Claimant; or (g) an election of remedies.

14. All notices regarding this Proof of Claim should be sent to Citibank, N.A., 250 West Street, 8th Floor, New York, New York, 10013, Attention: Peter Reynolds and Paul, Weiss, Rifkind, Wharton & Garrison, 1285 Avenue of the Americas, New York, New York 10019-6064, Attention: Douglas R. Davis.