FORM B10 (Official Form 10) (4/98)  **ORIGINAL**  Citigroup Inc. Litigation-Related Claims (ENA)

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor ENRON NORTH AMERICA CORP. | Case Number 01-16035 | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property): CITIGROUP INC., on behalf of itself and subsidiaries | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | |
|---|---|---|
| Name and address where notices should be sent: Citigroup Inc. 399 Park Avenue New York, New York 10043 Attention: Joan Guggenheimer, Esq. With a copy to: Paul, Weiss, Rifkind, Wharton & Garrison 1285 Avenue of the Americas New York, N.Y. 10019-6064 Attention: Douglas R. Davis, Esq. Telephone number: (212) 373-3000 | ☐ Check box if you have never received any notices from the bankruptcy court in this case. ☐ Check box if the address differs from the Filed: USBC - Southern District of New York ENRON, Et Al. 01-16034 (CA)  0000012843 [barcode] | THIS SPACE IS FOR COURT USE ONLY |
| Account or other number by which creditor identifies debtor: | Check here if this claim ☐ Replaces / ☐ amends a previously filed claim, dated: | |

| 1. Basis for Claim | |
|---|---|
| ☐ Goods sold | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a) |
| ☐ Services performed | ☐ Wages, salaries, and compensation (fill out below) |
| ☐ Money loaned | Your SS #: |
| ☐ Personal injury/wrongful death | Unpaid compensation for services performed |
| ☐ Taxes | From                to |
| ☑ Other (see attached) | |

| 2. Date debt was incurred: (see attached) | 3. If court judgment, date obtained: |
|---|---|

4. **Total Amount of Claim at Time Case Filed:** $ (see attached)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

| 5. Secured Claim. ☐ Check this box if your claim is secured by collateral (including a right of setoff). Brief Description of Collateral: ☐ Real Estate ☐ Motor Vehicle ☐ Other Value of Collateral: $ Amount of arrearage and other charges at time case filed included in secured claim, if any: $ | 6. Unsecured Priority Claim. ☐ Check this box if you have an unsecured priority claim Amount entitled to priority $ Specify the priority of the claim: ☐ Wages, salaries, or commissions (up to $4,300),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3). ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4). ☐ Up to $1,950* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(6). ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child –11 U.S.C. § 507(a)(7). ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8). ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___). *Amounts are subject to adjustment on 4/1/01 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. | |
|---|---|---|

| 7. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. 8. **Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. 9. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| Date: October 15, 2002 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): [signature] Joan Guggenheimer, Esq., Co-General Counsel | |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## ATTACHMENT TO PROOF OF CLAIM
## OF CITGROUP INC.

1.  On December 2, 2001 (the "Petition Date"), Enron North America Corp. (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

2.  Citigroup Inc. files this Proof of Claim on behalf of itself and certain of its affiliates, including Citicorp, Inc., Citibank, N.A., and Salomon Smith Barney, Inc., and on behalf of its (or its affiliates') current and former directors and officers, including but not limited to those entities and individuals set forth in Exhibit A attached hereto (collectively, "Claimants"). As of the Petition Date, the Debtor was, and still is, indebted and/or liable to Claimants for amounts yet to be liquidated, paid, or incurred, based upon contingent claims arising from certain pending and threatened litigation and proceedings, described more fully below, against Claimants that are related to the Debtor's financial condition and commercial relations with Claimants.

3.  Claimants' claims are for contractual, statutory and common law rights of indemnity, contribution, set-off and liability against the Debtor arising from, among other things, Claimants' commercial relations with the Debtor and its affiliates (the "Litigation Claims"). The amount of Claimants' contingent claims cannot be reasonably calculated or estimated at this time, but Claimants do not waive their right to seek payment from the Debtor by not currently stating a specific amount.

4.  Claimants are entitled to reimbursement by the Debtors, with respect to the Litigation Claims, for any and all expenses incurred, including attorneys' fees, losses, damages, judgments, fines and amounts already paid or to be paid in

settlement or already incurred or to be incurred by Claimants, in connection with any and all threatened, pending, completed and/or future claims, actions, suits or proceedings and any appeal therefrom, whether civil, criminal, administrative or investigative, involving or related to Claimants, or in which Claimants were, are or may be a party, or were, are or may become involved as a witness or third party, by reason of Claimants' commercial relationship with the Debtor and its affiliates.

