FORM B10 (Official Form 10) (4/98)

**ORIGINAL**

Citigroup Inc. Guaranty and Indemnity Claims (Enron)

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | | **PROOF OF CLAIM** |
|---|---|---|
| Name of Debtor ENRON CORP. | Case Number 01-16034 | Filed: USBC - Southern District of New York<br>ENRON, Et Al.<br>01-16034 (CA)   0000014503 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of t case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
CITIGROUP INC., on behalf of itself and subsidiaries

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giv particulars.

Name and address where notices should be sent:
Citigroup Inc.
399 Park Avenue
New York, New York 10043
Attention: Joan Guggenheimer, Esq.

With a copy to:
Paul, Weiss, Rifkind, Wharton & Garrison
1285 Avenue of the Americas
New York, N.Y. 10019-6064
Attention: Douglas R. Davis, Esq.
Telephone number: (212) 373-3000

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:

Check here if this claim
☐ Replaces / ☐ amends a previously filed claim, dated:

**1. Basis for Claim**
☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☒ Other (see attached)

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Your SS #:
Unpaid compensation for services performed
From              to

**2. Date debt was incurred:** (see attached)

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $ in an amount no less than $1,054,117.03  .

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate  ☐ Motor Vehicle
☐ Other
Value of Collateral: $

Amount of arrearage and other charges at time case filed included in secured claim, if any:
$

**6. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $4,300),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
☐ Up to $1,950* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child –11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/01 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**7. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**8. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**9. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

Date:
October 15, 2002

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): [signature]
Joan Guggenheimer, Esq., Co-General Counsel

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## ATTACHMENT TO PROOF OF CLAIM
## OF CITGROUP INC.

### (Enron Guaranty and Indemnity Claims)

1.      On December 2, 2001 (the "Petition Date"), Enron Corp. (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

2.      Citigroup Inc. ("Citigroup") files this Proof of Claim on behalf of itself and its subsidiaries, including Citibank, N.A. ("Citibank"), Citicorp, Inc. ("Citicorp"), and Salomon Smith Barney, Inc. ("SSB") (collectively, the "Claimants"). In the ordinary course of their businesses, Clamaints entered into numerous agreements with the Debtor and its affiliates and subsidiaries for securities issuances and other financial accommodations, including but not limited to: equity underwriting agreements, debt underwriting agreements, structured finance underwriting agreements, credit facility agreements, project finance transactions, securitization and synthetic lease arrangements, structured finance transactions, derivatives transactions, and miscellaneous other agreements (collectively, the "Transactions").[1]

3.      In addition, Debtor has also entered into various indemnification agreements with Claimants related to certain structured finance arrangements.

4.      Claimants' claims are for contractual, statutory and common law rights of indemnity, contribution, set-off and liability against the Debtor arising from the

---

[1]  On information and belief, Debtor has knowledge of the agreements underlying the Transactions and copies of the relevant documents. Due to the voluminous nature of the documents supporting Claimants' claims, they have not been attached to this Proof of Claim but are available from Claimants' counsel upon request.

Transactions and the structured finance arrangements (the "Indemnity Claims"). The amount of Claimants' contingent claims cannot be reasonably calculated or estimated at this time, but Claimants do not waive their right to seek payment from the Debtor by not currently stating a specific amount.

5. With respect to the Indemnity Claims, Claimants are entitled to reimbursement by the Debtors for any and all expenses incurred, including attorneys' fees, losses, damages, judgments, fines and amounts already paid or to be paid in settlement or already incurred or to be incurred by Claimants, in connection with any and all threatened, pending, completed and/or future claims, actions, suits or proceedings and any appeal therefrom, whether civil, criminal, administrative or investigative, involving or related to Claimants, or in which Claimants were, are or may be a party, or were, are or may become involved as a witness or third party, by reason of Claimants' participation in the Transactions.

6. At a minimum, as of the date of this Proof of Claim, Debtor is liable to Claimants in connection with the Transactions for an amount no less than $1,054,117.03 as follows:

(a) Pursuant to an understanding of indemnity between Debtor and Claimants for reimbursement of Claimants' legal fees and expenses incurred in connection with that certain $355,000,000 Revolving Credit Agreement Dated as of December 31, 1999 among Enron Funding Corp. as Borrower and the Banks Named therein, in an amount no less than $27,433.03.

(b) Pursuant to certain agreements of indemnity between Debtor and Claimants for reimbursement of Claimants' legal fees and expenses incurred

in connection with various Debtor-related transactions in an amount no less than $1,026,684.00.

    (c) Pursuant to Section 13 of the Remarketing and Registration Rights Agreement dated as of September 24, 1999 (the "Remarketing Agreement") among Debtor and other parties, pursuant to which Debtor agrees to indemnify and hold harmless Claimants against any and all losses, claims, damages, liabilities and judgments, arising from the remarketing activity, including for any legal or other expenses incurred by Claimants in connection with defending or investigating any such claim or action.

