December 20, 2000

Enron Corp.
1400 Smith Street
Houston, Texas 77002

Re:     Independent Auctioneer Letter Agreement

Dear Sir or Madam:

Reference is made to the Amended and Restated Limited Liability Company Agreement of Sonoma I, L.L.C., dated as of the date hereof, as adopted, executed and agreed to by Enron North America Corp., Napa I, L.L.C. and Caymus Trust (as such agreement may be amended, modified or supplemented from time to time, the "Sonoma I LLC Agreement"). Capitalized terms not defined herein shall have the meanings set forth in the Sonoma I LLC Agreement.

Subject to the following terms and conditions, Citibank, N.A. ("Citibank") hereby agrees to act as the Independent Auctioneer under the Sonoma I LLC Agreement; provided, that the duties of Citibank as Independent Auctioneer shall be limited solely to (a) soliciting bids for the Trust's Class B Membership Interest in accordance with Section 3.03(b)(A)(i) of the Sonoma I LLC Agreement; (b) opening the sealed binding written offers referred to in Section 3.03(b)(A)(i) of the Sonoma I LLC Agreement and determining the Person that offered the highest price for the Trust's Class B Membership Interest, and (c) promptly giving notice to the Agent (as defined in the Facility Agreement) in the event that the conditions to the sale of the Class B Membership Interest by Auction pursuant to Section 3.03(b) of the Sonoma I LLC Agreement are satisfied, such notice to specify the price bid by the Winning Bidder.

Enron agrees to indemnify Citibank and its Affiliates, and its and their respective directors, officers, employees, agents and controlling persons (Citibank and each such person being an "Indemnified Party") from and against any and all losses, claims, damages, and liabilities, joint or several (collectively, "Claims"), to which such Indemnified Party may become subject under any applicable federal or state law or otherwise, related to or arising out of the execution of this letter agreement or any action taken or not taken by Citibank as Independent Auctioneer. **THE INDEMNITY SET FORTH HEREIN SHALL APPLY WHETHER OR NOT ANY OF THE MATTERS SUBJECT TO SUCH INDEMNITY ARISE FROM THE SOLE OR CONCURRENT NEGLIGENCE OF AN INDEMNIFIED PARTY; PROVIDED, HOWEVER, THAT THIS INDEMNITY SHALL NOT APPLY TO THE EXTENT THAT ANY CLAIMS ARE DETERMINED IN THE FINAL JUDGMENT OF A COURT OF APPROPRIATE JURISDICTION TO HAVE RESULTED FROM CITIBANK'S OR, WITH RESPECT TO**

DAL:272063.6

CONFIDENTIAL TREATMENT REQUESTED
By Dechert on behalf of its client

DP 182210

AN INDEMNIFIED PARTY, AN INDEMNIFIED PARTY'S WILLFUL MISCONDUCT, BAD FAITH OR GROSS NEGLIGENCE. Enron also agrees that no Indemnified Party shall have any liability (whether direct or indirect, in contract or tort or otherwise) to any Enron Entity related to or arising out of the performance by Citibank of the services contemplated by this letter agreement or as a result of any action taken or not taken by Citibank as Independent Auctioneer, except to the extent that any Claims are determined in the final judgment by a court to have resulted from an Indemnified Party's willful misconduct, bad faith or gross negligence. Enron will reimburse each Indemnified Party for all reasonable expenses (including reasonable counsel fees and expenses) as they are incurred in connection with the investigation of, preparation for or defense of any pending or threatened claim or any action or proceeding arising therefrom, whether or not such Indemnified Party is a party to such claim's action or proceeding and whether or not such claim's, action or proceeding is initiated or brought by any Enron Entity.

Except to the extent of any Claims that are determined in the final judgment by a court to have resulted from an Indemnified Party's willful misconduct, bad faith or gross negligence, the sole and exclusive remedy of any Enron Entity for any breach whatsoever by Citibank of this letter agreement or for any action taken or not taken by Citibank as Independent Auctioneer shall be to remove Citibank as Independent Auctioneer hereunder and under the Sonoma I LLC Agreement.

"Enron Entity" shall mean Enron Corp., any person or entity which, directly or indirectly, is controlled by, or is under common control with Enron Corp. or is a director or officer of Enron Corp. or any subsidiary of Enron or of any person or entity described above.

