UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X
                                :

|  |  |
|---|---|
|  | : Chapter 11 |
| In re: | : Case No. 01-16034 (AJG) |
|  | : |
| ENRON CORP., *et al.*, | : Jointly Administered |
|  | : |
|         Reorganized Debtors. | : |
|  | : |

-------------------------------------------------------------------X
                                :

|  |  |
|---|---|
| ENRON CORP.;  ENRON NORTH AMERICA | : Adversary Proceeding |
| CORP.;  ENRON NATURAL GAS MARKETING | : No. 03-09266 (AJG) |
| CORP.;  ENRON BROADBAND SERVICES, INC.; | : |
| ENRON ENERGY SERVICES, INC.; | : |
| ENRON DEVELOPMENT FUNDING, INC., | : |
|  | : |
|         Plaintiffs, | : |
|  | : |
|         v. | : |
|  | : |
| CITIGROUP, INC., *et al.*, | : |
|  | : |
|         Defendants. | : |
|  | : |

-------------------------------------------------------------------X

**ORDER DENYING MOTION BY THE AD HOC
COMMITTEE OF YOSEMITE/CLN NOTEHOLDERS
FOR AN ORDER PERMITTING ITS INTERVENTION**

     **WHEREAS**, by motion dated January 20, 2004 (the "Motion"), the so-

called "Ad Hoc Committee of Yosemite/CLN Noteholders" moved this Court for entry

of an order, pursuant to Rule 7024 of the Federal Rules of Bankruptcy Procedure, Rule

24 of the Federal Rules of Civil Procedure, and section 1109(b) of title 11, United States

Code, permitting it to intervene in the above-captioned adversary proceeding;  and

**WHEREAS**, Enron Corp. and its affiliated reorganized debtors, plaintiffs in this adversary proceeding (the "Plaintiffs"), opposed the Motion;  and

**WHEREAS**, this Court, from the bench, orally issued certain findings of fact and conclusions of law with respect to the Motion on October 26, 2004 and December 9, 2004 (collectively, the "Ruling"), a copy of the October 26, 2004 transcript (Exhibit A) and a copy of the December 9, 2004 transcript, as corrected and modified by the Court (Exhibit B) are attached hereto.

**NOW, THEREFORE, IT IS ORDERED AND ADJUDGED THAT**:

1.      For the reasons set forth in the Ruling, the Motion is hereby denied in all respects.


DATED:   New York, New York
              December 23 , 2004

                                      *s/ Arthur J. Gonzalez*
                                      ARTHUR J. GONZALEZ
                                      UNITED STATES BANKRUPTCY JUDGE

2

# EXHIBIT A

# Document Excerpted to Reduce Bulk

# EXHIBIT B

1

2

3  UNITED STATES BANKRUPTCY COURT
   SOUTHERN DISTRICT OF NEW YORK
4  -------------------------------x
   In re
5                              Case No.
   ENRON CORP., et al,          01-16034
6                              (03-9266)
                    Debtors.
7  -------------------------------x
   ENRON CORP. and ENRON NORTH
8  AMERICA CORP.,

9              Plaintiffs,    Adv. No.
            -against-        (03-9266)
10
   CITIGROUP INC., et al,
11
               Defendant.
12 -------------------------------x

13               December 9, 2004
                 3:10 p.m.
14
                 United States Custom House
15               One Bowling Green
                 New York, New York   10004
16
            E X C E R P T
17
   3:00 (03-9266) Enron Corp. and Enron
18 North America Corp. v. Citigroup Inc.,
   et al:
19
   DECISION TO BE RENDERED
20 Motion filed by the Ad Hoc Committee of
   Yosemite/CLN Noteholders for an order
21 permitting intervention in adversary
   proceeding.
22
   B E F O R E:
23
      THE HONORABLE ARTHUR J. GONZALEZ
24    United States Bankruptcy Judge

25

```
 1

 2    A P P E A R A N C E S:

 3        TOGUT, SEGAL & SEGAL LLP
          Co-Counsel for Reorganized Debtors
 4            One Penn Plaza
              New York, New York    10119
 5
          BY:   RICHARD K. MILIN, ESQ.
 6
          SQUIRE, SANDERS & DEMPSEY LLP
 7        Attorneys for Creditors' Committee
              312 Walnut Street, Suite 3500
 8            Cincinnati, Ohio    45202

 9        BY:   STEPHEN LERNER, ESQ.
                        (via telephone)
10                -and-
              PATRICK BROOKS, ESQ.
11                      (via telephone)
          JENKENS & GILCHRIST PARKER CHAPIN LLP
12        Attorneys for The Vanguard Funds
              The Chrysler Building
13            405 Lexington Avenue
              New York, New York      10174
14
          BY:   HOLLACE T. COHEN, ESQ.
15
          PAUL WEISS RIFKIND WHARTON & GARRISON
16        Attorneys for Creditor
              1615 L Street, N.W.
17            Washington, D.C.    20003

18        BY:   CLAUDIA TOBLER, ESQ.
                        (via telephone)
19

20

21

22

23

24

25
```

 1                  Proceedings

 2                  JUDGE GONZALEZ:   Please be

 3       seated.

