# Minutes of Proceedings

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------------- x
Date: October 18, 2007                                                          :
-------------------------------------------------------------------------------------- x
In re                                                                                :
Enron Creditors Recovery Corp., et al.,                                              :
                       Reorganized Debtors.    :    Case No.
                                               :    01-16034 (AJG)
-------------------------------------------------------------------------------------- x
                                                                               :
Enron Creditors Recovery Corp., et al.,                                              :
                                                                               :    Adv. Pro. No.
                           Plaintiffs,    :    03- 92677 (AJG)
            -v -                                              :
                                                                               :
Citigroup Inc., et al.,                                                              :
                          Defendants.    :
-------------------------------------------------------------------------------------- x

Present: <u>Hon. Arthur J. Gonzalez</u>        <u>Jacqueline De Pierola</u>        <u>___ECRO_____</u>
       Bankruptcy Judge                Courtroom Deputy            Court Reporter


Plaintiffs, by counsel

Defendants, by counsel

**Proceeding:**    Minute Order on Plaintiffs' Informal Request for Entry of Protective Order

**Order:**    For the reasons set forth in Exhibit A attached hereto, the Court denies Plaintiff's request for entry of a Protective Order.  Instead, the Court treats such request as one for permission to file a formal motion seeking such relief which request the Court grants.


      FOR THE COURT: Kathleen Farrell, Clerk of the Court

      BY THE COURT:

      <u>**s/Arthur J. Gonzalez**</u>        <u>10/18/2007</u>        <u>Jacqueline De Pierola</u>
      United States Bankruptcy Judge        Date            Courtroom Deputy

**Exhibit A**

Enron seeks entry of a protective order barring Citigroup's ("Citi") use of non-disparagement provisions contained in severance agreements it has with former employees.  Enron argues such order is necessary to assure Citi's former employees that they can be interviewed by and provide testimony to Enron without risk of Citi holding them in breach of such provisions.

Enron has not provided a sufficient basis in the record of the informal conference of October 15, 2007 upon which the Court can grant the requested relief.  Given the numerous depositions taken of Citi's employees and former employees to date and the fact that such depositions were conducted without raising the issues now being presented to the Court amplifies the need for a developed record before the Court could determine the appropriateness of the relief sought.

Therefore, to the extent Enron seeks a protective order based upon the submissions to date and the record of the October 15, 2007 hearing, the request is denied. The Court will, however, treat Enron's request as a request to file a motion for a protective order and grant Enron permission to do so.  Such motion should be accompanied by supporting documentation, including, (i) the identity of the former employees Enron seeks to interview, (ii) the subject matter of the information the former employees will provide at interview, (iii) any severance agreement between Citi and the former employees, and (iv) affidavits setting forth areas of information, referred to in (ii) above, that former employees would provide but for a concern about the severance agreement and any relevant language or provision of the severance agreement underlying such concern.

Citi stated in its October 4, 2007 letter in response to Enron's request that it "does not disagree with the general proposition that non-disparagement clauses in severance agreements should not bar disclosure of facts relating to alleged or potential violations of law." Citi points out that its severance agreements with former employees may contain other provisions such as those imposing ongoing obligations of cooperation and disclosure. Such provisions may, according to Citi, require former employees to inform Citi of and permit Citi's counsel to attend interviews with Enron so as to protect against the disclosure of privileged information.

Although such agreements and these particular provisions are not presently before the Court, the Court is mindful that informal interviews are generally encouraged as discovery vehicles, *Murial Siebert & Co., Inc. v. Intuit Inc.*, 8 N.Y.3d. 506, 511 (2007), and that ex parte interviews of an adversary's former employees are not disfavored. *See Id. at 511, Merrill v. City of New York, 2005 WL 2923520 at *1 (S.D.N.Y. 2005), Chambers v. Capital Cities/ABC*, 159 F.R.D. 441, 442-443 (S.D.N.Y. 1995). As a result, there does not seem to be support for a determination that Citi has a right, as a matter of law, to be present at informal interviews Enron may arrange with Citi's former employees. Nor is the Court convinced that Citi's presence would be necessary to prevent the improper disclosure of privileged or confidential information. There are mechanisms and precautions that can be employed in situations where such concern exists. *Murial Siebert*, 8 N.Y.3d. at 511 (finding that "so long as measures are taken to steer clear of privileged or confidential information, adversary counsel may conduct ex parte interviews of an opposing party's former employee").

As stated above, the Court denies Enron's request to enter the proposed protective order and treats its request instead, as one to file a motion seeking such relief.  In granting Enron the right to file a formal motion, the Court directs that such motion be based on an appropriate record as set forth above.  The Court's determinations are made in response to the requests before the Court and are not a final determination of the substantive issues that may be raised in any formal motion.