1

1
2
3    UNITED STATES BANKRUPTCY COURT
     SOUTHERN DISTRICT OF NEW YORK
4    ----------------------------x
     In re
5                              Case No.
                               01-16034
6    ENRON CORP., et al,       (03-9266)
7                  Debtors.
     ----------------------------x
8              April 27, 2005
               3:03 p.m.
9
               United States Custom House
10             1 Bowling Green
               New York, New York   10004
11
          E X C E R P T
12
13   03:00 01-16034 ENRON CORP., ET AL
     (03-9266) Enron Corp. and Enron North
14   America Corp. v. Citigroup, Inc., et al
15   Motion by Plaintiff for a summary
     judgment subordinating the Yosemite
16   Trusts' claims against Plaintiffs'
     estates.
17
     Opposition by the Bank of New York filed.
18
19   B E F O R E:
20       THE HONORABLE ARTHUR J. GONZALEZ
         United States Bankruptcy Judge
21
22
23
24
25

2

```
 1
 2   A P P E A R A N C E S:
 3      TOGUT, SEGAL & SEGAL LLP
        Co-Counsel for Reorganized Debtors and
 4      Plaintiffs Enron Corp. and ENA
            1 Penn Plaza
 5          New York, New York   10119
 6      BY:  RICHARD L. MILIN, ESQ.
                 -and-
 7          SCOTT E. RATNER, ESQ.
 8
        SUSMAN GODFREY LLP
 9      Special Litigation Counsel for
        Reorganized Debtors
10          1000 Louisiana, Suite 5100
            Houston, Texas   77002
11
        BY:  ERIC J. MAYER, ESQ.
12
13      SQUIRE, SANDERS & DEMPSEY LLP
        Attorneys for Official Committee of
14      Unsecured Creditors
            1201 Pennsylvania Avenue, N.W.
15          P.O. Box 407
            Washington, D.C.   20044
16
        BY:  JAMES P. MURPHY, ESQ.
17               -and-
            STEPHEN LERNER, ESQ.
18
19      MAYER, BROWN, ROWE & MAW LLP
        Attorneys for Canadian Imperial Bank
20      of Commerce
            1675 Broadway
21          New York, New York   10019
22      BY:  ANDREW D. SHAFFER, ESQ.
23
24
25
```

3

```
 1
 2   A P P E A R A N C E S:  (continued)
 3      KASOWITZ, BENSON, TORRES & FRIEDMAN
        LLP
 4      Attorneys for Bank of New York, as
        Indenture Trustee and Collateral
 5      Agent, and Yosemite Trusts, et al
             1633 Broadway
 6           New York, New York   10019
 7      BY:  RICHARD CASHER, ESQ.
             MICHAEL M. FAY, ESQ.
 8                -and-
             KIM CONROY, ESQ.
 9
        SEWARD & KISSEL LLP
10      Attorneys for Bank of New York
             One Battery Park Plaza
11           New York, New York   10004
12      BY:  RONALD L. COHEN, ESQ.
13      PAUL WEISS RIFKIND WHARTON &
        GARRISON LLP
14      Attorneys for Citigroup and Affiliates
             1285 Avenue of the Americas
15           New York, New York   10019-6064
16      BY:  ERICA WEINBERGER, ESQ.
                         (via telephone)
17              -and-
             DOUGLAS DAVIS, ESQ.
18                       (via telephone)
19      McGUIRE WOODS LLP
        Attorneys for Toronto Dominion Bank
20           One James Center
             901 East Cary Street
21           Richmond, Virginia   23219
22      BY:  JOSEPH SHEERIN, ESQ.
                         (via telephone)
23
24
25
```

4

1

2  A P P E A R A N C E S:  (continued)

3     OREGON DEPARTMENT OF JUSTICE

       Attorneys for State of Oregon

4          1162 Court Street, N.E.

           Salem, Oregon    97301

5

       BY:  SUSAN EGNOR, ESQ.

6                     (via telephone)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

5

```
 1              Proceedings
 2              (Whereupon, the following is an
 3  excerpt from the proceedings taken on
 4  4/27/05 in re Enron Corp., et al, Case
 5  No. 01-16034; Enron Corp. and Enron North
 6  America Corp. v. Citigroup, Inc., et al
 7  (03-9266))
 8              JUDGE GONZALEZ:  Please be
 9  seated.
10              Let's proceed with the motion.
11              MR. RATNER:  Your Honor, Scott
12  Ratner of Togut, Segal & Segal on behalf
13  of the Enron entities.
14              If I may very briefly as a
15  housekeeping matter, I just wanted to
16  advise the Court by way of follow-up to
17  the status conference we held last
18  Thursday, I believe, we have just minutes
19  ago submitted to chambers an agreed form
20  of order regarding scheduling and related
21  matters concerning the so-called Metiom
22  issue.
23              We had reserved time today for
24  a status conference, if the parties were
25  unable to reach consensus.  I am pleased
```

6

```
1                    Proceedings
2   to report to the Court the parties were,
3   indeed, able to reach consensus.  That
4   form of agreed order was submitted just
5   moments ago.  It has been filed
6   electronically in each of the nine
7   transferee litigations, as well as the
8   Megacomplaint and also served by
9   facsimile on all of the counsel of
10  record, Your Honor.
11           With that, if we could turn to
12  the subject matter of this afternoon's
13  hearing, which is part one of Enron's
14  summary judgment motion against the
15  Yosemite Trusts.
16           My colleague Richard Milin from
17  Togut, Segal will handle the argument for
18  Enron.  Thank you, Your Honor.
19           JUDGE GONZALEZ:  I have seen
20  the proposed order.  It will probably be
21  entered when I get off the bench
22           MR. MILIN:  Thank you, Your
23  Honor.  Richard Milin with Togut, Segal
24  for Plaintiffs Enron and affiliates of
25  the Reorganized Debtors.
```

```
 1                    Proceedings
 2              Your Honor, we are here today
 3    to address the first of three issues
 4    raised by Plaintiffs' motion for summary
 5    judgment, equitably subordinating the
 6    Yosemite Trusts' claims against the
 7    Plaintiffs' estates.
 8              As Your Honor is aware, the
 9    Yosemite Trusts had filed a complaint in
10    New York State court, now removed to
11    federal court, suing Citibank for fraud
12    and other wrongs arising out of the
13    Yosemite transactions.  In their
14    complaint the Trusts allege that the
15    Yosemite transactions were, quote, a
16    massive scheme of deception designed and
17    orchestrated by Citibank, NA, and its
18    parent and affiliated entities.  Through
19    this scheme, quote, Citibank raised
20    millions of dollars from the Trusts.
21    Citibank used these funds to make
22    disguised loans to Enron Corp. and its
23    affiliates in order to reduce its own
24    Enron credit risk, to prop up Enron, to
25    cover up Enron's failing financial
```

8

1              Proceedings

2    condition, and generate significant fees

3    in the process.  That is from paragraph 1

4    of the complaint.

5              Given the Trusts' admissions in

6    their complaint against Citibank and the

7    fact that the Trusts are post-petition

8    transferees of Citibank's claims against

9    Enron, Plaintiffs seek a summary judgment

10   equitably subordinating the Trusts'

11   claims based on a simple three-step

12   argument.

13             First, the Trusts' allegations

14   against Citibank are admissible in

15   evidence against them as admissions of a

16   party opponent.  Absent evidence to the

17   contrary, and the Trusts point to

18   nothing, those admissions are binding and

19   mandate a summary judgment in Plaintiffs'

20   favor.

21             The second step in our argument

22   is that the Trusts allege such egregious

23   misconduct by Citibank, that if the

24   allegations are taken as true, Citibank's

25   Enron claims must be subordinated as a

9

1                      Proceedings

2    matter of law.  The Trusts not only

3    allege that Citibank benefited itself

4    hugely at the expense of Enron's other

5    creditors, but also that Citibank's

6    conduct, quote, involved a high degree of

7    moral turpitude and demonstrated such

8    wanton dishonesty as to imply a criminal

9    indifference to civil obligations.  That

10   is from paragraph 169.

11          The third step in our argument,

12   to be briefed before the second step, in

13   light of today's coordinated briefing

14   order, is that because Citibank's Enron

15   claims would be subject to equitable

16   subordination in Citibank's hands, they

17   must also be subject to subordination in

18   the Trusts' hands, because the Trusts are

19   post-petition transferees of Citibank.

20          In accord with the logic of

21   Metiom, a party cannot be permitted to

22   launder its claims just by transferring

23   them and an assignee can receive no more

24   than an assignor possessed.

25   Consequently, the Plaintiffs maintain

1                    Proceedings

2      that we are entitled to a summary

3      judgment equitably subordinating the

4      Trusts' claims.

5                    Today's argument, with that

6      background and in accordance with the

7      Court's direction, will address only the

8      first of those three steps, whether the

9      Trusts' allegations against Citibank are

10     admissible against the Trusts and can

11     support a summary judgment against them.