5.  As of the date of this Proof of Claim, Claimants are named parties to various cases identified in Exhibit B attached hereto (the "Pending Lawsuits"), which have or which may give rise to Litigation Claims.

6.  To the extent that (i) Claimants may be jointly liable with Debtor to an entity or person that does not file a timely proof of claim in this bankruptcy action and (ii) Claimants' claims for indemnification with respect to such liability to such entity or person is disallowed pursuant to Bankruptcy Code section 502(e)(1), then Claimant makes this proof of claim pursuant to Bankruptcy Code section 501(b) and Bankruptcy Rule 3005(a) on behalf of all such entities and persons who have claims of the kind described herein.

7.  No judgments have been rendered in any of the Pending Lawsuits, nor have Claimants made any payments to plaintiffs on account of these asserted claims. As of the date of this Proof of Claim, Claimants have incurred expenses in connection with the Pending Lawsuits in unliquidated amounts yet to be determined. Claimants anticipate incurring additional expenses in connection with the Pending Lawsuits and with respect to the Litigation Claims. As a result, the amount of Claimants' claims against Debtor is contingent and unliquidated as of the date of this Proof of Claim.

8. Claimants reserve the right to claim that all or any portion of the losses, claims, damages, liabilities, legal and other expenses incurred by them after the Petition Date are administrative expenses entitled to a first priority under Section 507(a)(1) of the Bankruptcy Code or otherwise.

9. Claimants have filed this Proof of Claim under compulsion of the bar date established in this chapter 11 case and to protect Claimants from forfeiture of their claim against the Debtor by reason of such bar date. Claimants have filed this Proof of Claim only with respect to claims arising out of the transactions and matters described herein. Claimants and/or its affiliates may file additional proofs of claim against the Debtor, and/or one or more other debtors, with respect to claims arising out of other transactions or matters. In addition, Claimants may file proofs of claim against one or more other debtors who have guaranteed, or are otherwise obligated with respect to, the claims covered hereby.

10. Claimants reserve the right to amend and/or supplement this Proof of Claim at any time, including after any bar date, in any manner, including for purposes of fixing the amount of the claim described above together with interest, fees and expenses due Claimants, and/or to file additional proofs of claim for any additional claim which may be based on the same or additional documents or grounds of liability.

11. The filing of this Proof of Claim is not and shall not be deemed or construed as: (a) a waiver or release of Claimants' rights against any person, entity, or property, or a waiver of the right to compel the Debtor to return property of Claimants currently in the possession of the Debtor; (b) a consent by Claimants to the jurisdiction of this Court or any other court with respect to proceedings, if any, commenced in any case

against or otherwise involving Claimants; (c) a waiver or release of Claimants' rights to trial by jury in this Court or any other court in any proceeding as to any and all matters so triable herein, whether or not the same be designated legal or private rights or in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the United States Constitution; (d) a consent by Claimants to a jury trial in this Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (e) a waiver or release of Claimants' rights to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a United States District Court Judge; (f) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding which may be commenced in this case against or otherwise involving Claimants; or (g) an election of remedies.

    12.  All notices regarding this Proof of Claim should be sent to Citigroup Inc., Joan Guggenheimer, Esq., Co-General Counsel, 399 Park Avenue, New York, New York 10043, and Paul, Weiss, Rifkind, Wharton & Garrison, 1285 Avenue of the Americas, New York, New York 10019-6064, Attention: Douglas R. Davis, Esq.

**EXHIBIT A**

to

**CITIGROUP INC. PROOF OF CLAIM**

<u>Claimants</u>

Citigroup Inc.

Citicorp

Citicorp North America, Inc.

Citibank, N.A.

Salomon Smith Barney, Inc.