    (d) Pursuant to contractual agreements for fees and other compensation related to Claimants' investment in various structured transactions for legal fees in an amount yet to be liquidated.

    7. Other Indemnity Claims arising out of the Agreements may exist or be asserted against Claimants in the future, for which claims Claimants will be entitled to indemnification by Debtor in accordance with the terms of the Transactions or any other applicable law.

    8. In addition, Debtor is liable to Claimants pursuant to various guaranties (the "Guaranties") issued by Debtor in favor of Claimants for unconditional payment of any and all obligations and indebtedness of certain of Debtor's affiliates and subsidiaries then due and owing, or to become due and owing, to Claimants (the "Guaranty Claims").

    9. At a minimum, Debtor is liable to Claimants for Guaranty Claims in an amount no less than $30,000,000.00 pursuant to that certain Guaranty Agreement between Enron Corp., as Guarantor, and Citibank, N.A. dated November 17, 1992 for

any and all payment obligations of Enron North America Corp. ("ENA"), in an aggregate amount of no more than $30,000,000.00, arising under that certain ISDA Master Agreement and Schedule between Citibank, N.A. and Enron North America Corp., dated November 17, 1992.

10. Other Guaranty Claims arising out of the Guaranties may exist, or be asserted against Claimants in the future, for which claims Claimants will be entitled to payment by Debtor in accordance with the terms of the Guaranties or any other applicable law.

11. Claimants reserve the right to assert additional Guaranty and Indemnity Claims arising under agreements (or in connection with transactions) not yet identified. Claimants anticipate incurring additional expenses in connection with the Transactions, and with respect to the Guaranty and Indemnity Claims. As a result, the amount of Claimants' claims against Debtor are contingent and unliquidated as of the date of this Proof of Claim.

12. To the extent that (i) Claimants may be jointly liable with Debtor to an entity or person that does not file a timely proof of claim in this bankruptcy action and (ii) Claimants' claims for indemnification with respect to such liability to such entity or person is disallowed pursuant to Bankruptcy Code section 502(e)(1), then Claimants make this proof of claim pursuant to Bankruptcy Code section 501(b) and Bankruptcy Rule 3005(a) on behalf of all such entities and persons who have claims of the kind described herein.

13. To the extent that Debtor rejects any of the Agreements giving rise to a Guaranty or Indemnity Claim under section 365(a) of the Bankruptcy Code,

Claimants reserve the right to assert claims for damages against Debtor arising from breach of such rejected Agreement(s).

14. To the extent any payment made by Debtor or any of Debtor's subsidiaries or affiliates on account of a claim having the benefit of a Guaranty or Indemnity Claim is rendered invalid, infirm or avoided pursuant to the avoidance provisions of the Bankruptcy Code or any other state or federal law with similar effect, Claimants reserve the right to assert a claim against Debtor for recovery of such invalidated, infirm or avoided amounts.

15. Claimants reserve the right to claim that all or any portion of the losses, claims, damages, liabilities, legal and other expenses incurred by them after the Petition Date are administrative expenses entitled to a first priority under Section 507(a)(1) of the Bankruptcy Code or otherwise.

16. Claimants have filed this Proof of Claim under compulsion of the bar date established in this chapter 11 case and to protect Claimants from forfeiture of their claim against the Debtor by reason of such bar date. Claimants have filed this Proof of Claim only with respect to claims arising out of the transactions and matters described herein. Claimants and/or its affiliates may file additional proofs of claims against the Debtor, and/or one or more other debtors, with respect to claims arising out of other transactions or matters. In addition, Claimants may file proofs of claims against one or more other debtors who have guaranteed, or are otherwise obligated with respect to, the claims covered hereby.

17. Claimants reserve the right to amend and/or supplement this Proof of Claim at any time, including after any bar date, in any manner, including for purposes

of fixing the amount of the claim described above together with interest, fees and expenses due Claimants, and/or to file additional proofs of claim for any additional claim which may be based on the same or additional documents or grounds of liability.

18.  The filing of this Proof of Claim is not and shall not be deemed or construed as: (a) a waiver or release of Claimants' rights against any person, entity, or property, or a waiver of the right to compel the Debtor to return property of Claimants currently in the possession of the Debtor; (b) a consent by Claimants to the jurisdiction of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving Claimants; (c) a waiver or release of Claimants' rights to trial by jury in this Court or any other court in any proceeding as to any and all matters so triable herein, whether or not the same be designated legal or private rights or in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the United States Constitution; (d) a consent by Claimants to a jury trial in this Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (e) a waiver or release of Claimants' rights to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a United States District Court Judge; (f) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding which may be commenced in this case against or otherwise involving Claimants; or (g) an election of remedies.

19.    All notices regarding this Proof of Claim should be sent to Citigroup Inc., Joan Guggenheimer, Esq., Co-General Counsel, 399 Park Avenue, New York, New York 10043, and Paul, Weiss, Rifkind, Wharton & Garrison, 1285 Avenue of the Americas, New York, New York 10019-6064, Attention: Douglas R. Davis, Esq.