If the indemnification of any Indemnified Party provided for in this letter agreement is for any reason held unenforceable, Enron agrees to contribute to the losses, claims, damages and liabilities, as incurred, for which such indemnification is held unenforceable in such proportion as is appropriate to reflect the relative benefits to Enron, on the one hand, and Citibank on the other hand, of the transactions contemplated (whether or not such transactions are consummated) in the Facility Agreement, the Trust Agreement and the Transfer and Auction Agreement (the "Transactions") as well as the relative fault of Enron, on the one hand and Citibank on the other hand. Enron agrees that for the purposes of this paragraph the relative benefits to Enron and Citibank of the making of the Advances (as defined in the Facility Agreement) shall be deemed to be in same proportion that the total proceeds advanced under the Facility Agreement bears to fees paid or to be paid to Citibank in connection with the Transactions.

In the event Citibank or any Indemnified party is requested or required to appear as a witness in any action brought by or on behalf of or against Enron or any affiliate or any participant in a transaction covered hereby in which Citibank or such Indemnified Party is not named as a defendant, Enron agrees to reimburse Citibank for all expenses incurred by it in connection with such Indemnified Party's appearing and preparing to appear as a witness, including, without limitation the reasonable fees and disbursements of its legal counsel.

Promptly after receipt by either Enron or Citibank of notice of any claim or the commencement of any claim or the commencement of any action or proceeding relating to this letter agreement, the party receiving such notice will notify the other party in writing of such claim or of

DAL:272063.6                                       - 2 -

CONFIDENTIAL TREATMENT REQUESTED
By Dechert on behalf of its client

DP 182211

the commencement of such action or proceeding. The failure by Citibank to notify Enron of any claim or action commenced against any Indemnified Party for which indemnification from Enron is sought shall not relieve Enron of its indemnity obligations hereunder unless such failure results in the forfeiture by Enron of rights or defenses or a material adverse change in Enron's rights or defenses.

If the claim is against an Indemnified Party and Enron is obligated to indemnify such party hereunder, Enron will assume the defense of such action or proceeding, will employ counsel reasonably satisfactory to Citibank, and will pay the fees and expenses of such counsel. Notwithstanding the preceding sentence, if Citibank reasonably determines that a conflict of interest exists which makes representation by counsel chosen by Enron not advisable, Citibank will be entitled to employ counsel separate from counsel for Enron and from any other party, such counsel to be reasonably satisfactory to Enron. In such event, the reasonable fees and disbursements of such separate counsel will be paid by Enron. Notwithstanding the foregoing, Enron shall not be liable for the fees and expenses of more than one counsel (in addition to any local counsel) separate from its counsel for all Indemnified Parties in connection with any one action or related actions arising out of the same general allegations or circumstances.

Enron agrees that, without Citibank's prior written consent, which consent will not be unreasonably withheld, it will not settle, compromise or consent to the entry of any judgment in any pending or threatened Claim which Enron is aware affects any Indemnified Person in any material respect and in respect of which indemnification could be sought under the indemnification provisions of this letter agreement (whether or not Citibank or any Indemnified Party, as the case may be, is an actual or potential party to such claim, action or proceeding), unless such settlement, compromise or consent includes an unconditional release of each Indemnified Party from all liability arising out of such claim, action or proceeding.

In no event shall Enron or any of its affiliates have any liability to Citibank or any Indemnified Party hereunder for any lost or prospective profits or any other special, punitive, exemplary, consequential, incidental or indirect losses or damages (in tort, contract or otherwise) unless the relevant Indemnified Party is liable for such damage to a third person and is otherwise entitled to indemnification by Enron hereunder.

This agreement shall not be assigned by either party without the prior written consent of the other party. This agreement is binding upon and shall inure to the benefit of the parties and their permitted successors and assignees.

Failure to enforce any provisions of this agreement shall not constitute a waiver of any of the terms and conditions hereof. No waiver, amendment or other modification of this letter agreement, including assignment to a third party, shall be effective unless in writing and signed by each party to be bound thereby.

Enron understands and agrees that the provisions relating to expenses, indemnification, limitations on the liability of Indemnified Parties, contributions, settlements and choice of law will survive the termination of this letter agreement.

DAL:272063.6                                 - 3 -

CONFIDENTIAL TREATMENT REQUESTED
By Dechert on behalf of its client

DP 182212

Citibank's engagement as Independent Auctioneer hereunder shall terminate on the earlier of (i) the mutual agreement of the parties hereto, (ii) the closing of the sale of the Trust's Class B Membership Interest as contemplated by Section 3.03(b)(A)(ii) of the Sonoma I LLC Agreement, and (iii) December 31, 2001 unless extended by mutual agreement.