 4                  Before I begin I just want to

 5       note that I will review the transcript of

 6       the decision that I am going to read into

 7       the record before it is disseminated to

 8       the parties.   I may make certain

 9       corrections and modifications thereto.

10                  D E C I S I O N

11                  At the outset, the Court notes

12       that at a prior hearing regarding the

13       motion before it, the Court stated that

14       the Indenture Trustee filed papers in

15       support of intervention by the Movants.

16       Thereafter, the Court reviewed the docket

17       and the transcript of prior hearings

18       regarding the intervention motion and did

19       not find that the Indenture Trustee had

20       taken such position, either written or

21       oral, regarding the two motions to

22       intervene by the CLN Noteholders -- one

23       of which has since been withdrawn.

24                  As to the Movants' request for

25       intervention based upon their CLN

1                     Proceedings

2     noteholdings, the Court has previously

3     ruled that the Movants have failed to

4     establish that, as a "creditor of a

5     creditor" -- the creditor being any of

6     the Trusts -- that they qualified under

7     Rule 24(a)(1) as a party in interest

8     under Section 1109; or that they lack

9     adequate representation under Rule 24

10    (a)(2).  Following that ruling, the Court

11    sought further briefing regarding the

12    impact of the language of Rule 24(b)(2).

13    Specifically, Court directed the parties

14    to brief whether the language of Rule

15    24(b)(2) required that the claim or

16    defense to be asserted must be that of

17    the applicant [and here the applicant has

18    been identified by the Court as the

19    "Movants"].

20                The parties filed their

21    submissions and the Court will now

22    proceed to rule on the 24(b)(2)

23    permissive intervention and 1109

24    intervention based upon Movants' claim

25    that, in addition to their CLN

```
 1                    Proceedings
 2     noteholdings against the Trusts, that
 3     they are direct creditors of Enron.
 4     Under Rule 24(b)(2)
 5               The relevant portion, I will
 6     read, "when an applicant's claim or
 7     defense and the main action have a
 8     question of law or fact in common," and
 9     then it proceeds to say.  "In exercising
10     its discretion (under the section), the
11     court shall consider whether the
12     intervention will unduly delay or
13     prejudice the adjudication of the rights
14     of the original parties."
15               The Movants in the main action
16     brought against the various CLN trusts do
17     not have a question of law or fact in
18     common.  Movants' asserted-claims or
19     defenses are the same as those of the
20     various Trusts and are derivative
21     therefrom.
22               As stated above, the issue the
23     Court directed the parties to focus on
24     was whether, in essence, permissive
25     intervention would be appropriate with
```

```
 1                    Proceedings
 2    respect to a derivative claim or defense.
 3                    As a general matter, it appears
 4    to the Court that the derivative-type
 5    intervention is more appropriately
 6    addressed under 24 (a)(2) Intervention of
 7    Right.  In the standard under that
 8    section has previously discussed by the
 9    Court in a prior ruling.  That standard
10    includes that the applicant has an
11    interest relating to the property or
12    transaction which is the subject of the
13    action and that the interest will be
14    impacted as a practicle matter -- unless
15    its interest is adequately represented.
16                    In spite of Movants' arguments
17    that they are not adequately represented
18    by the Indenture Trustee, the Court found
19    that there is nothing in the record that
20    supports that contention.  Nearly a year
21    ago, and periodically thereafter, this
22    Court has asked the Movants, including
23    the now withdrawn Movants, why -- in
24    spite of the general allegations
25    regarding Citibank's and Enron's role in
```

```
 1                Proceedings
 2    the creation and establishment of the
 3    purpose of the Trusts -- no action has
 4    ever been taken to set aside or otherwise
 5    void the Trust structure to permit the
 6    Noteholders to assert their claims and
 7    defenses directly, in light of the
 8    Movants' contention of a lack of adequate
 9    representation.
10              No explanation has ever been
11    provided.  This Court is not of the view
12    that one must seek to void the Trust,
13    etc., in order to establish an inadequacy
14    of representation, but it is a factor
15    that this Court considers when there is,
16    as stated above, no support for the
17    proposition that the CLN Noteholders,
18    including Movants, are not adequately
19    represented and their interest is not
20    being protected by the Indenture Trustee.
21              Further, Movants assert -- and
22    this Court does not question -- that the
23    Noteholders are secured by Trust claims.
24    Yet, again, as previously raised by the
25    Court, no action has ever been taken to
```

```
 1                Proceedings
 2   foreclose on such collateral and no
 3   explanation has ever been provided.
 4                In sum, when one complains
 5   about the inadequacy of representation
 6   but has a legal mechanism to address the
 7   issue of such representation -- in that a
 8   direct interest could be asserted, yet
 9   the aggrieved party has chosen not to
10   avail itself of that option -- absent an
11   explanation, the broad, unsupported
12   allegation of inadequacy of
13   representation is unavailable.
14                The Court does not question the
15   Movants' legal strategy, whatever it may
16   be, in not seeking to void the Trust or
17   foreclose on the collateral, but when
18   sophisticated, well-represented parties
19   seek not to pursue a certain course of
20   action that would appear to be a remedy
21   for the concerns raised regarding the
22   adequacy of representation, and such
23   parties provide no explanation as to why
24   such action is not taken, the assertions
25   of lack of adequate representation ring
```

```
 1                  Proceedings
 2   hollow.
 3                  Returning to the issue under
 4   24(b)(2), even if a derivative claim or
 5   defense could support permissive
 6   intervention, it would appear, under the
 7   facts of the instant case, that it would
 8   have to be premised upon a concern over
 9   representation.  If such were
10   established, the Court would then
11   exercise its discretion -- as set forth
12   below.
13                  Under Rule 24(b)(2), the Court
14   is directed to consider whether
15   intervention will unduly delay or
16   prejudice the adjudication of the rights
17   of the original parties.
18                  There were two points made by
19   the Movants at the October 26, 2004
20   hearing that warrant comment here.  Each
21   point generally deals with the adequacy
22   of representation issue and specifically
23   premised upon concerns raised by the
24   Movants as to the direction the Trust
25   litigation may now take.  There were two
```

```
 1                    Proceedings
 2    points made by Movants at the October 26,
 3    2004 hearing that warrant comment here.
 4    Each point generally deals with the
 5    adequacy of representation issue and
 6    specifically is premised upon concerns
 7    raised by the Movants as to the direction
 8    the Trust litigation may now take.
 9              The noteholders that control
10    each of the Trusts, including the trust
11    in which the Movants have an interest
12    (the "Yosemite Trust"), were purchasers
13    in the secondary market and this
14    controlling group's attorney is now
15    representing the Indenture Trustee for
16    each of the Trusts, including the
17    Yosemite Trust, in litigation.
18              The first point deals with the
19    allegation that, in the Movants' view,
20    the Trust in which they have an interest
21    has better defenses to the "equitable
22    subordination" claim asserted than do the
23    other Trusts and that somehow the fact
24    that the litigation may be controlled by
25    the secondary market purchasers would
```