12                   Your Honor, the Trusts'

13     allegations in the Trusts' complaint can

14     and should support a summary judgment

15     against them, because there is no

16     disagreement between the parties

17     concerning the material facts.  Both

18     Plaintiffs and the Trusts assert that

19     Citibank engaged in egregious misconduct

20     sufficient to require equitable

21     subordination of Citibank's claims as a

22     matter of law.  Indeed, even faced with

23     the Plaintiffs' motion and the facts

24     asserted in Plaintiffs' Rule 7056-1

25     statement, the Trusts do not deny the

11

| | |
|---|---|
| 1 | Proceedings |
| 2 | truth of a single fact that Plaintiffs |
| 3 | assert or on which Plaintiffs' motion |
| 4 | relies.  Those facts are binding on the |
| 5 | Trusts, not because of judicial |
| 6 | admissions, but because the Trusts do not |
| 7 | dispute their truth.  There are, thus, |
| 8 | two grounds for holding that the |
| 9 | allegations in the Trusts' complaint can |
| 10 | support a summary judgment here. |
| 11 | First, local Bankruptcy Rule |
| 12 | 7056-1 provides that if a party fails to, |
| 13 | quote, specifically controvert any facts |
| 14 | stated in the opposing party's statement |
| 15 | of undisputed fact, that fact, quote, |
| 16 | shall be deemed admitted for purposes of |
| 17 | the motion. |
| 18 | The Trusts do not specifically |
| 19 | controvert any facts in Plaintiffs' |
| 20 | statement of undisputed facts.  Instead, |
| 21 | they just say they believe those |
| 22 | allegations should not bind them. |
| 23 | Second, for the reasons I will |
| 24 | now discuss, the Trusts' complaint itself |
| 25 | supports summary judgment.  The |

12

|  |  |
|---|---|
| 1 | Proceedings |
| 2 | allegations in the Trusts' complaint are |
| 3 | admissible in evidence, because they are |
| 4 | unquestionably admissions by a party |
| 5 | opponent under Federal Rule of Evidence |
| 6 | 801(b)(2).  We have cited the Zitz and |
| 7 | Rosenberg cases for that, and the text of |
| 8 | the rule also makes it clear. |
| 9 | Also the Trusts' submissions |
| 10 | are admissions on file for purposes of |
| 11 | Rule 56, and therefore can be considered |
| 12 | on summary judgment.  We have cited the |
| 13 | EEOC v. Virginia Carolina for that |
| 14 | proposition.  Moore's states that |
| 15 | representations to the Court are |
| 16 | admissions on file for purposes of Rule |
| 17 | 56.  The Stratton and the Enquip cases |
| 18 | also provide further support. |
| 19 | Further, there are at least |
| 20 | cases that grant summary judgment, based |
| 21 | on allegations in unverified, |
| 22 | unadjudicated pleadings from another |
| 23 | case.  Raphelson, a First Circuit case |
| 24 | from 1986, and EEOC v. Virginia CEC, |
| 25 | which I mentioned earlier.  We ask the |

13

1                  Proceedings
2    Court to do the same thing here that was
3    done in Raphelson and in EEOC.
4              Now, the Trusts argue that the
5    decisions in Raphelson and EEOC are
6    contrary to, quote, black letter law, and
7    that summary judgment should be denied
8    here based on four technical evidentiary
9    arguments, which I will now briefly
10   address.
11             First, the Trusts argue that,
12   quote, an unverified complaint is not
13   competent summary judgment evidence.
14   That is from page 7 of their memorandum,
15   but the Trusts misstate the law.  The
16   cases they cite hold only that a party
17   can't rely on its own unverified
18   pleadings in supporting or imposing
19   summary judgment.  Here, Plaintiffs rely
20   only on the opposing party's pleadings,
21   and those pleadings in contrast are
22   admissions under Rule of Evidence
23   801(b)(2).  Besides, Raphelson and EEOC
24   do just what the Trusts say the courts
25   can't do as a matter of black letter law.

14

| | |
|---|---|
| 1 | Proceedings |
| 2 | They grant summary judgment based on |
| 3 | unverified, unadjudicated rules in other |
| 4 | actions. |
| 5 | Second, the Trusts argue that |
| 6 | that is a, quote, longstanding rule that, |
| 7 | quote, allegations in a complaint that is |
| 8 | yet to be adjudicated, cannot support a |
| 9 | summary judgment.  That is from their |
| 10 | memorandum at page 20.  But the Trusts |
| 11 | cite no support at all for that |
| 12 | proposition, and Raphelson and EEOC are |
| 13 | to the contrary. |
| 14 | Third, the Trusts argue that |
| 15 | their complaint cannot support summary |
| 16 | judgment, because they have a right to |
| 17 | plead inconsistently or alternatively. |
| 18 | But the Trusts do not actually plead |
| 19 | inconsistently or alternatively.  They do |
| 20 | not identify a single fact in the Trusts' |
| 21 | complaint that they think should not |
| 22 | bind, because it is cited differently |
| 23 | here.  Also the Trusts' complaint is pled |
| 24 | emphatically and unequivocally with no |
| 25 | hesitation, not alternatively, or on |

1                    Proceedings

2     information and belief.

3                    In essence, the Trusts are

4     asking the Court to ignore the detailed

5     factual pleading in the Trusts'

6     complaint, because here they claim that

7     they just don't know the facts.  Now,

8     that is disingenuous and to give it

9     credence would be unjust.

10                   Also, the Trusts cannot plead

11    in the alternative, because pleadings are

12    governed by Rule 11 and its state court

13    analogs.  A party is prohibited from

14    pleading facts that don't have

15    evidentiary support.  If the Trusts knew

16    of evidence contrary to their Trusts'

17    complaint, they would have mentioned it

18    and should have mentioned it here.

19                   Moreover, we believe that the

20    Trusts' complaint would be admissible

21    even if it had been pled in the

22    alternative.  The Second Circuit hasn't

23    spoken concerning how to deal with the

24    admissibility of inconsistent pleadings.

25                   Plaintiffs respectfully

1                      Proceedings

2     suggest, as the First Circuit did in the

3     Vincent case, that extrinsic pleadings,

4     pleadings from a different proceeding,

5     are admissible under Rule 801(b)(2),

6     unless admitting them would be more

7     prejudicial than probative under Rule of

8     Evidence 403.  Here, admitting the

9     complaint would not be prejudicial,

10    because the Trusts do not assert that it

11    is in any way incorrect; and, in any

12    event, because the Trusts did not plead

13    in the alternate, the Court need not

14    address that issue on this motion.

15                The fourth and final argument

16    that the Trusts rely on is a series of

17    evidentiary arguments.  They say that

18    their complaint is inadmissible because

19    it contains hearsay and because it is not

20    based on personal knowledge, because it

21    makes assertions about third-party state

22    of mind, and states conclusions.  They

23    don't identify any particular

24    allegations, I think, that actually meet

25    those descriptions, but in any event,

17

1                   Proceedings

2    Rule of Evidence 801 speaks point blank

3    that admissions by a party opponent are,

4    quote, not hearsay.

5             Also treatises, Second Circuit

6    case law, and even the Official Advisory

7    Committee notes and unanimously state

8    that admissions can be used in evidence,

9    even if they are not based on personal

10   knowledge.  Similarly, treatises and case

11   law, which are cited in our motion

12   papers, say that omissions cannot be

13   excluded from evidence merely because

14   they state conclusions or because they

15   concern a third party's state of mind.

16             All of the Trusts' evidentiary

17   arguments, therefore, like their other

18   arguments, are without merit.  For these

19   reasons, Your Honor, the allegations in

20   the Trusts' complaint are admissible in

21   evidence, they are binding because they

22   are uncontradicted, and they are

23   sufficient to support summary judgment.

24   Plaintiffs' motion for summary judgment

25   should be granted.

18

1              Proceedings

2         Thank you, Your Honor.

3         JUDGE GONZALEZ:  Thank you.

4         MR. FAY:  Your Honor, Michael

5   Fay for the Trusts.  Your Honor, I would

6   like to start with the notion that it is

7   absolutely assumed throughout all of the

8   Debtors' papers that these are

9   admissions.  It is the burden of the

10  Debtors to show that these allegations in

11  the complaint are admissions.  They

12  haven't met that burden, because they

13  have virtually ignored Rule 8(e)(2),

14  which allows inconsistent, alternative,

15  or hypothetical pleadings.  Their only

16  argument as to Rule 8(e)(2) is that they

17  don't see alternative language or some

18  kind of magic language.  They haven't

19  cited any language to this Court or any

20  case law that suggests that there have to

21  be magic words.  We haven't even

22  responded yet to the fourth amended

23  complaint here, so they don't know what

24  we are going to say as to their claim

25  under count 73(a) as equitable

19

|  |  |
|---|---|
| 1 | Proceedings |
| 2 | subordination.  We may say if in the |
| 3 | state court action, which is now in |
| 4 | Houston, Citigroup is deemed not to have |
| 5 | engaged in inequitable conduct and not to |
| 6 | have committed fraud, then we allege that |
| 7 | the Debtors owe us here.  That is |
| 8 | absolutely at the core of what Rule |
| 9 | 8(e)(2) allows. |
| 10 | The Breeden case that we cited |
| 11 | to you, in that case Judge Gerling from |
| 12 | the Northern District, says, "No.  A |
| 13 | Trustee in a bankruptcy can have two |
| 14 | separate adversary proceedings with |
| 15 | inconsistent theories until there is a |
| 16 | judgment." |
| 17 | The only response that the |
| 18 | Debtors have to the Breeden case is this |
| 19 | sophistry that somehow or another they |
| 20 | are arguing evidentiary admissions, and |
| 21 | the Breeden case and Judge Marrero in the |
| 22 | Banks case, they are talking about |
| 23 | judicial admissions.  That in this |
| 24 | context is a distinction without any real |
| 25 | meaning.  The only reason the Debtors |

1                    Proceedings

2      filed this motion for summary judgment --

3      and they told you that, Your Honor, I was

4      here and I heard them say -- was because

5      they know that given the fact that the

6      Trusts have two alternative theories, we

7      couldn't deny, we couldn't put on

8      evidence to say these allegations are

9      false.  That is why 8(e)(2) exists.

10                    Every authority they cite, when

11     they discuss 8(e)(2) and why it was

12     adopted, it was to prevent parties who

13     had alternative theories from being put

14     in the bind, whether you call it an

15     evidentiary admission or a judicial

16     admission, it has the same effect.  Just

17     like Judge Marrero said in the Banks

18     case, an allegation about the state of

19     mind or some legal conclusion as to a

20     third party should not become established

21     fact in a case.  That is what these

22     Debtors want.  They want what we said

23     about Citigroup to become established

24     fact in this case, and this distinction

25     they try to draw between evidentiary

21

1                    Proceedings

2     admissions and judicial admissions

3     doesn't exist.  Wright & Miller, which

4     they cite at section 7026, says:  Since

5     the purpose of alternative pleadings is

6     to enable a party to meet the

7     uncertainties of proof, policy

8     considerations demand that alternative

9     pleadings cannot be admitted either as an

10    admission of a party opponent or for

11    purposes of impeachment.  You can't do

12    it.

13             If they are allowed to proceed

14    with this motion for summary judgment,

15    Rule 8(e)(2) is eviscerated.  Again, the

16    only response they have as to 8(e)(2) as

17    well, we don't see the word "alternative"

18    or the word "hypothetical."  When we

19    filed the state court complaint, we

20    didn't even know about count 73(a), which

21    was filed in January of this year, and we

22    haven't responded to it yet.