Schroder Salomon Smith Barney

Salomon Brothers International Limited

C. Michael Armstrong

Alain J.P. Belda

Kenneth J. Bialkin

C. Scott Bruin

Rick Caplan

Michael A. Carpenter

Peter Charles

Elliott Conway

George David

Kenneth T. Derr

John M. Deutsch

Stanley Fischer

The Honorable Gerald R. Ford

Alfred Harp Helu

Ann Dibble Jordan

Adam Kulick

Robert I. Lipp

Reuben Mark

Michael Terry Masin

Dudley C. Mecum II

Richard D. Parsons

Andrall E. Pearson

Roberto Hernandez Ramirez

John S. Reed

James F. Reilly, Jr.

Robert E. Rubin

Robert B. Shapiro

Franklin A. Thomas

Todd Thomson

Sanford I. Weill

Arthur Zankel

**EXHIBIT B**

to

**CITIGROUP, INC. PROOF OF CLAIM**

Litigation Claims

(1) In re Citigroup Inc S'holders Litig., Consolidated C.A. No. 19827-NC (Del. Ch. filed Aug. 9, 2002). This action concerns two actions which were consolidated under the above caption on September 4, 2002;

(2) Hack, et al. v. Shapiro, et al., No. 02-19887 (Del. Ch. filed Sept. 6, 2002);

(3) Wietschner, et al. v. Shapiro, et al., No. 02-19888 (Del. Ch. filed Sept. 6, 2002);

(4) Hack, et al. v. Shapiro, et al., No. 2002-602827 (N.Y. Sup. Ct. filed Aug. 30, 2002);

(5) Wietschner, et al. v. Shapiro, et al., No. 2002-118473 (N.Y. Sup. Ct. filed Aug. 19, 2002);

(6) South Broadway Capital, et al. v. Weill, et al., No. 02-603479 (N.Y. Sup. Ct. filed Sep. 24, 2002);

(7) Conrad, et al. v. Weill, et al., No. 02-602758 (N.Y. Sup. Ct. filed July 26, 2002);

(8) <u>LJM2 Co-Investment, L.P.</u> v. <u>LJM2 Capital Mgmt., L.P.</u>, No. 1:02cv1498 (D. Del. filed Sept. 30, 2002);

(9) <u>Dresdner Bank AG</u> v. <u>LJM2 Co-Investment, L.P. and P'ship Servs., LLC</u>, No. 19651-NC (Del. Ch. filed May 28, 2002);

(10) <u>Dresdner Bank AG</u> v. <u>LJM2 Co-Investment, L.P.</u>, No. 02-601927 (N.Y. Sup. Ct. filed May 24, 2002);

(11) <u>Albert Fadem Trust, et al.</u> v. <u>Citigroup Inc., et al.</u>, No. 02 Civ. 5779 (S.D.N.Y. filed July 23, 2002);

(12) <u>Colbert Birnet, L.P., et al.</u> v. <u>Citigroup Inc., et al.</u>, No. 02 Civ. 5923 (S.D.N.Y. filed July 25, 2002);

(13) <u>Fischbein, et al.</u> v. <u>Citigroup Inc., et al.</u>, No. 02 Civ. 6147 (S.D.N.Y. filed Aug. 1, 2002);

(14) <u>Irwin, et al.</u> v. <u>Citigroup Inc., et al.</u>, No. 02 Civ. 6159 (S.D.N.Y. filed Aug. 1, 2002);

(15) <u>Sandra Joan Malin Revocable Trust, et al.</u> v. <u>Citigroup Inc., et al.</u>, No. 02 Civ. 6241 (S.D.N.Y. filed Aug. 5, 2002);

(16) <u>Settelen, et al.</u> v. <u>Citigroup Inc., et al.</u>, No. 02 Civ. 6286 (S.D.N.Y. filed Aug. 7, 2002);

(17) <u>Burton, et al.</u> v. <u>Citigroup Inc., et al.</u>, No. 02 Civ. 6296 (S.D.N.Y. filed Aug. 7, 2002);

(18)    Howard, et al. v. Citigroup Inc., et al., No. 02 Civ. 6449 (S.D.N.Y. filed Aug. 14, 2002);