THE RIGHTS AND OBLIGATIONS OF EACH OF THE PARTIES UNDER THIS AGREEMENT SHALL, PURSUANT TO NEW YORK GENERAL OBLIGATIONS LAW SECTION 5-1401, BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK.

EACH OF THE PARTIES HEREBY IRREVOCABLY WAIVES TO THE FULLEST EXTENT PERMITTED BY LAW ALL RIGHT TO TRIAL BY JURY IN ANY PROCEEDING ARISING OUT OF OR RELATING DIRECTLY OR INDIRECTLY TO THIS AGREEMENT OR THE TRANSACTIONS CONTEMPLATED HEREBY (WHETHER BASED ON CONTRACT, TORT OR ANY OTHER THEORY). EACH PARTY (A) CERTIFIES THAT NO REPRESENTATIVE, AGENT OR ATTORNEY OF ANY OTHER PARTY HAS REPRESENTED EXPRESSLY OR OTHERWISE, THAT SUCH PARTY WOULD NOT, IN THE EVENT OF LITIGATION, SEEK TO ENFORCE THE FOREGOING WAIVER AND (B) ACKNOWLEDGES THAT IT AND THE OTHER PARTIES HAVE BEEN INDUCED TO ENTER INTO THIS AGREEMENT BY, AMONG OTHER THINGS, THE MUTUAL WAIVERS AND CERTIFICATIONS IN THIS PARAGRAPH.

ANY PROCEEDING WITH RESPECT TO THIS AGREEMENT MAY BE BROUGHT IN THE COURTS OF THE STATE OF NEW YORK IN THE COUNTY OF NEW YORK IN THE COMMERCIAL DIVISION OF THE SUPREME COURT, CIVIL BRANCH OR OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK SITTING IN NEW YORK COUNTY AND, BY EXECUTION AND DELIVERY OF THIS AGREEMENT, EACH OF THE PARTIES HEREBY IRREVOCABLY ACCEPTS FOR ITSELF AND IN RESPECT OF ITS PROPERTY, GENERALLY AND UNCONDITIONALLY, THE NON-EXCLUSIVE JURISDICTION OF THE AFORESAID COURTS.

EACH PARTY HEREBY IRREVOCABLY WAIVES, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ANY OBJECTION WHICH IT MAY NOW OR HEREAFTER HAVE TO THE LAYING OF VENUE OF ANY OF THE AFORESAID PROCEEDINGS ARISING OUT OF OR IN CONNECTION WITH THIS AGREEMENT BROUGHT IN THE COURTS REFERRED TO IN THE PRECEDING PARAGRAPH AND HEREBY FURTHER IRREVOCABLY WAIVES, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, AND AGREES NOT TO PLEAD OR CLAIM IN ANY SUCH COURT THAT ANY SUCH PROCEEDING BROUGHT IN ANY SUCH COURT HAS BEEN BROUGHT IN AN INCONVENIENT FORUM.

CONFIDENTIAL TREATMENT REQUESTED
By Dechert on behalf of its client

DP 182213

This letter agreement may be executed in one or more counterparts each of which when so executed and delivered shall be deemed an original and all such counterparts shall constitute one and the same instrument.

*[Signature Pages Follow]*

DAL:272063.6

- 5 -

CONFIDENTIAL TREATMENT REQUESTED
By Dechert on behalf of its client

DP 182214

Please indicate your agreement with the terms of this letter agreement by executing and returning a copy of this letter agreement in the space provided below.

**CITIBANK N.A.**

By: _____
Name:  STEVEN M. BAILLIE
Title:  ATTORNEY-IN-FACT

Project Bacchus/Independent Auctioneer Letter Agreement - Signature Page

CONFIDENTIAL TREATMENT REQUESTED
By Dechert on behalf of its client

DP 182215

**ACKNOWLEDGED AND AGREED:**

ENRON CORP.

By: _____
Name:  Barry J. Schnapper
Title:  Deputy Treasurer

Project Bacchus/Independent Auctioneer Letter Agreement - Signature Page

CONFIDENTIAL TREATMENT REQUESTED
By Dechert on behalf of its client

DP 182216

CONFIDENTIAL TREATMENT REQUESTED
By Dechert on behalf of its client

DP 182217