1                 Proceedings

2    negatively impact the litigation of that

3    issue.

4            Here, there is no reason to

5    belief that, as a litigation matter, each

6    of the Trusts will <u>not</u> argue their

7    respective positions considering each

8    Trust's particular set of facts.

9    Therefore, the fact that the controlling

10   group of holders may not be original

11   holders seems to be irrelevant regarding

12   the legal arguments that may be raised

13   with respect to each Trust because it is

14   in their economic interest to prevail in

15   each of the Trust litigations.

16           The second point is that the

17   controlling group's different economic

18   interest would impact the settlement

19   negotiation dynamic to be to the

20   detriment of the Movants.

21           Each party, whether original

22   holders or purchasers in a secondary

23   market, may well have different economic

24   considerations regarding an acceptable

25   settlement based upon their own economic

```
 1                  Proceedings
 2     position and litigation posture, etc.   In
 3     any event, the trust governance structure
 4     for each of the Trusts will dictate, if
 5     such, of course, is not voided, the
 6     settlement acceptance process.   It will
 7     be controlled, as referenced above, by
 8     the Trust governance under each of the
 9     indentures.
10                  To permit an adequately
11     represented "creditor of a creditor" to
12     intervene to raise the spector of trust
13     governance in the context of settlement
14     strategies would clearly unduly delay and
15     prejudice the adjudication of the rights
16     of the original parties.
17                  Therefore, even if holders of
18     derivative "claims or defenses" are
19     entitled to intervene under 24(b)(2),
20     this Court finds that the Movants are
21     adequately represented and having
22     considered all of the aforementioned, the
23     Court finds that Movants' intervention
24     would unduly delay and prejudice the
25     rights of  the original parties.
```

1            Proceedings

2            Therefore, intervention under

3    24(b)(2) is denied.

4    With respect to Section 1109 considera-

5    tion, Movants have stated that they have

6    1109 party-in-interest standing by their

7    direct claims against Enron and "Yosemite

8    Notes as economic entities."  As such,

9    they maintain that they are legitimately

10   affected by the outcome of the Adversary

11   Proceeding.

12           Because this Court found that

13   Vanguard's CLN note holdings do not

14   entitle them to intervene, they seek to

15   intervene by an unrelated direct claim so

16   that they can assert what they otherwise

17   are not qualified to assert under Rule

18   24.