23             JUDGE GONZALEZ:  When are you

24    supposed to respond to it?

25             MR. FAY:  July 1st, Your Honor.

22

```
 1                    Proceedings
 2   At the very least, this is really
 3   premature.  They are moving for summary
 4   judgment on an account we haven't even
 5   responded to.  They don't know what we
 6   are going to say.  Again, there is no
 7   case law that says you have to have magic
 8   words, but if there are some magic words,
 9   we haven't done it yet.
10              We cite in support of our
11   position and they cite in support of
12   their position this case Enquip.  It is a
13   good case.  It has a good discussion of
14   some of the issues here.  What happens in
15   Enquip?  Somebody moves for summary
16   judgment, the exact same situation.  This
17   party in responding to a counterclaim
18   says that certain specifications on some
19   equipment weren't met, but it goes into
20   state court and files a separate action
21   and it says that the specifications were
22   met because it is like a cross-claim.
23   Another party comes in and moves for
24   summary judgment, and the Seventh Circuit
25   says:  Statements in a complaint in a
```

```
 1              Proceedings
 2   pleading can be admissions."  But wait a
 3   minute.  That is not the end of the
 4   story.  That is the end of the story for
 5   the Debtors.  If they are in the
 6   complaint, they are admissions.  But that
 7   is not the end of the analysis.  What
 8   they said in Enquip was:  "Look, the
 9   non-movant on the summary judgment motion
10   showed you that this is a hotly contested
11   issue.  He showed you evidence that this
12   is alternate pleadings."  In that
13   situation, you can't willy-nilly call
14   these things admissions.  We have done
15   the same thing.  This is clearly
16   alternative pleadings.
17              The very same allegations that
18   are made against Citigroup in the state
19   court complaint have been made against
20   JP Morgan with respect to similar prepaid
21   transactions.  There was a trial in
22   England last year and JP Morgan won.
23              My client certainly believes in
24   their allegations against Citigroup, but
25   there is no guarantee that those
```

24

```
 1                    Proceedings
 2    allegations are going to result in a
 3    finding of fraud or inequitable conduct.
 4    That is why we have this alternative
 5    pleading standard.  Because if Citibank,
 6    even under their theory, accepting their
 7    theory, if Citibank didn't engage in any
 8    inequitable conduct, if it didn't engage
 9    in fraud --
10              JUDGE GONZALEZ:  If Citibank
11    didn't or did?
12              MR. FAY:  Didn't.  If there is
13    no inequitable conduct here.  In England
14    the Judge said, "These transactions are
15    fine."  We all disagreed, but that was
16    the finding.  We just can't assume that
17    these are right, and that is what Judge
18    Marrero in the Banks case is saying and
19    in the Borecki case from New Jersey.
20    What those judges are saying, and again
21    the only response the Debtors had to
22    those cases was that was judicial
23    admissions, but here it all has the same
24    effect.  Calling it an evidentiary
25    admission doesn't change the effect,
```

25

1              Proceedings

2    which is that we lose one of our

3    alternative causes of action.  What Judge

4    Marrero said and what the Judge in the

5    Borecki case said is when you are saying

6    something about somebody, that shouldn't

7    become an established fact.  When you are

8    just alleging that this is the way it is,

9    that shouldn't become an established

10   fact.  That is what is going to happen

11   here.  If they win this motion just

12   because we said in good faith, relying on

13   public documents, with the Examiner's

14   report and things like that, just because

15   we said that Citigroup engaged in fraud

16   or inequitable conduct, that establishes

17   that fact for all time.  This notion

18   that, well, we could have come in and we

19   could have contradicted it, again, that

20   is just sophistry in this context.  They

21   cite cases where that could very well be

22   a fair policy.  They cite cases where it

23   looks like maybe there was some

24   alternative pleading, but then one of the

25   counts is resolved.  So the light was

26

1                    Proceedings

2    green, the light was red.  The light was

3    green.  Now, in the lawsuit where the

4    light was red, you have got to explain

5    that allegation.  Then it comes in as an

6    evidentiary admission.  Then you can

7    show, "Okay, yes.  At point we thought it

8    might have been green, but now we are

9    absolutely convinced it was red."  In

10   that situation the policy considerations

11   of 8(e)(2) don't apply.

12           But we are just beginning these

13   two lawsuits, and to take our allegations

14   and to say from this point forward that

15   that dispositively renders judgment on

16   our claim here, our claim in this

17   bankruptcy court, Rule 8(e)(2) is gone.

18   It just doesn't exist anymore.

19           This argument based on the

20   First Circuit decision that somehow or

21   another you can actually view these

22   allegations through Rule 403 as to their

23   probative versus their prejudicial

24   effect.  What we are dealing with in the

25   Vincent case is allegations from a prior

1               Proceedings

2   case.  This is not an alternative

3   pleading situation.  It is not this

4   situation.  Vincent does not address the

5   situation we have here, two very immature

6   claims where we have a defense as to one

7   claim and we have a claim in another

8   action and no alternatives and they fit

9   perfectly within 8(e)(2).

10              JUDGE GONZALEZ:  Spend a few

11  minutes to explain the alternatives to

12  me.  What is the primary position?

13              MR. FAY:  The primary position

14  is that if Citigroup is not liable to us,

15  then the Debtors are off.

16              JUDGE GONZALEZ:  Say that

17  again?

18              MR. FAY:  If Citigroup is not

19  liable to us under the state court

20  complaint, if it is found that, no, they

21  didn't commit any fraud, so the monies

22  that are owed to Trusts, Citigroup

23  doesn't have to pay us.  Then we have a

24  claim here in the bankruptcy court.  If

25  we collect against Citigroup and are made

28

1                    Proceedings

2    whole, obviously our claim here in the

3    bankruptcy court wouldn't matter.

4              Under the terms of these

5    documents, "You, the Debtors, you owe us.

6    But we think we got into this situation

7    because of fraud over here.  So if there

8    is fraud over here, so be it, but, if

9    not, you owe us."  That is classic

10   alternative pleading.  That happens all

11   the time, particularly in cross-claims.

12             One of the case we cited,

13   "There is conspiracy, but if there was,

14   you were a participant in it."

15   Cross-claims.  "I don't owe you any

16   money, I didn't do anything wrong.  But

17   if I did, you have to pay me."  It is

18   classic alternative pleading.

19             As for Rule 11, the concept

20   that we can't plead in the alternative

21   because of Rule 11, that is simply

22   incorrect.  People plead in the

23   alternative constantly.  Rule 11 requires

24   that we have a reasonable basis, a good

25   faith basis for what we are doing.  We

29

1                       Proceedings

2    have read the Examiner's report.  We have

3    seen the transcripts from the Permanent

4    Subcommittee on Investigations about

5    these prepaid transactions.  That can

6    support a claim, like we brought in the

7    state court action.  That is not

8    violating Rule 11, but we also know --

9    and, once again, as evidenced by this

10   case last year in England -- that may not

11   be a successful claim.  We think it will

12   be and we believe in it, but it may not.

13           So to say that that alternative

14   pleading violates Rule 11, I don't see

15   it.  There is a firm basis in both parts

16   of our position.

17           To conclude, Your Honor, the

18   cases that the Debtors cite in support of

19   their positions simply do not involve

20   alternative pleading.  The EEOC case that

21   they rely upon, in that case the

22   plaintiff brings a claim for

23   discrimination.  Her employer immediately

24   runs out and sues her for defamation.

25   The defamation action is used as evidence

30

```
 1                    Proceedings
 2   of retaliation.  It has got nothing to do
 3   with alternative pleading.
 4             In the Raphelson case, an
 5   insurance company not only in the
 6   complaint, but in letters, admits that it
 7   has adjusted the claim and admits that it
 8   owes the money, and then tries to say,
 9   "No.  Actually we think we now have some
10   defenses."  These are not alternative
11   pleadings cases.  They are not Rule
12   8(e)(2) cases.
13             We respectfully submit, Your
14   Honor, when you look at those cases and
15   you look at all the authorities on Rule
16   8(e)(2), these are not admissions.  They
17   can't be admissions, or you eviscerate
18   that rule.
19             Thank you, Your Honor.
20             JUDGE GONZALEZ:  Thank you.
21             MR. MURPHY:  Good afternoon,
22   Your Honor.  My name is Jim Murphy.  I
23   represent the Unsecured Creditors'
24   Committee, which, as Your Honor knows is
25   the Joint Task Force that has been
```

```
 1                    Proceedings
 2   coordinating with the Debtors.
 3             I rise this afternoon, Your
 4   Honor, to speak in support of the motion
 5   for summary judgment and to support the
 6   arguments that the Debtors have made.
 7             Your Honor, you can look at a
 8   complaint in New York and there is no
 9   alternative pleading there whatsoever.
10   The reality here, Your Honor, is that the
11   Trusts have had at two different
12   opportunities a choice to make, and they
13   have made a calculated choice at both
14   junctures.  They have done so, because
15   they perceived it is in their interests
16   to do that.
17             The first choice they made was
18   when they filed the New York complaint.
19   That complaint is an effort to have one
20   hundred percent of their losses be paid
21   by Citigroup.  In making that claim, they
22   asserted forthwith without equivocation
23   the wrongs that they think Citigroup had
24   done.  As Mr. Milin quoted from just the
25   first paragraph of that complaint, what
```

32

1                    Proceedings
2    was alleged was direct and devastating.
3                    The Trusts face a second
4    choice, Your Honor.  They fact it as they
5    must in responding to this motion for
6    summary judgment.  They had the
7    opportunity then to come in and refute
8    and deny the admissions that they made
9    and the allegations that they made in the
10   New York complaint.  They deliberately
11   chose not to do that.  Your Honor, they
12   did that and their strategy is plain.
13   They want to get one hundred percent
14   dollars from Citi.
15                   So the motion facing Your
16   Honor, and, Your Honor, we respectfully
17   suggest has to take the pleadings as they
18   are today.  The pleading as they are
19   today are unequivocal, and they are
20   admissions made by the Trusts against
21   their interests for all of the reasons
22   Mr. Milin said.
23                   Your Honor, there is one other
24   thing.  It is one thing to talk about an
25   alternative pleading, and that is to say

33

1                        Proceedings

2    Mr. Fay said a few times alternative

3    theories of recovery.  It is quite

4    another to say they engaged in

5    alternative fact statements.  That is,

6    saying something is true in one place and

7    then denying it in another.  They have

8    not engaged in alternative fact pleading,

9    and it is alternative fact pleading that

10   constitutes the basis for the admission.