(19)    Bjork, et al. v. Citigroup Inc., et al., No. 02 Civ. 6561 (S.D.N.Y. filed Aug. 16, 2002;

(20)    Balfus, et al. v. Citigroup Inc., et al., No. 02 Civ. 7583 (S.D.N.Y. filed Sep. 19, 2002);

(21)    Johnston, et al. v. Citigroup Inc., et al., No. 02 Civ. 6684 (S.D.N.Y. filed Aug. 21, 2002);

(22)    Johnston, et al. v. Citigroup, et al., No. 02 Civ. 7745 (S.D.N.Y. filed Sept. 26, 2002);

(23)    Clark, et al. v. Citigroup, et al., No. 02 Civ. 7546 (S.D.N.Y. filed Sept. 19, 2002);

(24)    Tanners, et al. v. Citigroup, et al., No. 1:02cv7836 (S.D.N.Y. filed Oct. 1, 2002);

(25)    D'Alliessi, et al. v. Citigroup, et al., No. 1:02cv7867 (S.D.N.Y. filed Oct. 2, 2002);

(26)    Hudson Soft Co., Ltd., et al. v. Credit Suisse First Boston Corp., et al., No. 02 Civ. 5768 (S.D.N.Y. filed July 22, 2002).  On September 25, 2002, the Judicial Panel on Multi-District Litigation issued a conditional transfer order to the United States District Court for the Southern District of Texas;

(27)   UniCredito Italiano SpA, et al. v. JP Morgan Chase Bank, et al., No. 02-5328 (S.D.N.Y. filed Sept. 23, 2002);

(28)   In re NewPower Holdings, Inc. Sec. Litig., No. 02 CV 1550 (CLB) (S.D.N.Y. filed Feb. 27, 2002). This action concerns eight other cases which were consolidated under the above caption on May 14, 2002, and a conditional transfer order to the United States District Court for the Southern District of Texas has been issued by the Judicial Panel on Multi-District Litigation;

(29)   In re Enron Corp. Sec. Litig., C.A. No. H-01-3624 (S.D. Tex. filed Oct. 22, 2001);

(30)   Pulsifer v. Lay, et al., C.A. No. H-02-3010 (S.D. Tex. filed Aug. 9, 2002);

(31)   Silvercreek Mgmt. Inc. v. Salomon Smith Barney Inc., No. 2 Civ. 413 (S.D.N.Y. filed Jan. 16, 2002). On June 24, 2002, the Judicial Panel on Multi-District Litigation transferred this action to the United States District Court for the Southern District of Texas;

(32)   Ader, et al. v. J.P Morgan Chase & Co, et al., No. H-02-3193 (S.D. Tex. filed July 25, 2002);

(33)   Washington State Investors Bd. v. Lay, et al., No. 02-3401 (S.D. Tex. filed Sept. 9, 2002);

(34)   Tittle, et al. v. Enron Corp., et al., No. H 01-CV-3913 (S.D. Tex. filed Oct. 22, 2001);

(35)   American Nat'l Ins. Co., et al. v. Citigroup, Inc., et al., No 02-CV-1063 (Tex. Div. Galv. County Ct., 10th Dist., filed Sept. 11, 2002);

(36)   Variable Annuity Life Ins. Co., et al. v. Credit Suisse First Boston, et al., No. 4:02cv3680 (S.D. Tex. filed Sept. 27, 2002);

(37)   Retirement Sys. of Ala., et al. v. Merrill Lynch & Co., et al., No. CV 2002-738-H (Ala. Cir. Ct. filed July 2, 2002);

(38)   Public Employees Ret. Sys., et al. v. Fastow, et al., No. 2:02cv965 (S.D. Ohio filed Sept. 27, 2002);

(39)   Goode v. Citigroup, Inc., et al., No. 02-C-5268 (N.D. Ill. filed Aug. 5, 2002).  On September 25, 2002, the Judicial Panel on Multi-District Litigation issued a conditional transfer order to the United States District Court for the Southern District of Texas; and

(40)   Town of Rocky Hill, et al. v. Connecticut Res. Recovery Auth., et al., No. _____ (Conn. Super. Ct. not filed).