19           In other words, Vanguard

20   asserts that it can intervene based upon

21   a direct claim against Enron, unrelated

22   to the Yosemite Trust.  However, these

23   economic interests conflict in that if

24   Enron were to prevail against the Trusts,

25   the economic interest of Movants' direct

1                    Proceedings

2     claims would be enhanced.  This

3     highlights the absurd nature of the

4     position taken by the Movants.  To the

5     extent it argues that their direct claims

6     warrant intervention to assert their

7     Yosemite Noteholders' economic interest.

8                    There is no question that as a

9     creditor of Enron, Movants have a right

10    to be heard under 1109.  However, as

11    stated previously, they do not qualify as

12    a party in interest as a  "creditor of a

13    creditor" under the circumstances

14    presented with respect to the Yosemite

15    noteholdings.

16                    Under their direct claim they

17    still must comply with Rule 24(c).  Here,

18    the pleading that was filed is a notice

19    of motion to dismiss the claims against

20    the Trust -- there is a sufficient

21    "disconnect between the 1109 right to be

22    heard as a creditor of Enron" and a

23    notice of motion to dismiss an action

24    commenced against another creditor of

25    Enron entities [here the Trust] to find

```
1                 Proceedings
2    that the 24(c) rule has not been
3    satisfied by such pleading, even assuming
4    that a motion to dismiss could otherwise
5    qualify under a liberal reading of Rule
6    24(c) pleading requirements.
7              In footnote 5 of Movants'
8    Supplemental Memorandum they state "...
9    that the Vanguard Funds seek only ..." --
10   and the word "only" is underlined -- "to
11   intervene regarding issues related to
12   their recovery as Yosemite Noteholders.
13   Such actions by Vanguard may well be
14   consistent with its economic entity
15   interest, but an intervenor's rights to
16   be heard must bear some relationship to
17   its party-in-interest status which would
18   be established by the 24(c) pleading.
19              Therefore, based upon the
20   foregoing the Movants' motion is denied
21   in all respects, including any
22   intervention under 1109 as to their
23   direct claims, because they have failed
24   to file an appropriate pleading under
25   Rule 24(c) regarding their party-in-
```

```
 1              Proceedings
 2    interest status.
 3              The Debtors are to settle an
 4    order consistent with this Court's
 5    ruling.
 6                    *  *  *  *
 7              As stated previously, the Court
 8    will review the transcript and likely
 9    make certain corrections and
10    modifications before the order is then
11    signed.
12              Thank you.
13              (Time noted:  3:27 p.m.)
14
15
16
17
18
19
20
21
22
23
24
25
```

17

1

2                    C E R T I F I C A T E

3    STATE OF NEW YORK      )
                             : SS:
4    COUNTY OF NEW YORK     )

5              I, DEBORAH HUNTSMAN, a Shorthand

6    Reporter and Notary Public within and for

7    the State of New York, do hereby certify:

8              That the within is a true and

9    accurate transcript of the proceedings

10   taken on the 9th day of December, 2004.

11             I further certify that I am not

12   related by blood or marriage to any of

13   the parties and that I am not interested

14   in the outcome of this matter.

15             IN WITNESS WHEREOF, I have

16   hereunto set my hand this 13th day of

17   December, 2004.

18

19                      _____
                              DEBORAH HUNTSMAN

20

21

22

23

24

25

## 0

**01-16034** - 1:5
**03-9266** - 1:6, 1:9, 1:17

## 1

**10004** - 1:15
**10119** - 2:4
**10174** - 2:13
**1109** - 4:8, 4:23, 13:4, 13:6, 14:10, 14:21, 15:22
**13th** - 17:16
**1615** - 2:16

## 2

**20003** - 2:17
**2004** - 1:13, 9:19, 10:3, 17:10, 17:17
**24** - 4:9, 6:6, 13:18
**24(a)(1** - 4:7
**24(b)(2** - 4:12, 4:15, 4:22, 5:4, 9:4, 9:13, 12:19, 13:3
**24(c** - 14:17, 15:2, 15:6, 15:18, 15:25
**26** - 9:19, 10:2

## 3

**312** - 2:7
**3500** - 2:7
**3:00** - 1:17
**3:10** - 1:13
**3:27** - 16:13

## 4

**405** - 2:13
**45202** - 2:8

## 5

**5** - 15:7

## 9

**9** - 1:13
**9th** - 17:10

## A

**a)(2** - 4:10, 6:6
**absent** - 8:10
**absurd** - 14:3
**acceptable** - 11:24
**acceptance** - 12:6
**accurate** - 17:9
**action** - 5:7, 5:15, 6:13, 7:3, 7:25, 8:20, 8:24, 14:23
**actions** - 15:13
**Ad** - 1:20
**addition** - 4:25
**address** - 8:6
**addressed** - 6:6
**adequacy** - 8:22, 9:21, 10:5
**adequate** - 4:9, 7:8, 8:25
**adequately** - 6:15, 6:17, 7:18, 12:10, 12:21
**adjudication** - 5:13, 9:16, 12:15