11              Thank you very much, Your

12   Honor.

13              MR. MILIN:  Thank you, Judge.

14   In light of Jim's comments, I have very,

15   very little to add.

16              I would like to point out that

17   the Trusts have answered the complaint

18   twice already, maybe more, but certainly

19   twice.  It is not like we are waiting for

20   a first response.

21              Secondly, for all the talk of

22   this being a classic alternative

23   pleading, it is not.  In fact, there is

24   no alternative pleading like this.  They

25   don't cite one.  We haven't seen one.

34

1               Proceedings

2               JUDGE GONZALEZ:  What do you

3       think they should have done?  That is

4       what I am a little puzzled about.  You

5       have an entity that received claims.

6       They are not very happy about having

7       received those claims, and they feel that

8       the entity that transferred them somehow

9       deceived them.  They said, "You deceived

10      us when we entered into this, and

11      therefore you should only just give us

12      what the claims would bring, but you

13      should make us whole."  But there is the

14      possibility that they will not be able to

15      establish that they were deceived, and

16      they end up with the claims.

17              Now, how would you envision

18      they could protect themselves by being

19      able to at least collect the claims and,

20      by the same token, preserve their right

21      to seek full satisfaction, if they are

22      able to establish that there is something

23      inappropriate about getting them involved

24      in this transaction or however the phrase

25      would be articulated in their complaint

1               Proceedings

2    against Citigroup?

3               MR. MILIN:  Your Honor, I

4    really think that the Trusts could have

5    done something rather simple, which is to

6    tell this Court, "Here are the facts we

7    are not sure about.  Here are the facts

8    we are not sure about.  We should be

9    allowed to take discovery with respect to

10   those facts, and summary judgment

11   shouldn't be entered until we have had

12   that discovery."  That is not what the

13   Trusts did.  I believe it is not what the

14   Trusts did, not merely for strategic

15   reasons, but because the Trusts were

16   involved in these transactions from the

17   beginning.  They know the facts.  They

18   are not just guessing.  They pled what

19   they believed to be true.

20               They easily could have

21   submitted an affidavit under Rule 56 or

22   somehow brought to this Court's attention

23   what it was that they thought was a

24   factual issue here.  Your Honor, there

25   are many things in that complaint that we

36

1                    Proceedings

2  all know they wouldn't disagree with.  It

3  can't all be ignored as an alternative

4  pleading.  The question is:  what do they

5  disagree with?  What do they think?

6              JUDGE GONZALEZ:  What happens

7  if they just state they don't disagree

8  with anything, but they recognize there

9  is a risk that the Court may not agree

10 with them.  How do they protect against

11 that risk?

12             MR. MILIN:  I believe that the

13 way they would do that is point to the

14 facts that would determine the decision

15 in one way or the other.  If the facts

16 are certain here, I don't think that

17 there is any risk in the alternative of

18 their being denied a remedy.

19             Furthermore, I believe that if

20 they were to recover against us, that

21 recovery would be deducted from the

22 recovery against Citibank.

23             JUDGE GONZALEZ:  I think the

24 risk is the opposite.  That they don't

25 recover against Citibank, but nonetheless

37

1                    Proceedings

2    the admissions support a finding of

3    equitable subordination on the claim and

4    then they take the claim, and if the

5    Court were to find that they are tainted

6    by the admissions regarding Citigroup's

7    conduct?

8              MR. MILIN:  I am sorry?  The

9    risk?

10             JUDGE GONZALEZ:  The risk is,

11   if Citibank prevails.  However, prior to

12   that, they are found to have admitted for

13   purposes of this summary judgment motion

14   that Citibank's conduct was inappropriate

15   and that equitable subordination based on

16   that conduct is warranted, and the Trusts

17   as having received the claims, received

18   them with the same taint that they had in

19   the hands of Citibank under that theory.

20   Then it turns out that Citibank, as I

21   mentioned, ultimately prevails.  What I

22   am a little bit puzzled about is how

23   would someone protect themselves from

24   that?

25             MR. MILIN:  Your Honor, I

| | |
|---|---|
| 1 | Proceedings |
| 2 | believe that that is not an issue for |
| 3 | today and that it does have solutions. |
| 4 | The Debtors are currently formulating |
| 5 | their view, but certainly the ruling on |
| 6 | the evidentiary issue would not require a |
| 7 | risk of inconsistent decisions.  As to |
| 8 | the rest, as I said, both in terms of the |
| 9 | long relevant facts, I believe could have |
| 10 | protected themselves. |
| 11 | MR. FAY:  Very quickly, Your |
| 12 | Honor, as to the first gentleman who |
| 13 | spoke, counsel for the Creditors' |
| 14 | Committee, it expressly states that the |
| 15 | kind of choice that counsel said we made, |
| 16 | we don't have to make.  The present |
| 17 | practice under Rule 8(e)(2) permits |
| 18 | parties to seek inconsistent remedies. |
| 19 | We don't have to at this juncture make |
| 20 | that choice.  That is what the rule does. |
| 21 | You used to have to make that choice. |
| 22 | You used to under common law practice, it |
| 23 | was considered dishonest to have |
| 24 | alternative pleadings.  But the drafters |
| 25 | of the federal rules said, "No.  We are |

39

1                      Proceedings

2     not going to follow that rule anymore."

3     So we don't have to elect at this point.

4            The second point is the facts

5     that we are unsure about.  We have stated

6     in our papers, what they rely on, nobody

7     denies that Citibank entered into these

8     various prepaid transactions with Enron.

9     That is not in dispute.  The question is:

10    what was Citibank's state of mind?

11    Fraud, intent to deceive, these are

12    things that all of the facts we have

13    looked at, you can reach the reasonable

14    conclusion that that is what was going

15    on.  But as you point out, Your Honor, a

16    jury or a judge might not agree.

17           So how do we protect ourselves?

18    It is impossible to protect yourself, if

19    we throw away Rule 8(e)(2).  Counsel

20    couldn't come up with any.  Essentially

21    what counsel was saying is, "We should

22    put on evidence showing that maybe

23    Citibank didn't have an intent to

24    deceive.  Maybe Citibank did engage in

25    fraud."  Just take Rule 8(e)(2) and throw

40

1                    Proceedings

2   it away, because it must mean nothing, if

3   we have to make that kind of showing.  It

4   is exactly why this rule was adopted, so

5   that we do not have to face

6   inconsistencies or alleged

7   inconsistencies and alternative pleading.

8   That is what has happened here.

9            Thank you, Your Honor.

10           JUDGE GONZALEZ:  Is there

11  anything further?

12           MR. MILIN:  No, Your Honor.

13           JUDGE GONZALEZ:  All right.

14  Thank you.  I will take it under

15  advisement.

16           Mr. Ratner, you should probably

17  address this --

18           MR. RATNER:  Your Honor, I

19  think that Mr. Murphy had one point.

20           JUDGE GONZALEZ:  I think we

21  have to get this straightened out with

22  the Committee.  You and the Debtors need

23  to coordinate your positions before you

24  come here.  This doesn't make any sense

25  to me.  If you are going to put on an

41

1                    Proceedings

2    affirmative case in support of the

3    motion, then you follow the Debtors, if

4    you address the Court at all.  But it

5    doesn't make sense for the Debtors to put

6    on a case and for the Trusts to respond,

7    and for the Committee to get up, and for

8    the Debtors to get up, and for the Trusts

9    to respond.  It is illogical to me.

10              Make your statement and I will

11   give the Trusts an opportunity to respond

12   to it.

13              MR. MURPHY:  Your Honor, the

14   issue here -- and I understand your

15   admonition -- the issue here does go

16   beyond whether the Trusts were deceived

17   by Citibank.  The Trusts' complaint says

18   that Citibank deceived all of Enron's

19   creditors and harmed Enron's creditors as

20   a whole.  That is the reason why we are

21   here and the Debtors are here on the

22   motion for summary judgment with respect

23   to equitable subordination.

24              This is not a situation, Your

25   Honor, where the Trusts in responding to

42

1                        Proceedings

2     a complaint or even in making a single

3     complaint themselves, plead alternative

4     theories based on what they say in their

5     pleading.  This is a case where the

6     Trusts voluntarily on their own

7     initiative went after Citibank and made

8     the admissions that they did.

9              We think, Your Honor, under the

10    Federal Rules of Evidence they are bound.

11    Thank you, Your Honor.

12             JUDGE GONZALEZ:  The Trusts?

13             MR. FAY:  Your Honor, just one

14    thought.  Rule 8(e)(2) doesn't require

15    that alternative pleadings be in one case

16    and the case law doesn't either, and it

17    is obvious why.  There are going to be

18    situations where you can't do everything,

19    but it does raise a notion.  What if on

20    July 1st when we respond and we file a

21    cross-claim against Citibank, and just

22    take the state court action and stick it

23    in a cross-claim?  I assume it would be

24    severed and sent to Houston, and we would

25    be in absolutely the same situation.

43

1                    Proceedings

2                Thank you, Your Honor.

3                JUDGE GONZALEZ:  I am going

4    back to the question I was going to ask

5    before.  Mr. Ratner, I haven't looked at

6    the order that you presented, but what is

7    the next date in that order, or is it

8    triggered by a decision on this motion?

9                MR. RATNER:  No, Your Honor.

10   The next date pursuant to that scheduling

11   order is May 20th.  It is not triggered

12   by the Court's ruling on this particular

13   issue, because the issue has been joined,

14   so to speak, on Metiom by reason of the

15   two motions to dismiss that have been

16   filed by Springfield and Oaktree in

17   related but different adversary

18   proceedings.

19               JUDGE GONZALEZ:  All right.

20   Thank you.

21               (Time noted:  3:47 p.m.)