**Adv** - 1:9
**Adversary** - 13:10
**adversary** - 1:21
**affected** - 13:10
**aforementioned** - 12:22
**aggrieved** - 8:9
**ago** - 6:21
**al** - 1:5, 1:10, 1:18
**allegation** - 8:12, 10:19
**allegations** - 6:24
**America** - 1:8, 1:18
**appear** - 8:20, 9:6
**applicant** - 4:17, 6:10
**applicant's** - 5:6
**appropriate** - 5:25, 15:24
**appropriately** - 6:5
**argue** - 11:6
**argues** - 14:5
**arguments** - 6:16, 11:12
**Arthur** - 1:23
**aside** - 7:4
**assert** - 7:6, 7:21, 13:16, 13:17, 14:6
**asserted** - 4:16, 5:18, 8:8, 10:22
**asserted-claims** - 5:18
**assertions** - 8:24
**asserts** - 13:20
**assuming** - 15:3
**attorney** - 10:14
**Attorneys** - 2:7, 2:12, 2:16
**avail** - 8:10
**Avenue** - 2:13

## B

**Bankruptcy** - 1:3, 1:24
**based** - 3:25, 4:24, 11:25, 13:20, 15:19
**bear** - 15:16
**begin** - 3:4
**belief** - 11:5
**below** - 9:12
**better** - 10:21
**between** - 14:21
**blood** - 17:12
**Bowling** - 1:15
**brief** - 4:14
**briefing** - 4:11
**broad** - 8:11
**Brooks** - 2:10
**brought** - 5:16
**Building** - 2:12

## C

**case** - 9:7
**Case** - 1:5
**certain** - 3:8, 8:19, 16:9
**certify** - 17:7, 17:11
**Chapin** - 2:11
**chosen** - 8:9
**Chrysler** - 2:12
**Cincinnati** - 2:8
**circumstances** - 14:13
**Citibank's** - 6:25
**Citigroup** - 1:10, 1:18
**claim** - 4:15, 4:24,

5:6, 6:2, 9:4, 10:22, 13:15, 13:21, 14:16
**claims** - 5:18, 7:6, 7:23, 12:18, 13:7, 14:2, 14:5, 14:19, 15:23
**Claudia** - 2:18
**clearly** - 12:14
**Cln** - 3:22, 3:25, 4:25, 5:16, 7:17, 13:13
**Co** - 2:3
**Co-counsel** - 2:3
**Cohen** - 2:14
**collateral** - 8:2, 8:17
**commenced** - 14:24
**comment** - 9:20, 10:3
**Committee** - 1:20, 2:7
**common** - 5:8, 5:18
**complains** - 8:4
**comply** - 14:17
**concern** - 9:8
**concerns** - 8:21, 9:23, 10:6
**conflict** - 13:23
**consider** - 5:11, 9:14
**considera** - 13:4
**considerations** - 11:24
**considered** - 12:22
**considering** - 11:7
**considers** - 7:15
**consistent** - 15:14, 16:4
**contention** - 6:20, 7:8
**context** - 12:13
**control** - 10:9
**controlled** - 10:24, 12:7
**controlling** - 10:14, 11:9, 11:17
**Corp** - 1:5, 1:7, 1:8, 1:17, 1:18
**corrections** - 3:9, 16:9
**counsel** - 2:3
**County** - 17:4
**course** - 8:19, 12:5
**court** - 5:11
**Court** - 1:3, 3:11, 3:13, 3:16, 4:2, 4:10, 4:13, 4:18, 4:21, 5:23, 6:4, 6:9, 6:18, 6:22, 7:11, 7:15, 7:22, 7:25, 8:14, 9:10, 9:13, 12:20, 12:23, 13:12, 16:7
**Court's** - 16:4
**creation** - 7:2
**creditor** - 4:4, 4:5, 12:11, 14:9, 14:12, 14:13, 14:22, 14:24
**Creditor** - 2:16
**creditors** - 5:3
**Creditors'** - 2:7
**Custom** - 1:14

## D

**Dc** - 2:17
**deals** - 9:21, 10:4, 10:18
**Deborah** - 17:5, 17:19
**Debtors** - 1:6, 2:3,

16:3
**December** - 1:13, 17:10, 17:17
**decision** - 3:6
**Decision** - 1:19
**Defendant** - 1:11
**defense** - 4:16, 5:7, 6:2, 9:5
**defenses** - 5:19, 7:7, 10:21, 12:18
**delay** - 5:12, 9:15, 12:14, 12:24
**Dempsey** - 2:6
**denied** - 13:3, 16:10
**derivative** - 5:20, 6:2, 6:4, 9:4, 12:18
**derivative-type** - 6:4
**detriment** - 11:20
**dictate** - 12:4
**different** - 11:17, 11:23
**direct** - 5:3, 8:8, 13:7, 13:15, 13:21, 13:25, 14:5, 14:16, 15:23
**directed** - 4:13, 5:23, 9:14
**direction** - 9:24, 10:7
**directly** - 7:7
**disconnect** - 14:21
**discretion** - 5:10, 9:11
**discussed** - 6:8
**dismiss** - 14:19, 14:23, 15:4
**disseminated** - 3:7
**District** - 1:3
**docket** - 3:16
**dynamic** - 11:19