22

23

24

25

44

1

2                     C E R T I F I C A T E

3

4   STATE OF NEW YORK      )

5                             : SS:

6   COUNTY OF NEW YORK      )

7

8           I, DEBORAH HUNTSMAN, a Shorthand

9   Reporter and Notary Public within and for

10  the State of New York, do hereby certify:

11          That the within is a true and

12  accurate transcript of the proceedings

13  taken on the 27th day of April, 2005.

14          I further certify that I am not

15  related by blood or marriage to any of

16  the parties and that I am not interested

17  in the outcome of this matter.

18          IN WITNESS WHEREOF, I have

19  hereunto set my hand this 28th day of

20  April, 2005.

21

22                      DEBORAH HUNTSMAN

23

24

25

**A**

**able** 6:3 34:14,19,22
**Absent** 8:16
**absolutely** 18:7 19:8
  26:9 42:25
**accepting** 24:6
**accord** 9:20
**account** 22:4
**accurate** 44:12
**action** 19:3 22:20
  25:3 27:8 29:7,25
  42:22
**actions** 14:4
**add** 33:15
**address** 7:3 10:7
  13:10 16:14 27:4
  40:17 41:4
**adjudicated** 14:8
**adjusted** 30:7
**admissibility** 15:24
**admissible** 8:14
  10:10 12:3 15:20
  16:5 17:20
**admission** 20:15,16
  21:10 24:25 26:6
  33:10
**admissions** 8:5,15
  8:18 11:6 12:4,10
  12:16 13:22 17:3,8
  18:9,11 19:20,23
  21:2,2 23:2,6,14
  24:23 30:16,17
  32:8,20 37:2,6
  42:8
**admits** 30:6,7
**admitted** 11:16 21:9
  37:12
**admitting** 16:6,8
**admonition** 41:15
**adopted** 20:12 40:4
**adversary** 19:14
  43:17
**advise** 5:16
**advisement** 40:15
**Advisory** 17:6

**affidavit** 35:21
**affiliated** 7:18
**affiliates** 3:14 6:24
  7:23
**affirmative** 41:2
**afternoon** 30:21
  31:3
**afternoon's** 6:12
**Agent** 3:5
**ago** 5:19 6:5
**agree** 36:9 39:16
**agreed** 5:19 6:4
**al** 1:6,13,14 3:5 5:4
  5:6
**allegation** 20:18
  26:5
**allegations** 8:13,24
  10:9,13 11:9,22
  12:2,21 14:7 16:24
  17:19 18:10 20:8
  23:17,24 24:2
  26:13,22,25 32:9
**allege** 7:14 8:22 9:3
  19:6
**alleged** 32:2 40:6
**alleging** 25:8
**allowed** 21:13 35:9
**allows** 18:14 19:9
**alternate** 16:13
  23:12
**alternative** 15:11,22
  18:14,17 20:6,13
  21:5,8,17 23:16
  24:4 25:3,24 27:2
  28:10,18,20,23
  29:13,20 30:3,10
  31:9 32:25 33:2,5
  33:8,9,22,24 36:3
  36:17 38:24 40:7
  42:3,15
**alternatively** 14:17
  14:19,25
**alternatives** 27:8,11
**amended** 18:22
**America** 1:14 5:6
**Americas** 3:14

**analogs** 15:13
**analysis** 23:7
**ANDREW** 2:22
**answered** 33:17
**anymore** 26:18 39:2
**apply** 26:11
**April** 1:8 44:13,20
**argue** 13:4,11 14:5
  14:14
**arguing** 19:20
**argument** 6:17 8:12
  8:21 9:11 10:5
  16:15 18:16 26:19
**arguments** 13:9
  16:17 17:17,18
  31:6
**arising** 7:12
**ARTHUR** 1:20
**articulated** 34:25
**asking** 15:4
**assert** 10:18 11:3
  16:10
**asserted** 10:24 31:22
**assertions** 16:21
**assignee** 9:23
**assignor** 9:24
**assume** 24:16 42:23
**assumed** 18:7
**attention** 35:22
**Attorneys** 2:13,19
  3:4,10,14,19 4:3
**authorities** 30:15
**authority** 20:10
**Avenue** 2:14 3:14
**aware** 7:8

**B**

**B** 1:19
**back** 43:4
**background** 10:6
**Bank** 1:17 2:19 3:4
  3:10,19
**bankruptcy** 1:3,20
  11:11 19:13 26:17
  27:24 28:3
**Banks** 19:22 20:17

24:18
**based** 8:11 12:20
  13:8 14:2 16:20
  17:9 26:19 37:15
  42:4
**basis** 28:24,25 29:15
  33:10
**Battery** 3:10
**beginning** 26:12
  35:17
**behalf** 5:12
**belief** 15:2
**believe** 5:18 11:21
  15:19 29:12 35:13
  36:12,19 38:2,9
**believed** 35:19
**believes** 23:23
**bench** 6:21
**benefited** 9:3
**BENSON** 3:3
**beyond** 41:16
**bind** 11:22 14:22
  20:14
**binding** 8:18 11:4
  17:21
**bit** 37:22
**black** 13:6,25
**blank** 17:2
**blood** 44:15
**Borecki** 24:19 25:5
**bound** 42:10
**Bowling** 1:10
**Box** 2:15
**Breeden** 19:10,18,21
**briefed** 9:12
**briefing** 9:13
**briefly** 5:14 13:9
**bring** 34:12
**brings** 29:22
**Broadway** 2:20 3:5
**brought** 29:6 35:22
**BROWN** 2:19
**burden** 18:9,12

**C**

**C** 1:11 2:2 3:2 4:2

2

44:2,2
**calculated** 31:13
**call** 20:14 23:13
**Calling** 24:24
**Canadian** 2:19
**Carolina** 12:13
**Cary** 3:20
**case** 1:5 5:4 12:23
  12:23 16:3 17:6,10
  18:20 19:10,11,18
  19:21,22 20:18,21
  20:24 22:7,12,13
  24:18,19 25:5
  26:25 27:2 28:12
  29:10,20,21 30:4
  41:2,6 42:5,15,16
**cases** 12:7,17,20
  13:16 24:22 25:21
  25:22 29:18 30:11
  30:12,14
**CASHER** 3:7
**causes** 25:3
**CEC** 12:24
**Center** 3:20
**certain** 22:18 36:16
**certainly** 23:23
  33:18 38:5
**certify** 44:10,14
**chambers** 5:19
**change** 24:25
**choice** 31:12,13,17
  32:4 38:15,20,21
**chose** 32:11
**Circuit** 12:23 15:22
  16:2 17:5 22:24
  26:20
**cite** 13:16 14:11
  20:10 21:4 22:10
  22:11 25:21,22
  29:18 33:25
**cited** 12:6,12 14:22
  17:11 18:19 19:10
  28:12
**Citi** 32:14
**Citibank** 7:11,17,19
  7:21 8:6,14,23 9:3

9:19 10:9,19 24:5
  24:7,10 36:22,25
  37:11,19,20 39:7
  39:23,24 41:17,18
  42:7,21
**Citibank's** 8:8,24
  9:5,14,16 10:21
  37:14 39:10
**Citigroup** 1:14 3:14
  5:6 19:4 20:23
  23:18,24 25:15
  27:14,18,22,25
  31:21,23 35:2
**Citigroup's** 37:6
**civil** 9:9
**claim** 15:6 18:24
  26:16,16 27:7,7,24
  28:2 29:6,11,22
  30:7 31:21 37:3,4
**claims** 1:16 7:6 8:8
  8:11,25 9:15,22
  10:4,21 27:6 34:5
  34:7,12,16,19
  37:17
**classic** 28:9,18 33:22
**clear** 12:8
**clearly** 23:15
**client** 23:23
**COHEN** 3:12
**Collateral** 3:4
**colleague** 6:16
**collect** 27:25 34:19
**come** 25:18 32:7
  39:20 40:24
**comes** 22:23 26:5
**comments** 33:14
**Commerce** 2:20
**commit** 27:21
**committed** 19:6
**Committee** 2:13
  17:7 30:24 38:14
  40:22 41:7
**common** 38:22
**company** 30:5
**competent** 13:13
**complaint** 7:9,14

8:4,6 10:13 11:9
  11:24 12:2 13:12
  14:7,15,21,23 15:6
  15:17,20 16:9,18
  17:20 18:11,23
  21:19 22:25 23:6
  23:19 27:20 30:6
  31:8,18,19,25
  32:10 33:17 34:25
  35:25 41:17 42:2,3
**concept** 28:19
**concern** 17:15
**concerning** 5:21
  10:17 15:23
**conclude** 29:17
**conclusion** 20:19
  39:14
**conclusions** 16:22
  17:14
**condition** 8:2
**conduct** 9:6 19:5
  24:3,8,13 25:16
  37:7,14,16
**conference** 5:17,24
**CONROY** 3:8
**consensus** 5:25 6:3
**Consequently** 9:25
**considerations** 21:8
  26:10
**considered** 12:11
  38:23
**conspiracy** 28:13
**constantly** 28:23
**constitutes** 33:10
**contains** 16:19
**contested** 23:10
**context** 19:24 25:20
**continued** 3:2 4:2
**contradicted** 25:19
**contrary** 8:17 13:6
  14:13 15:16
**contrast** 13:21
**controvert** 11:13,19
**convinced** 26:9
**coordinate** 40:23
**coordinated** 9:13

**coordinating** 31:2
**core** 19:8
**Corp** 1:6,13,13,14
  2:4 5:4,5,6 7:22
**counsel** 2:9 6:9
  38:13,15 39:19,21
**count** 18:25 21:20
**counterclaim** 22:17
**counts** 25:25
**COUNTY** 44:6
**court** 1:3 4:4 5:16
  6:2 7:10,11 12:15
  13:2 15:4,12 16:13
  18:19 19:3 21:19
  22:20 23:19 26:17
  27:19,24 28:3 29:7
  35:6 36:9 37:5
  41:4 42:22
**courts** 13:24
**Court's** 10:7 35:22
  43:12
**cover** 7:25
**Co-Counsel** 2:3
**credence** 15:9
**credit** 7:24
**creditors** 2:14 9:5
  30:23 38:13 41:19
  41:19
**criminal** 9:8
**cross-claim** 22:22
  42:21,23
**cross-claims** 28:11
  28:15
**currently** 38:4
**Custom** 1:9