## E

**economic** - 11:14, 11:17, 11:23, 11:25, 13:8, 13:23, 13:25, 14:7, 15:14
**either** - 3:20
**enhanced** - 14:2
**Enron** - 1:5, 1:7, 1:17, 5:3, 13:7, 13:21, 13:24, 14:9, 14:22, 14:25
**Enron's** - 6:25
**entities** - 13:8, 14:25
**entitle** - 13:14
**entitled** - 12:19
**entity** - 15:14
**equitable** - 10:21
**Esq** - 2:5, 2:9, 2:10, 2:14, 2:18
**essence** - 5:24
**establish** - 4:4, 7:13
**established** - 9:10, 15:18
**establishment** - 7:2
**et** - 1:5, 1:10, 1:18
**etc** - 7:13, 12:2
**event** - 12:3
**exercise** - 9:11
**exercising** - 5:9
**explanation** - 7:10, 8:3, 8:11, 8:23
**extent** - 14:5

## F

**fact** - 5:8, 5:17, 10:23, 11:9
**factor** - 7:14
**facts** - 9:7, 11:8
**failed** - 4:3, 15:23
**file** - 15:24
**filed** - 1:20, 3:14, 4:20, 14:18
**first** - 10:18
**focus** - 5:23
**Following** - 4:10
**footnote** - 15:7
**foreclose** - 8:2, 8:17
**foregoing** - 15:20
**forth** - 9:11
**Funds** - 2:12, 15:9

## G

**Garrison** - 2:15
**general** - 6:3, 6:24
**generally** - 9:21, 10:4
**Gilchrist** - 2:11
**Gonzalez** - 1:23, 3:2
**governance** - 12:3, 12:8, 12:13
**Green** - 1:15
**group** - 11:10
**group's** - 10:14, 11:17

## H

**hand** - 17:16
**heard** - 14:10, 14:22, 15:16
**hearing** - 3:12, 9:20, 10:3
**hearings** - 3:17
**hereby** - 17:7
**hereunto** - 17:16
**highlights** - 14:3
**Hoc** - 1:20
**holders** - 11:10, 11:11, 11:22, 12:17
**holdings** - 13:13
**Hollace** - 2:14
**hollow** - 9:2
**Honorable** - 1:23
**House** - 1:11
**Huntsman** - 17:5, 17:19

## I

**identified** - 4:18
**impact** - 4:12, 11:2, 11:18
**impacted** - 6:14
**inadequacy** - 7:13, 8:5, 8:12
**Inc** - 1:10, 1:18
**includes** - 6:10
**including** - 6:22, 7:18, 10:10, 10:16, 15:21
**Indenture** - 3:14, 3:19, 6:18, 7:20, 10:15
**indentures** - 12:9
**instant** - 9:7
**interest** - 4:7, 6:11, 6:13, 6:15, 7:19, 8:8, 10:11, 10:20, 11:14, 11:18, 13:6, 13:25, 14:7, 14:12, 15:15, 15:17, 16:2
**interested** - 17:13

**interests** - 13:23
**intervene** - 3:22, 12:12, 12:19, 13:14, 13:15, 13:20, 15:11
**intervenor's** - 15:15
**intervention** - 1:21, 3:15, 3:18, 3:25, 4:23, 4:24, 5:12, 5:25, 6:5, 9:6, 9:15, 12:23, 13:2, 14:6, 15:22
**Intervention** - 6:6
**irrelevant** - 11:11
**issue** - 5:22, 8:7, 9:3, 9:22, 10:5, 11:3
**issues** - 15:11
**itself** - 8:10

**J**

**Jenkens**- 2:11
**Judge**- 1:24, 3:2

**L**

**lack** - 4:8, 7:8, 8:25
**language** - 4:12, 4:14
**law** - 5:8, 5:17
**legal** - 8:6, 8:15, 11:12
**legitimately** - 13:9
**Lerner**- 2:9
**Lexington**- 2:13
**liberal** - 15:5
**light** - 7:7
**likely** - 16:8
**litigation** - 9:25, 10:8, 10:17, 10:24, 11:2, 11:5, 12:2
**litigations** - 11:15
**Llp**- 2:3, 2:6, 2:11