---

**D**

**D** 2:22
**date** 43:7,10
**DAVIS** 3:17
**day** 44:13,19
**deal** 15:23
**dealing** 26:24
**DEBORAH** 44:8,22
**Debtors** 1:7 2:3,9
  6:25 18:8,10 19:7

19:18,25 20:22
23:5 24:21 27:15
28:5 29:18 31:2,6
38:4 40:22 41:3,5
41:8,21
**deceive** 39:11,24
**deceived** 34:9,9,15
41:16,18
**deception** 7:16
**decision** 26:20 36:14
43:8
**decisions** 13:5 38:7
**deducted** 36:21
**deemed** 11:16 19:4
**defamation** 29:24
29:25
**defense** 27:6
**defenses** 30:10
**degree** 9:6
**deliberately** 32:10
**demand** 21:8
**demonstrated** 9:7
**DEMPSEY** 2:13
**denied** 13:7 36:18
**denies** 39:7
**deny** 10:25 20:7
32:8
**denying** 33:7
**DEPARTMENT**
4:3
**descriptions** 16:25
**designed** 7:16
**detailed** 15:4
**determine** 36:14
**devastating** 32:2
**different** 16:4 31:11
43:17
**differently** 14:22
**direct** 32:2
**direction** 10:7
**disagree** 36:2,5,7
**disagreed** 24:15
**disagreement** 10:16
**discovery** 35:9,12
**discrimination**
29:23

**discuss** 11:24 20:11
**discussion** 22:13
**disguised** 7:22
**dishonest** 38:23
**dishonesty** 9:8
**disingenuous** 15:8
**dismiss** 43:15
**dispositively** 26:15
**dispute** 11:7 39:9
**distinction** 19:24
20:24
**District** 1:3 19:12
**documents** 25:13
28:5
**doing** 28:25
**dollars** 7:20 32:14
**Dominion** 3:19
**DOUGLAS** 3:17
**drafters** 38:24
**draw** 20:25
**D.C** 2:15

**E**

**E** 1:11,11,19,19 2:2
2:2,7 3:2,2 4:2,2
44:2,2
**earlier** 12:25
**easily** 35:20
**East** 3:20
**EEOC** 12:13,24
13:3,5,23 14:12
29:20
**effect** 20:16 24:24
24:25 26:24
**effort** 31:19
**EGNOR** 4:5
**egregious** 8:22
10:19
**either** 21:9 42:16
**elect** 39:3
**electronically** 6:6
**emphatically** 14:24
**employer** 29:23
**ENA** 2:4
**enable** 21:6
**engage** 24:7,8 39:24

**engaged** 10:19 19:5
25:15 33:4,8
**England** 23:22
24:13 29:10
**Enquip** 12:17 22:12
22:15 23:8
**Enron** 1:6,13,13,13
2:4 5:4,5,5,13 6:18
6:24 7:22,24,24
8:9,25 9:14 39:8
**Enron's** 6:13 7:25
9:4 41:18,19
**entered** 6:21 34:10
35:11 39:7
**entities** 5:13 7:18
**entitled** 10:2
**entity** 34:5,8
**envision** 34:17
**equipment** 22:19
**equitable** 9:15 10:20
18:25 37:3,15
41:23
**equitably** 7:5 8:10
10:3
**equivocation** 31:22
**ERIC** 2:11
**ERICA** 3:16
**ESQ** 2:6,7,11,16,17
2:22 3:7,7,8,12,16
3:17,22 4:5
**essence** 15:3
**Essentially** 39:20
**establish** 34:15,22
**established** 20:20,23
25:7,9
**establishes** 25:16
**estates** 1:16 7:7
**et** 1:6,13,14 3:5 5:4
5:6
**event** 16:12,25
**evidence** 8:15,16
12:3,5 13:13,22
15:16 16:8 17:2,8
17:13,21 20:8
23:11 29:25 39:22
42:10

**evidenced** 29:9
**evidentiary** 13:8
15:15 16:17 17:16
19:20 20:15,25
24:24 26:6 38:6
**eviscerate** 30:17
**eviscerated** 21:15
**exact** 22:16
**exactly** 40:4
**Examiner's** 25:13
29:2
**excerpt** 5:3
**excluded** 17:13
**exist** 21:3 26:18
**exists** 20:9
**expense** 9:4
**explain** 26:4 27:11
**expressly** 38:14
**extrinsic** 16:3

**F**

**F** 1:19 44:2
**face** 32:3 40:5
**faced** 10:22
**facing** 32:15
**facsimile** 6:9
**fact** 8:7 11:2,15,15
14:20 20:5,21,24
25:7,10,17 32:4
33:5,8,9,23
**facts** 10:17,23 11:4
11:13,19,20 15:7
15:14 35:6,7,10,17
36:14,15 38:9 39:4
39:12
**factual** 15:5 35:24
**failing** 7:25
**fails** 11:12
**fair** 25:22
**faith** 25:12 28:25
**false** 20:9
**favor** 8:20
**Fay** 3:7 18:4,5 21:25
24:12 27:13,18
33:2 38:11 42:13
**federal** 7:11 12:5

38:25 42:10
**feel** 34:7
**fees** 8:2
**file** 12:10,16 42:20
**filed** 1:17 6:5 7:9
20:2 21:19,21
31:18 43:16
**files** 22:20
**final** 16:15
**financial** 7:25
**find** 37:5
**finding** 24:3,16 37:2
**fine** 24:15
**firm** 29:15
**first** 7:3 8:13 10:8
11:11 12:23 13:11
16:2 26:20 31:17
31:25 33:20 38:12
**fit** 27:8
**follow** 39:2 41:3
**following** 5:2
**follow-up** 5:16
**Force** 30:25
**form** 5:19 6:4
**formulating** 38:4
**forthwith** 31:22
**forward** 26:14
**found** 27:20 37:12
**four** 13:8
**fourth** 16:15 18:22
**fraud** 7:11 19:6 24:3
24:9 25:15 27:21
28:7,8 39:11,25
**FRIEDMAN** 3:3
**full** 34:21
**funds** 7:21
**further** 12:18,19
40:11 44:14
**Furthermore** 36:19

**G**
**GARRISON** 3:13
**generate** 8:2
**gentleman** 38:12
**Gerling** 19:11
**getting** 34:23

**give** 15:8 34:11
41:11
**given** 8:5 20:5
**go** 41:15
**GODFREY** 2:8
**goes** 22:19
**going** 18:24 22:6
24:2 25:10 39:2,14
40:25 42:17 43:3,4
**GONZALEZ** 1:20
5:8 6:19 18:3
21:23 24:10 27:10
27:16 30:20 34:2
36:6,23 37:10
40:10,13,20 42:12
43:3,19
**good** 22:13,13 25:12
28:24 30:21
**governed** 15:12
**grant** 12:20 14:2
**granted** 17:25
**green** 1:10 26:2,3,8
**grounds** 11:8
**guarantee** 23:25
**guessing** 35:18

**H**
**hand** 44:19
**handle** 6:17
**hands** 9:16,18 37:19
**happen** 25:10
**happened** 40:8
**happens** 22:14
28:10 36:6
**happy** 34:6
**harmed** 41:19
**heard** 20:4
**hearing** 6:13
**hearsay** 16:19 17:4
**held** 5:17
**hereunto** 44:19
**hesitation** 14:25
**high** 9:6
**hold** 13:16
**holding** 11:8
**Honor** 5:11 6:10,18

6:23 7:2,8 10:12
17:19 18:2,4,5
20:3 21:25 29:17
30:14,19,22,24
31:4,7,10 32:4,11
32:16,16,23 33:12
35:3,24 37:25
38:12 39:15 40:9
40:12,18 41:13,25
42:9,11,13 43:2,9
**HONORABLE** 1:20
**hotly** 23:10
**House** 1:9
**housekeeping** 5:15
**Houston** 2:10 19:4
42:24
**hugely** 9:4
**hundred** 31:20
32:13
**HUNTSMAN** 44:8
44:22
**hypothetical** 18:15
21:18

**I**
**identify** 14:20 16:23
**ignore** 15:4
**ignored** 18:13 36:3
**illogical** 41:9
**immature** 27:5
**immediately** 29:23
**impeachment** 21:11
**Imperial** 2:19
**imply** 9:8
**imposing** 13:18
**impossible** 39:18
**inadmissible** 16:18
**inappropriate** 34:23
37:14
**inconsistencies** 40:6
40:7
**inconsistent** 15:24
18:14 19:15 38:7
38:18
**inconsistently** 14:17
14:19

**incorrect** 16:11
28:22
**Indenture** 3:4
**indifference** 9:9
**inequitable** 19:5
24:3,8,13 25:16
**information** 15:2
**initiative** 42:7
**insurance** 30:5
**intent** 39:11,23
**interested** 44:16
**interests** 31:15
32:21
**Investigations** 29:4
**involve** 29:19
**involved** 9:6 34:23
35:16
**issue** 5:22 16:14
23:11 35:24 38:2,6
41:14,15 43:13,13
**issues** 7:3 22:14

**J**
**J** 1:20 2:11
**James** 2:16 3:20
**January** 21:21
**Jersey** 24:19
**Jim** 30:22
**Jim's** 33:14
**joined** 43:13
**Joint** 30:25
**JOSEPH** 3:22
**JP** 23:20,22
**judge** 1:20 5:8 6:19
18:3 19:11,21
20:17 21:23 24:10
24:14,17 25:3,4
27:10,16 30:20
33:13 34:2 36:6,23
37:10 39:16 40:10
40:13,20 42:12
43:3,19
**judges** 24:20
**judgment** 1:15 6:14
7:5 8:9,19 10:3,11
10:14 11:10,25

12:12,20 13:7,13
13:19 14:2,9,16
17:23,24 19:16
20:2 21:14 22:4,16
22:24 23:9 26:15
31:5 32:6 35:10
37:13 41:22
**judicial** 11:5 19:23
20:15 21:2 24:22
**July** 21:25 42:20
**juncture** 38:19
**junctures** 31:14
**jury** 39:16
**JUSTICE** 4:3