**M**

**main** - 5:7, 5:15
**maintain** - 13:9
**market** - 10:13, 10:25, 11:23
**marriage** - 17:12
**matter** - 6:3, 6:14, 11:5, 17:14
**mechanism** - 8:6
**Memorandum** - 15:8
**Milin** - 2:5
**modifications** - 3:9, 16:10
**motion** - 3:13, 3:18, 14:19, 14:23, 15:4, 15:20
**Motion** - 1:20
**motions** - 3:21
**Movants** - 3:15, 4:3, 4:19, 5:15, 6:22, 6:23, 7:18, 7:21, 9:19, 9:24, 10:2, 10:7, 10:11, 11:20, 12:20, 13:5, 14:4, 14:9
**Movants'** - 3:24, 4:24, 5:18, 6:16, 7:8, 8:15, 10:19, 12:23, 13:25, 15:7, 15:20
**must** - 4:16, 7:12, 14:17, 15:16

**N**

**nature** - 14:3
**Nearly** - 6:20

**negatively** - 11:2
**negotiation** - 11:16
**New** - 1:3, 1:15, 2:4, 2:13, 17:3, 17:4, 17:7
**North** - 1:7, 1:18
**Notary** - 17:6
**note** - 3:5, 13:13
**noted** - 16:13
**noteholders** - 10:9
**Noteholders** - 1:20, 3:22, 7:6, 7:17, 7:23, 15:12
**Noteholders'** - 14:7
**noteholdings** - 4:2, 5:2, 14:15
**Notes** - 13:8
**notes** - 3:11
**nothing** - 6:19
**notice** - 14:18, 14:23
**Nw**- 2:16

**O**

**October** - 9:19, 10:2
**Ohio** - 2:8
**One** - 1:15, 2:4
**one** - 3:22, 7:12, 8:4
**option** - 8:10
**oral** - 3:21
**order** - 1:20, 7:13, 16:4, 16:10
**original** - 5:14, 9:17, 11:10, 11:21, 12:16, 12:25
**otherwise** - 7:4, 13:16, 15:4
**outcome** - 13:10, 17:14
**outset** - 3:11
**own** - 11:25

**P**

**papers** - 3:14
**Parker** - 2:11
**particular** - 11:8
**parties** - 3:8, 4:13, 4:20, 5:14, 5:23, 8:18, 8:23, 9:17, 12:16, 12:25, 17:13
**party** - 4:7, 8:9, 11:21, 13:6, 14:12, 15:17, 15:25
**party-in** - 15:25
**party-in-interest** - 13:6, 15:17
**Patrick** - 2:10
**Paul** - 2:15
**Penn** - 2:4
**periodically** - 6:21
**permissive** - 4:23, 5:24, 9:5
**permit** - 7:5, 12:10
**permitting** - 1:21
**Plaintiffs** - 1:9
**Plaza** - 2:4
**pleading** - 14:18, 15:3, 15:6, 15:18, 15:24
**Pm** - 1:13, 16:13
**point** - 9:21, 10:4, 10:18, 11:16
**points** - 9:18, 10:2
**portion** - 9:3
**position** - 3:20, 12:2, 14:4
**positions** - 11:7
**posture** - 12:2

**practicle** - 6:14
**prejudice** - 5:13, 9:16, 12:15, 12:24
**premised** - 9:8, 9:23, 10:6
**presented** - 14:14
**prevail** - 11:14, 13:24
**previously** - 4:2, 6:8, 7:24, 14:11, 16:7
**proceed** - 4:22
**Proceeding** - 13:11
**proceeding** - 1:21
**proceedings** - 17:9
**proceeds** - 5:9
**process** - 12:6
**property** - 6:11
**proposition** - 7:17
**protected** - 7:20
**provide** - 8:23
**provided** - 7:11, 8:3
**Public** - 17:6
**purchasers** - 10:12, 10:25, 11:22
**purpose** - 7:3
**pursue** - 8:19

**Q**

**qualified** - 4:6, 13:17
**qualify** - 14:11, 15:5

**R**

**raise** - 12:12
**raised** - 7:24, 8:21, 9:23, 10:7, 11:12
**re** - 1:4
**read** - 3:6, 5:6
**reading** - 15:5
**reason** - 11:4
**record** - 3:7, 6:19
**recovery** - 15:12
**referenced** - 12:7
**regarding** - 3:12, 3:18, 3:21, 4:11, 6:25, 8:21, 11:11, 11:24, 15:11, 15:25
**related** - 15:11, 17:12
**relating** - 6:11
**relationship** - 15:16
**relevant** - 5:5
**remedy** - 8:20
**Rendered**- 1:19
**Reorganized**- 2:3
**Reporter**- 17:6
**representation** - 4:9, 7:9, 7:14, 8:5, 8:7, 8:13, 8:22, 8:25, 9:9, 9:22, 10:5
**represented** - 6:15, 6:17, 7:19, 8:18, 12:11, 12:21
**representing** - 10:15
**request** - 3:24
**required** - 4:15
**requirements** - 15:6
**respect** - 6:2, 11:13, 13:4, 14:14
**respective** - 11:7
**respects** - 15:21
**Returning**- 9:3
**review** - 3:5, 16:8
**reviewed** - 3:16
**Richard**- 2:5
**Rifkind**- 2:15