**K**
**KASOWITZ** 3:3
**KIM** 3:8
**kind** 18:18 38:15
40:3
**KISSEL** 3:9
**knew** 15:15
**know** 15:7 18:23
20:5 21:20 22:5
29:8 35:17 36:2
**knowledge** 16:20
17:10
**knows** 30:24

**L**
**L** 2:6 3:12
**language** 18:17,18
18:19
**launder** 9:22
**law** 9:2 10:22 13:6
13:15,25 17:6,11
18:20 22:7 38:22
42:16
**lawsuit** 26:3
**lawsuits** 26:13
**legal** 20:19
**LERNER** 2:17
**letter** 13:6,25
**letters** 30:6
**Let's** 5:10
**liable** 27:14,19

**light** 9:13 25:25 26:2
26:2,4 33:14
**Litigation** 2:9
**litigations** 6:7
**little** 33:15 34:4
37:22
**LLP** 2:3,8,13,19 3:3
3:9,13,19
**loans** 7:22
**local** 11:11
**logic** 9:20
**long** 38:9
**longstanding** 14:6
**look** 23:8 30:14,15
31:7
**looked** 39:13 43:5
**looks** 25:23
**lose** 25:2
**losses** 31:20
**Louisiana** 2:10

**M**
**M** 3:7
**magic** 18:18,21 22:7
22:8
**maintain** 9:25
**making** 31:21 42:2
**mandate** 8:19
**Marrero** 19:21
20:17 24:18 25:4
**marriage** 44:15
**massive** 7:16
**material** 10:17
**matter** 5:15 6:12 9:2
10:22 13:25 28:3
44:17
**matters** 5:21
**MAW** 2:19
**MAYER** 2:11,19
**McGUIRE** 3:19
**mean** 40:2
**meaning** 19:25
**meet** 16:24 21:6
**Megacomplaint** 6:8
**memorandum** 13:14
14:10

**mentioned** 12:25
15:17,18 37:21
**merely** 17:13 35:14
**merit** 17:18
**met** 18:12 22:19,22
**Metiom** 5:21 9:21
43:14
**Michael** 3:7 18:4
**Milin** 2:6 6:16,22,23
31:24 32:22 33:13
35:3 36:12 37:8,25
40:12
**Miller** 21:3
**millions** 7:20
**mind** 16:22 17:15
20:19 39:10
**minute** 23:3
**minutes** 5:18 27:11
**misconduct** 8:23
10:19
**misstate** 13:15
**moments** 6:5
**money** 28:16 30:8
**monies** 27:21
**Moore's** 12:14
**moral** 9:7
**Morgan** 23:20,22
**motion** 1:15 5:10
6:14 7:4 10:23
11:3,17 16:14
17:11,24 20:2
21:14 23:9 25:11
31:4 32:5,15 37:13
41:3,22 43:8
**motions** 43:15
**moves** 22:15,23
**moving** 22:3
**Murphy** 2:16 30:21
30:22 40:19 41:13

**N**
**N** 2:2 3:2 4:2
**name** 30:22
**need** 16:13 40:22
**New** 1:3,10,10,17
2:5,5,21,21 3:4,6,6

3:10,11,11,15,15
7:10 24:19 31:8,18
32:10 44:4,6,10
**nine** 6:6
**non-movant** 23:9
**North** 1:13 5:5
**Northern** 19:12
**Notary** 44:9
**noted** 43:21
**notes** 17:7
**notion** 18:6 25:17
42:19
**N.E** 4:4
**N.W** 2:14

**O**
**O** 1:19
**Oaktree** 43:16
**obligations** 9:9
**obvious** 42:17
**obviously** 28:2
**Official** 2:13 17:6
**Okay** 26:7
**omissions** 17:12
**once** 29:9
**opponent** 8:16 12:5
17:3 21:10
**opportunities** 31:12
**opportunity** 32:7
41:11
**opposing** 11:14
13:20
**opposite** 36:24
**Opposition** 1:17
**orchestrated** 7:17
**order** 5:20 6:4,20
7:23 9:14 43:6,7
43:11
**Oregon** 4:3,3,4
**outcome** 44:17
**owe** 19:7 28:5,9,15
**owed** 27:22
**owes** 30:8

**P**
**P** 1:11 2:2,2,16 3:2,2

4:2,2
**page** 13:14 14:10
**paid** 31:20
**papers** 17:12 18:8
    39:6
**paragraph** 8:3 9:10
    31:25
**parent** 7:18
**Park** 3:10
**part** 6:13
**participant** 28:14
**particular** 16:23
    43:12
**particularly** 28:11
**parties** 5:24 6:2
    10:16 20:12 38:18
    44:16
**parts** 29:15
**party** 8:16 9:21
    11:12 12:4 13:16
    15:13 17:3 20:20
    21:6,10 22:17,23
**party's** 11:14 13:20
    17:15
**PAUL** 3:13
**pay** 27:23 28:17
**Penn** 2:4
**Pennsylvania** 2:14
**People** 28:22
**perceived** 31:15
**percent** 31:20 32:13
**perfectly** 27:9
**Permanent** 29:3
**permits** 38:17
**permitted** 9:21
**personal** 16:20 17:9
**phrase** 34:24
**place** 33:6
**plain** 32:12
**plaintiff** 1:15 29:22
**Plaintiffs** 1:16 2:4
    6:24 7:4,7 8:9,19
    9:25 10:18,23,24
    11:2,3,19 13:19
    15:25 17:24
**Plaza** 2:4 3:10

**plead** 14:17,18
    15:10 16:12 28:20
    28:22 42:3
**pleading** 15:5,14
    23:2 24:5 25:24
    27:3 28:10,18
    29:14,20 30:3 31:9
    32:18,25 33:8,9,23
    33:24 36:4 40:7
    42:5
**pleadings** 12:22
    13:18,20,21 15:11
    15:24 16:3,4 18:15
    21:5,9 23:12,16
    30:11 32:17 38:24
    42:15
**Please** 5:8
**pleased** 5:25
**pled** 14:23 15:21
    35:18
**point** 8:17 17:2 26:7
    26:14 33:16 36:13
    39:3,4,15 40:19
**policy** 21:7 25:22
    26:10
**position** 22:11,12
    27:12,13 29:16
**positions** 29:19
    40:23
**possessed** 9:24
**possibility** 34:14
**post-petition** 8:7
    9:19
**practice** 38:17,22
**prejudicial** 16:7,9
    26:23
**premature** 22:3
**prepaid** 23:20 29:5
    39:8
**present** 38:16
**presented** 43:6
**preserve** 34:20
**prevails** 37:11,21
**prevent** 20:12
**primary** 27:12,13
**prior** 26:25 37:11

**probably** 6:20 40:16
**probative** 16:7
    26:23
**proceed** 5:10 21:13
**proceeding** 16:4
**proceedings** 5:1,3
    6:1 7:1 8:1 9:1
    10:1 11:1 12:1
    13:1 14:1 15:1
    16:1 17:1 18:1
    19:1,14 20:1 21:1
    22:1 23:1 24:1
    25:1 26:1 27:1
    28:1 29:1 30:1
    31:1 32:1 33:1
    34:1 35:1 36:1
    37:1 38:1 39:1
    40:1 41:1 42:1
    43:1,18 44:12
**process** 8:3
**prohibited** 15:13
**proof** 21:7
**prop** 7:24
**proposed** 6:20
**proposition** 12:14
    14:12
**protect** 34:18 36:10
    37:23 39:17,18
**protected** 38:10
**provide** 12:18
**provides** 11:12
**public** 25:13 44:9
**purpose** 21:5
**purposes** 11:16
    12:10,16 21:11
    37:13
**pursuant** 43:10
**put** 20:7,13 39:22
    40:25 41:5
**puzzled** 34:4 37:22
**p.m** 1:8 43:21
**P.O** 2:15

_____

**Q**
**question** 36:4 39:9
    43:4

**quickly** 38:11
**quite** 33:3
**quote** 7:15,19 9:6
    11:13,15 13:6,12
    14:6,7 17:4
**quoted** 31:24

_____

**R**
**R** 1:11,19 2:2 3:2 4:2
    44:2
**raise** 42:19
**raised** 7:4,19
**Raphelson** 12:23
    13:3,5,23 14:12
    30:4
**Ratner** 2:7 5:11,12
    40:16,18 43:5,9
**reach** 5:25 6:3 39:13
**read** 29:2
**real** 19:24
**reality** 31:10
**really** 22:2 35:4
**reason** 19:25 41:20
    43:14
**reasonable** 28:24
    39:13
**reasons** 11:23 17:19
    32:21 35:15
**receive** 9:23
**received** 34:5,7
    37:17,17
**recognize** 36:8
**record** 6:10
**recover** 36:20,25
**recovery** 33:3 36:21
    36:22
**red** 26:2,4,9
**reduce** 7:23
**refute** 32:7
**regarding** 5:20 37:6
**related** 5:20 43:17
    44:15
**relevant** 38:9
**relies** 11:4
**rely** 13:17,19 16:16
    29:21 39:6

**relying** 25:12
**remedies** 38:18
**remedy** 36:18
**removed** 7:10
**renders** 26:15
**Reorganized** 2:3,9
   6:25
**report** 6:2 25:14
   29:2
**Reporter** 44:9
**represent** 30:23
**representations**
   12:15
**require** 10:20 38:6
   42:14
**requires** 28:23
**reserved** 5:23
**resolved** 25:25
**respect** 23:20 35:9
   41:22
**respectfully** 15:25
   30:13 32:16
**respond** 21:24 41:6
   41:9,11 42:20
**responded** 18:22
   21:22 22:5
**responding** 22:17
   32:5 41:25
**response** 19:17
   21:16 24:21 33:20
**rest** 38:8
**result** 24:2
**retaliation** 30:2
**Richard** 2:6 3:7 6:16
   6:23
**Richmond** 3:21
**RIFKIND** 3:13
**right** 14:16 24:17
   34:20 40:13 43:19
**rise** 31:3
**risk** 7:24 36:9,11,17
   36:24 37:9,10 38:7
**RONALD** 3:12
**Rosenberg** 12:7
**ROWE** 2:19
**rule** 10:24 11:11