**rights** - 5:13, 9:16, 12:15, 12:25, 15:15
**ring** - 8:25
**role** - 6:25
**rule** - 4:22, 15:2
**Rule**- 4:7, 4:9, 4:12, 4:14, 5:4, 9:13, 13:17, 14:17, 15:5, 15:25
**ruled** - 4:3
**ruling** - 4:10, 6:9, 16:5

**S**

**Sanders** - 2:6
**satisfied** - 15:3
**seated** - 3:3
**second** - 11:16
**secondary** - 10:13, 10:25, 11:22
**section** - 5:10, 6:8
**Section** - 4:8, 13:4
**secured** - 7:23
**seek** - 7:12, 8:19, 13:14, 15:9
**seeking** - 8:16
**Segal** - 2:3
**set** - 7:4, 9:11, 11:8, 17:16
**settle** - 16:3
**settlement** - 11:18, 11:25, 12:6, 12:13
**shall** - 5:11
**Shorthand** - 17:5
**signed** - 16:11
**sophisticated** - 8:18
**sought** - 4:11
**Southern** - 1:3
**Specifically** - 4:13
**specifically** - 9:22, 10:6
**spector** - 12:12
**spite** - 6:16, 6:24
**Squire** - 2:6
**Ss**- 17:3
**standard** - 6:7, 6:9
**standing** - 13:6
**state** - 15:8
**State** - 17:3, 17:7
**States** - 1:3, 1:14, 1:24
**status** - 15:17, 16:2
**Stephen** - 2:9
**still** - 14:17
**strategies** - 12:14
**strategy** - 8:15
**Street** - 2:7, 2:16
**structure** - 7:5, 12:3
**subject** - 6:12
**submissions** - 4:21
**subordination** - 10:22
**sufficient** - 14:20
**Suite** - 2:7
**sum** - 8:4
**Supplemental** - 15:8
**support** - 3:15, 7:16, 9:5
**supports** - 6:20

**T**

**telephone** - 2:9, 2:11, 2:18
**thereafter** - 6:21
**Thereafter** - 3:16
**Therefore** - 11:9,

12:17, 13:2, 15:19
**therefrom** - 5:21
**thereto** - 3:9
**tion** - 13:3
**Tobler** - 2:18
**Togut**- 2:3
**transaction** - 6:12
**transcript** - 3:5, 3:17, 16:8, 17:9
**true** - 17:8
**trust** - 10:10, 12:3, 12:12
**Trust** - 7:5, 7:12, 7:23, 8:16, 9:24, 10:8, 10:12, 10:17, 10:20, 11:13, 11:15, 12:8, 13:22, 14:20, 14:25
**Trust's** - 11:8
**Trustee** - 3:14, 3:19, 6:18, 7:20, 10:15
**trusts** - 5:16
**Trusts** - 4:6, 5:2, 5:20, 7:3, 10:10, 10:16, 10:23, 11:6, 12:4, 13:24
**two** - 3:21, 9:18, 9:25
**type** - 6:4

**U**

**unavailable** - 8:13
**under** - 4:6, 4:8, 4:9, 5:10, 6:6, 6:7, 9:3, 9:6, 12:8, 12:19, 13:2, 13:17, 14:10, 14:13, 15:5, 15:22, 15:24
**Under** - 5:4, 9:13, 14:16
**underlined** - 15:10
**unduly** - 5:12, 9:15, 12:14, 12:24
**United** - 1:3, 1:14, 1:24
**unless** - 6:14
**unrelated** - 13:15, 13:21
**unsupported** - 8:11

**V**

**Vanguard** - 2:12, 13:19, 15:9, 15:13
**Vanguard's** - 13:13
**various** - 5:16, 5:20
**via** - 2:9, 2:11, 2:18
**view** - 7:11, 10:19
**void** - 7:5, 7:12, 8:16
**voided** - 12:5

**W**

**Walnut** - 2:7
**warrant** - 9:20, 10:3, 14:6
**Washington** - 2:17
**Weiss** - 2:15
**well-represented** - 8:18
**Wharton** - 2:15
**Whereof** - 17:15
**withdrawn** - 3:23, 6:23
**Witness** - 17:15
**word** - 15:10
**words** - 13:19
**written** - 3:20

## Y

**year** - 6:20
**York** - 1:3, 1:15, 2:4, 2:13, 17:3, 17:4, 17:7
**Yosemite** - 10:12, 10:17, 13:7, 13:22, 14:7, 14:14, 15:12
**Yosemite/cln** - 1:20