12:5,8,11,16 13:22
   14:6 15:12 16:5,7
   17:2 18:13,16 19:8
   21:15 26:17,22
   28:19,21,23 29:8
   29:14 30:11,15,18
   35:21 38:17,20
   39:2,19,25 40:4
   42:14
**rules** 14:3 38:25
   42:10
**ruling** 38:5 43:12
**runs** 29:24

---

### S

**S** 2:2 3:2 4:2
**Salem** 4:4
**SANDERS** 2:13
**satisfaction** 34:21
**saying** 24:18,20 25:5
   33:6 39:21
**says** 19:12 21:4 22:7
   22:18,21,25 41:17
**scheduling** 5:20
   43:10
**scheme** 7:16,19
**Scott** 2:7 5:11
**seated** 5:9
**second** 8:21 9:12
   11:23 14:5 15:22
   17:5 32:3 39:4
**Secondly** 33:21
**section** 21:4
**see** 18:17 21:17
   29:14
**seek** 8:9 34:21 38:18
**seen** 6:19 29:3 33:25
**Segal** 2:3,3 5:12,12
   6:17,23
**sense** 40:24 41:5
**sent** 42:24
**separate** 19:14
   22:20
**series** 16:16
**served** 6:8
**set** 44:19

**Seventh** 22:24
**severed** 42:24
**SEWARD** 3:9
**SHAFFER** 2:22
**SHEERIN** 3:22
**Shorthand** 44:8
**show** 18:10 26:7
**showed** 23:10,11
**showing** 39:22 40:3
**significant** 8:2
**similar** 23:20
**Similarly** 17:10
**simple** 8:11 35:5
**simply** 28:21 29:19
**single** 11:2 14:20
   42:2
**situation** 22:16
   23:13 26:10 27:3,4
   27:5 28:6 41:24
   42:25
**situations** 42:18
**solutions** 38:3
**somebody** 22:15
   25:6
**sophistry** 19:19
   25:20
**sorry** 37:8
**SOUTHERN** 1:3
**so-called** 5:21
**speak** 31:4 43:14
**speaks** 17:2
**Special** 2:9
**specifically** 11:13,18
**specifications** 22:18
   22:21
**Spend** 27:10
**spoke** 38:13
**spoken** 15:23
**Springfield** 43:16
**SQUIRE** 2:13
**SS** 44:5
**standard** 24:5
**start** 18:6
**state** 4:3 7:10 15:12
   16:21 17:7,14,15
   19:3 20:18 21:19

22:20 23:18 27:19
   29:7 36:7 39:10
   42:22 44:4,10
**stated** 11:14 39:5
**statement** 10:25
   11:14,20 41:10
**statements** 22:25
   33:5
**states** 1:3,9,20 12:14
   16:22 38:14
**status** 5:17,24
**step** 8:21 9:11,12
**STEPHEN** 2:17
**steps** 10:8
**stick** 42:22
**story** 23:4,4
**straightened** 40:21
**strategic** 35:14
**strategy** 32:12
**Stratton** 12:17
**Street** 3:20 4:4
**Subcommittee** 29:4
**subject** 6:12 9:15,17
**submissions** 12:9
**submit** 30:13
**submitted** 5:19 6:4
   35:21
**subordinated** 8:25
**subordinating** 1:15
   7:5 8:10 10:3
**subordination** 9:16
   9:17 10:21 19:2
   37:3,15 41:23
**successful** 29:11
**sues** 29:24
**sufficient** 10:20
   17:23
**suggest** 16:2 32:17
**suggests** 18:20
**suing** 7:11
**Suite** 2:10
**summary** 1:15 6:14
   7:4 8:9,19 10:2,11
   10:14 11:10,25
   12:12,20 13:7,13
   13:19 14:2,9,15

17:23,24 20:2
21:14 22:3,15,24
23:9 31:5 32:6
35:10 37:13 41:22
**support** 10:11,14
11:10 12:18 14:8
14:11,15 15:15
17:23 22:10,11
29:6,18 31:4,5
37:2 41:2
**supporting** 13:18
**supports** 11:25
**supposed** 21:24
**sure** 35:7,8
**SUSAN** 4:5
**SUSMAN** 2:8

**T**

**T** 1:11 44:2,2
**taint** 37:18
**tainted** 37:5
**take** 26:13 32:17
35:9 37:4 39:25
40:14 42:22
**taken** 5:3 8:24 44:13
**talk** 32:24 33:21
**talking** 19:22
**Task** 30:25
**technical** 13:8
**telephone** 3:16,18
3:22 4:6
**tell** 35:6
**terms** 28:4 38:5
**Texas** 2:10
**text** 12:7
**Thank** 6:18,22 18:2
18:3 30:19,20
33:11,13 40:9,14
42:11 43:2,20
**theories** 19:15 20:6
20:13 33:3 42:4
**theory** 24:6,7 37:19
**thing** 13:2 23:15
32:24,24
**things** 23:14 25:14
35:25 39:12

**think** 14:21 16:24
28:6 29:11 30:9
31:23 34:3 35:4
36:5,16,23 40:19
40:20 42:9
**third** 9:11 14:14
17:15 20:20
**third-party** 16:21
**thought** 26:7 35:23
42:14
**three** 7:3 10:8
**three-step** 8:11
**throw** 39:19,25
**Thursday** 5:18
**time** 5:23 25:17
28:11 43:21
**times** 33:2
**today** 5:23 7:2 32:18
32:19 38:3
**today's** 9:13 10:5
**Togut** 2:3 5:12 6:17
6:23
**token** 34:20
**told** 20:3
**Toronto** 3:19
**TORRES** 3:3
**transaction** 34:24
**transactions** 7:13,15
23:21 24:14 29:5
35:16 39:8
**transcript** 44:12
**transcripts** 29:3
**transferee** 6:7
**transferees** 8:8 9:19
**transferred** 34:8
**transferring** 9:22
**treatises** 17:5,10
**trial** 23:21
**tries** 30:8
**triggered** 43:8,11
**true** 8:24 33:6 35:19
44:11
**Trustee** 3:4 19:13
**Trusts** 1:16 3:5 6:15
7:6,9,14,20 8:5,7
8:10,13,17,22 9:2

9:18,18 10:4,9,10
10:12,13,18,25
11:5,6,9,18,24
12:2,9 13:4,11,15
13:24 14:5,10,14
14:18,20,23 15:3,5
15:10,15,16,20
16:10,12,16 17:16
17:20 18:5 20:6
27:22 31:11 32:3
32:20 33:17 35:4
35:13,14,15 37:16
41:6,8,11,16,17,25
42:6,12
**truth** 11:2,7
**try** 20:25
**turn** 6:11
**turns** 37:20
**turpitude** 9:7
**twice** 33:18,19
**two** 11:8 19:13 20:6
26:13 27:5 31:11
43:15

**U**

**ultimately** 37:21
**unable** 5:25
**unadjudicated**
12:22 14:3
**unanimously** 17:7
**uncertainties** 21:7
**uncontradicted**
17:22
**understand** 41:14
**undisputed** 11:15,20
**unequivocal** 32:19
**unequivocally** 14:24
**United** 1:3,9,20
**unjust** 15:9
**unquestionably** 12:4
**Unsecured** 2:14
30:23
**unsure** 39:5
**unverified** 12:21
13:12,17 14:3

**V**

**v** 1:14 5:6 12:13,24
**various** 39:8
**versus** 26:23
**view** 26:21 38:5
**Vincent** 16:3 26:25
27:4
**violates** 29:14
**violating** 29:8
**Virginia** 3:21 12:13
12:24
**virtually** 18:13
**voluntarily** 42:6

**W**

**wait** 23:2
**waiting** 33:19
**want** 20:22,22 32:13
**wanted** 5:15
**wanton** 9:8
**warranted** 37:16
**Washington** 2:15
**way** 5:16 16:11 25:8
36:13,15
**WEINBERGER**
3:16
**WEISS** 3:13
**went** 42:7
**weren't** 22:19
**WHARTON** 3:13
**whatsoever** 31:9
**WHEREOF** 44:18
**willy-nilly** 23:13
**win** 25:11
**WITNESS** 44:18
**won** 23:22
**WOODS** 3:19
**word** 21:17,18
**words** 18:21 22:8,8
**wouldn't** 28:3 36:2
**Wright** 21:3
**wrong** 28:16
**wrongs** 7:12 31:23

**X**

**x** 1:4,7,11

**Y**

**year** 21:21 23:22
  29:10
**York** 1:3,10,10,17
  2:5,5,21,21 3:4,6,6
  3:10,11,11,15,15
  7:10 31:8,18 32:10
  44:4,6,10
**Yosemite** 1:15 3:5
  6:15 7:6,9,13,15

**Z**

**Zitz** 12:6

**0**

**01-16034** 1:5,13 5:5
**03-9266** 1:6,13 5:7
**03:00** 1:13

**1**

**1** 1:10 2:4 8:3
**1st** 21:25 42:20
**1000** 2:10
**10004** 1:10 3:11
**10019** 2:21 3:6
**10019-6064** 3:15
**10119** 2:5
**11** 15:12 28:19,21,23
  29:8,14
**1162** 4:4
**1201** 2:14
**1285** 3:14
**1633** 3:5
**1675** 2:20
**169** 9:10
**1986** 12:24

**2**

**20** 14:10
**20th** 43:11
**20044** 2:15
**2005** 1:8 44:13,20
**23219** 3:21
**27** 1:8
**27th** 44:13
**28th** 44:19

**3**

**3:03** 1:8
**3:47** 43:21

**4**

**4/27/05** 5:4
**403** 16:8 26:22
**407** 2:15

**5**

**5100** 2:10
**56** 12:11,17 35:21

**7**

**7** 13:14
**7026** 21:4
**7056-1** 10:24 11:12
**73(a)** 18:25 21:20
**77002** 2:10

**8**

**8(e)(2)** 18:13,16
  19:9 20:9,11 21:15
  21:16 26:11,17
  27:9 30:12,16
  38:17 39:19,25
  42:14
**801** 17:2
**801(b)(2)** 12:6 13:23
  16:5

**9**

**901** 3:20
**97301** 4:4