UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re ENRON CORPORATION SECURITIES LITIGATION | § § § § § | MDL Docket No. 1446<br><br>Civil Action No. H-01-3624<br>**(Consolidated)** |
| This Document Relates To: | § § | CLASS ACTION |
| MARK NEWBY, et al., Individually and On Behalf of All Others Similarly Situated, | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | |
| ENRON CORP., et al., | § § | |
| Defendants. | § § § | |
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al., Individually and On Behalf of All Others Similarly Situated, | § § § § § | |
| Plaintiffs, | § § | |
| vs. | § § | |
| KENNETH L. LAY, et al., | § § § | |
| Defendants. | § § § | |

[Caption continued on next page]

**DEPOSITION PROTOCOL ORDER**

| | | |
|---|---|---|
| PAMELA M. TITTLE, *et al.*, | § | Civil Action No. H-01-3913 |
| Plaintiffs, | § § § § | |
| vs. | § § | |
| ENRON CORP., et al., | § § | |
| Defendants. | § § § | |

| | | |
|---|---|---|
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ENRON CORP., | § § § | Civil Action No. H-04-0091 |
| Plaintiff, | § § § | |
| vs. | § § | |
| ANDREW S. FASTOW, MICHAEL J. KOPPER, BEN GLISAN, JR., RICHARD B. BUY, RICHARD A. CAUSEY, JEFFREY K. SKILLING, KENNETH L. LAY, JEFFREY McMAHON, JAMES V. DERRICK, JR., KRISTINA M. MORDAUNT, KATHY LYNN, ANNE YAEGER-PATEL, ARTHUR ANDERSEN, LLP, AND CARL FASTOW, AS ADMINISTRATOR OF THE FASTOW FAMILY FOUNDATION, | § § § § § § § § § § § § § § | |
| Defendants. | § § § | |

[Caption continued on next page]

| | |
|---|---|
| ELAINE L. CHAO, SECRETARY OF THE UNITED STATES DEPARTMENT OF LABOR,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>ENRON CORP., et al.<br><br>　　　　　　　Defendants. | § Civil Action No. H-03-2257<br>§ (Consolidated with H-01-3913)<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>　　ENRON CORP., et al.,<br><br>　　　　　　　Debtors. | Chapter 11<br>No. 01-16034(AJG)<br><br>Jointly Administered |
| ENRON CORP., et al.<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>CITIGROUP INC., et al.<br><br>　　　　　　　Defendants. | Adversary Proceeding<br>No. 03-09266 (AJG) |

This Deposition Protocol Order shall govern all oral depositions of fact witnesses, except as specifically provided herein, taken in the following cases: *Newby v. Enron Corp.*, Civil Action No. H-01-3624 (Consolidated), in the United States District Court for the Southern District of Texas, Houston Division ("*Newby*"); *Tittle v. Enron Corp.*, Civil Action No. H-01-3913 (Consolidated), in the United States District Court of the Southern District of Texas, Houston Division ("*Tittle*"); *Elaine L. Chao, Secretary of the United States Department of Labor v. Enron Corp.*, et al., H-03-2257 (consolidated with H-01-3913), in the United States District Court of the Southern District of Texas, Houston Division; *Enron Corp. v. Citigroup Inc. et al.*, Adversary Proceedings No. 03-09266 (AJG), in the United States Bankruptcy Court for the Southern District of New York (the "Enron adversary action"); *Official Committee of Unsecured Creditors of Enron Corp. v. Fastow*, Civil Action No. H-04-0091, in the United States District Court for the Southern District of Texas, Houston Division, (the "Creditors Committee action"); actions coordinated or consolidated in MDL 1446; and other actions whose parties voluntarily participate in the oral depositions of fact witnesses provided for in this Order.

Excepted from this Order are the following: (1) Oral depositions of fact witnesses taken in the Enron adversary action by "Plaintiffs" and "Bank Defendants" (as those terms are defined in the Amended Complaint in the Enron adversary action) on matters solely relating to the elements of the bankruptcy claims alleged by plaintiffs therein (and associated defenses which may be alleged by defendants) under 11 U.S.C. §§502(d), 544, 546, 547, 548 (but excluding §548(a)(1)(A)), 549, 550 and 553. This exception does not permit re-examination of fact witnesses on matters addressed in oral depositions taken pursuant to this Order; (2) Regardless of subject matter, oral depositions of fact witnesses taken in the Enron adversary action by parties other than Plaintiffs and the Bank Defendants, as those terms are defined in the Amended Complaint in the Enron adversary action.

1

I.  **PARTIES SUBJECT TO THE DEPOSITION PROTOCOL**

This Order will govern the parties listed below, all consolidated or coordinated parties, and parties added to this litigation after January 22, 2004. The identification of a party to the Deposition Protocol Order is without prejudice to the issue of whether the PSLRA stay applies to that party, and is without prejudice to any defense to personal jurisdiction that may be asserted by such party.

A.  **Plaintiffs**

1.  Those named at ¶¶79-81 of the *Newby* amended complaint (the "*Newby* Plaintiffs");

2.  Those named in ¶¶22-38 of the Second Amended and Consolidated Complaint in *Tittle et al. v. Enron Corp. et al.*, H-01-3913 (the "*Tittle* Plaintiffs");

3.  Enron Corp. and those affiliated entities defined as "Plaintiffs" in ¶17 of the Amended Complaint in the Enron adversary action. In connection with the Enron adversary action, Enron is voluntarily participating in this protocol for the depositions of common fact witnesses. All discovery in the Enron adversary action not governed by this protocol, and all other matters in the Enron adversary action, shall remain before and be governed by the United States Bankruptcy Court for the Southern District of New York;

4.  The Committee of Unsecured Creditors of Enron Corp. (The Creditors' Committee), whose participation is subject and without prejudice to its forthcoming motion to remand its case to state court;

5.  Secretary, United States Department of Labor;

6.  Named plaintiffs in actions consolidated or coordinated with MDL 1446 ("Private-Action Plaintiffs"); and

7.  Any plaintiffs who have commenced litigation in any state court who have not been consolidated into or coordinated with MDL-1446 and who either agree or are otherwise compelled to conduct their deposition discovery in concert with MDL-1446.

### B. Enron Officer and Employee Defendants, and Related Entities

Kenneth L. Lay, Jeffrey K. Skilling, Andrew S. Fastow, Richard A. Causey, Mark A. Frevert, Stanley C. Horton, Kenneth D. Rice, Richard B. Buy, Lou L. Pai, Joseph M. Hirko, Ken L. Harrison, Steven J. Kean, Jeffrey McMahon, Cindy K. Olson, Joseph W. Sutton, Mark E. Koenig, Kevin P. Hannon, Lawrence Greg Whalley, James V. Derrick, Jr., the Estate of J. Clifford Baxter, Enron Corp. Savings Plan Administrative Committee, Mary K. Joyce, James S. Prentice, Sheila Knudsen Armsworth, Rod Hayslett, Paula Rieker, William D. Gathmann; Tod A. Lindholm, Philip J. Bazelides, Keith Crane, William J. Gulyassy, David Shields, Michael J. Kopper, Ben Glisan, Kristina Mordaunt, Kathy Lynn, Anne Yaeger-Patel, and Carl Fastow, as administrator of the Fastow Family Foundation.

### C. Enron Outside-Director Defendants

Robert A. Belfer, Norman P. Blake, Jr., Ronnie C. Chan, John H. Duncan, Wendy L. Gramm, Robert J. Jaedicke, Rebecca Mark-Jusbasche, Charles A. LeMaistre, Joe H. Foy, John Mendelsohn, Paulo V. Ferraz-Pereira, Jerome J. Meyer, John A. Urquhart, John Wakeham, Charls E. Walker, Herbert S. Winokur, Jr., Frank Savage and Bruce G. Willison.

### D. Financial-Institution Defendants

JP Morgan Chase Bank, J.P. Morgan Securities, Inc., J.P. Morgan Chase & Co., Citigroup, Inc., Citibank, N.A., Salomon Smith Barney, Inc., Salomon Brothers International Limited, Credit Suisse First Boston (USA), Inc., Pershing LLC, Credit Suisse First Boston Corp., Canadian Imperial Bank of Commerce, CIBC World Markets plc., CIBC World Markets Corp., f/n/a CIBC Oppenheimer Corp., Bank of America Corp., Banc of America Securities LLC,

3

Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith, Inc., Barclays PLC, Barclays Bank PLC, Barclays Capital Inc., Deutsche Bank AG, Deutsche Bank Securities, Inc., DB Alex. Brown LLC, Deutsche Bank Trust Company Americas, Lehman Brothers, Holding, Inc., and Lehman Brothers Inc., as defined in the *Newby* amended complaint, and Toronto-Dominion Bank, Toronto-Dominion Holdings (U.S.A.), Inc., TD Securities Inc., TD Securities (USA) Inc., Toronto-Dominion (Texas), Inc., The Royal Bank of Scotland Group plc, The Royal Bank of Scotland plc, National Westminster Bank plc, Greenwich Natwest Structured Finance, Inc., Greenwich Natwest Ltd., and Campsie Ltd., and Royal Bank of Canada, Royal Bank Holding Inc., Royal Bank DS Holding Inc., RBC Dominion Securities Ltd., RBC Dominion Securities, Inc., RBC Holdings (USA) Inc., RBC Dominion Securities Corp., The Goldman Sachs Group, Inc., and Goldman Sachs & Co., as defined in the Complaint for Violation of the Securities Laws filed in H 04-0087 and H 04-0088, in the Southern District of Texas, Houston Division (1/09/04), and any entities named as "Bank Defendants" in the Enron Adversary action.

### E.   Lawyers, Accountants and Others

1. Vinson & Elkins LLP, as defined at ¶98 of the *Newby* complaint;

2. Arthur Andersen LLP, as defined in the *Newby* complaint, and at ¶71 of the *Tittle* complaint;

3. Milbank, Tweed, Hadley & McCloy LLP, as defined at ¶12 of the complaint filed in H-04-0088 (1/09/04);

4. Andrews Kurth L.L.P., as defined at ¶14 of the complaint filed in H-04-0088 (1/09/04);

5. Alliance Capital Management L.P., as defined at ¶83(ee) of the *Newby* complaint; and

6. Any individual defendants who are officers, directors, employees, partners, members or principals of these entities.

### F. *Tittle*-Specific Defendants

Northern Trust Company, as defined at ¶56 of the *Tittle* Complaint, Enron Corp., Enron Corp. Savings Plan Administrative Committee, Enron Corp. Savings Plan, Enron Corp. ESOP, Mary K. Joyce, James S. Prentice, Sheila Knudsen Armsworth, Rod Hayslett, Paula Rieker, William D. Gathmann, Tod A. Lindholm, Philip J. Bazelides, Keith Crane, William J. Gulyassy, and David Shields.

## II. DEPOSITION CATEGORIES

There shall be three principal deposition categories:

- **Category One:** *Newby*-related deponents drawn from Extended-Time Witnesses (defined as those witnesses deposed for more than three days, but not more than six days); Financial Institutions; Enron Directors, Officers and Employees; Lawyers; Accountants; parties consolidated or coordinated with *Newby*; and non-parties;

- **Category Two:**

    (a) Party and non-party deponents specific exclusively to the consolidated or coordinated actions brought by the Private-Action Plaintiffs;

    (b) All named plaintiffs in the Private Actions and *Newby*;

- **Category Three:** *Tittle*-specific deponents, including the Northern Trust entities; Wilmington Trust; Hewitt; Mir-Fox & Rodriguez, P.C., Ernst & Young LLP, and any other non-*Newby*-related attorneys, accountants, or other professionals or employees who provided services related to the Plans; all non-*Newby*-related current and former Enron employees whose job responsibilities related to the

5

Enron employee benefit Plans; members of the Administrative Committees and other non-*Newby*-related fiduciaries of the Plans; Department of Labor personnel; *Tittle* plaintiffs; and any other non-*Newby*-related witness who provided services to the Plans or whose job responsibilities related to the Plans.

Deponents who do not fit within one of these three categories shall be assigned by the scheduling committees.

### III. TIME PERIOD FOR DEPOSITIONS

Depositions will begin on June 2, 2004, and end on November 30, 2005, on the basis of only one deposition per deponent. Depositions will be scheduled Monday through Friday in cycles of four weeks on, and the fifth week off, which may be used to complete depositions, if necessary. Depositions will be conducted day-to-day until completed.

### IV. DEPOSITION LIMITATIONS

1. 1,200 total deposition days for Category One (as defined by 7.5 hours per day).

2. No more than five depositions shall be taken on any one day for Category One.

3. Only one Extended-Time Witness deposition shall be taken on any one day.

4. Absent consent by the law firm, only one deponent represented by the same law firm shall be deposed on any one day.

5. Absent good cause, Extended-Time Witnesses shall not be deposed for more than six days and all other witnesses shall not be deposed for more than three days.

6. In applying the good-cause standard for extending depositions beyond three or six days, or for reopening a deposition, the party seeking such relief must demonstrate extraordinary circumstances.

## V. ALLOCATION OF DEPOSITION TIME FOR CATEGORY ONE

Plaintiffs (in *Newby*, *Tittle*, the Secretary of Labor, the Enron adversary action, the Creditors' Committee, the Private-Action Plaintiffs, and consolidated or coordinated cases) shall be allocated 45% of the deposition days. Defendants other than Enron Corp. (in *Newby*, *Tittle*, the Enron adversary action, the Creditors' Committee, the Private-Action and consolidated or coordinated cases) shall be allocated 55% of the deposition days as follows: 30% for the Financial Institutions and 25% for the Enron Officers and Outside Directors, Lawyers and Accountants. Allocation of deposition days shall be adjusted as necessary and appropriate to accommodate the specific needs of Northern Trust, Alliance Capital Management L.P., recently added parties, and any additional new parties following the rulings on motions to dismiss.

Plaintiffs and defendants shall allocate deposition days and the length of questioning for each deposition among their respective members.

## VI. SCHEDULING OF DEPOSITIONS

Plaintiffs and defendants will each create a scheduling committee of no more than eight members to oversee the selection and scheduling of all Category-One witnesses. For Category One, 60 days before the beginning of each deposition cycle of four weeks on, the fifth week off, each committee will serve notice on the other of those persons they each propose to depose during that cycle and the length of time anticipated for each witness. Within five days thereafter, each scheduling committee will notify the other of the amount of deposition time needed for the deponents nominated by the other committee. Within five days thereafter, the scheduling committees will agree on the persons to be deposed and the length of each deposition for that cycle. The overall time in each cycle shall be as close to the 45/55 allocation as circumstances permit.

7

The scheduling committees will confer and schedule all foreign-based discovery for parties and non-parties. All parties understand that flexibility will be necessary to schedule the depositions of witnesses located outside the United States, including perhaps scheduling more than five Category-One witnesses for deposition at one time to address those concerns. All foreign-based depositions must be completed within the 18-month period, and the 1,200 deposition-day limit applicable to Category-One witnesses shall include all depositions of such witnesses located outside the United States.

The Master Deposition Schedule shall be updated with all changes made as soon as scheduled, and posted on the ESL3624.com website. The Master Deposition Schedule shall set forth the deponent's name, affiliation, location of and anticipated length (number of days) of the deposition, the initial examiner, whether it will be videotaped, and, to the extent possible, the identity of other examining counsel and the time allocation for each examiner. Plaintiffs and defendants will each appoint a representative to share responsibility for posting the Master Deposition Schedule as it is agreed upon and all changes made.

A committee comprised of two representatives of the Private-Action Plaintiffs and two defendants shall schedule the depositions in Category Two (a). The committee, plus a representative of the *Newby* Plaintiffs and an additional representative of the defendants, shall schedule the depositions in Category Two (b).

A committee comprised of counsel for plaintiffs and defendants in the *Tittle* and Secretary of Labor actions shall schedule the Category-Three depositions.

## VII. NOTICING OF DEPOSITIONS

### A. Timing

In lieu of the notice provisions of the Federal Rules of Civil Procedure, the parties shall provide deposition notices through the Master Deposition Schedule. Notices for depositions to be taken in June 2004 shall be posted through the Master Deposition Schedule by May 4, 2004.

Category One and Category Three depositions shall commence on June 2, 2004. Category Two depositions shall not commence until December 2004, but may be taken earlier during any days the committee for Category Three depositions elects to provide for Category Two depositions during the period June through November 2004. During the period June 2004 through December 2004 only, depositions of Category Two or Category Three witnesses will be limited to only one full-day witness, or two one-half-day witnesses per day.

### B. Rule on Postponements for Category One

Once a deposition has been posted on the Master Schedule, it shall *not* be taken off calendar, postponed, or rescheduled, except by agreement of the scheduling committees, or by leave of Court for good cause. Postponements will be posted on the Master Deposition Schedule as soon as possible.

## VIII. PREDESIGNATION OF GENERAL CONTENT AND DOCUMENTS

Not later than four business days before a deposition all parties intending to examine a Category One deponent shall serve via the ESL3624.com website a non-binding description of the specific deals or transactions that may be inquired about, as well as documents (by Bates number) that counsel anticipates using or referring to during the deposition.

Not later than 14 days before the deposition of a non-Enron lawyer-witness, the parties intending to question the witness shall provide the witness's counsel with a non-binding list of the specific deals or transactions or, if the inquiry does not focus on a specific deal or transaction, the general nature of the matters, that the party will inquire about at the deposition.

9

Any counsel who does not predesignate documents shall not forfeit the right to use them, but in that case shall bring sufficient copies of such documents to the deposition so that all counsel present may have a copy. The purpose of these non-binding provisions is to make the depositions as efficient as possible, and to obviate the need for counsel to bring multiple copies of documents to the depositions. The Court expects the parties to make a good-faith effort to predesignate documents.

A set of core documents, including relevant Board minutes, SEC filings, *Tittle*-specific documents, congressional and bankruptcy-examiner reports, will be agreed upon by the scheduling committees, marked for identification purposes and shall be available and maintained by the court-reporter service at each deposition site.

## IX. NUMBERING OF DEPOSITION EXHIBITS

Each document marked for identification at the depositions shall be numbered with a new exhibit number. The scheduling committees will circulate a master exhibit list periodically, including the Core Documents, to all counsel. Exhibit numbers 1 through 10,000 are reserved for core documents.

Exhibit numbers will be assigned by the court-reporter service sequentially for each of the depositions available each day as follows:

(a) 10,001 through 20,000 for Category One, Deposition One;

(b) 20,001 through 30,000 for Category One, Deposition Two;

(c) 30,001 through 40,000 for Category One, Deposition Three;

(d) 40,001 through 50,000 for Category One; Deposition Four;

(e) 50,001 through 60,000 for Category One; Deposition Five;

(f) 60,001 through 70,000 for Category Two;

(g) 70,001 through 80,000 for Category Three.

All exhibits shall be marked sequentially. Counsel will make their best efforts to use the previously marked exhibit number in subsequent depositions.

The index of exhibits annexed to each deposition transcript shall contain the document-production (Bates) number, the number for each exhibit marked for identification at the deposition, and each exhibit referred to in the deposition.

The deposition reporter shall be responsible for ensuring that the original of all deposition transcripts, including exhibits, is placed in the *Newby* Document Depository.

## X.   CONDUCT OF DEPOSITIONS

### A.   Daily Schedule

Depositions shall be held from 9:00 a.m. to 6:00 p.m., Monday through Thursday, with a lunch break from 12:00 to 1:00 p.m., one brief morning break, and two brief afternoon breaks. Depositions shall be held from 8:00 a.m. to 3:00 p.m. on Friday, with a lunch break from 12:00 to 1:00 p.m., one brief morning break, and none during the afternoon. Where necessary to avoid returning on a subsequent day, the parties and the deponent shall attempt to complete the deposition by extending the adjournment for up to one hour, or longer upon agreement.

### B.   Holidays

No depositions may be scheduled on the dates of in-person Court hearings, or on national or religious holidays. For the purposes of this protocol such holidays are: Rosh Hashanah (2 days), Yom Kippur (2 days), Columbus Day, Veterans Day, Thanksgiving (Thursday and Friday), the two-week period beginning on the Monday before Christmas, Martin Luther King's Birthday, President's Day, Good Friday and Easter Monday, Passover (2 days), Memorial Day, Independence Day, and Labor Day.

### C.   Conduct of Counsel at Depositions

Counsel recognizes that the magnitude and complexity of this litigation require that all parties use every effort to strictly adhere to the established rules of evidence and procedure.

11

Consequently, all counsel shall refrain from making speaking objections, which are designed to suggest an answer to the witness or delay the deposition.

The objection of one counsel to a question shall not be repeated by another counsel to preserve that objection on behalf of such other counsel. Any objection to the form of a question shall be deemed to have been made (a) on behalf of all other parties, and (b) on all grounds for a form objection. The only objections permitted during the depositions will be to the form of a question or to the responsiveness of an answer, and, regardless of the provisions in Fed. R. Civ. P. 32(d)(3), no other objection is waived by failure to assert it during the deposition. Objections shall be stated precisely. "Objection, Form" or "Objection, Responsiveness" will be sufficient.

Nothing shall preclude counsel from seeking a protective order from the Court where counsel has a reasonable, good-faith belief that the witness is being questioned on wholly irrelevant matters or in an otherwise abusive manner. In that rare event, counsel shall cooperate in deferring answers to these questions until later in the deposition to permit counsel to contact the Court.

Counsel shall not instruct witnesses not to answer questions, except on the ground of privilege. There will be no conferences between deponents and their counsel when a question is pending except for the purpose of determining whether a privilege or claim of confidentiality should be asserted. If a privilege is claimed, the witness will nevertheless answer questions relevant to the existence, extent or waiver of the privilege, such as, the date of the communication, who made the statement, who was present other than counsel, and others to whom the communication was made known.

D.  **Completion and Reopening of Depositions**

Except by unanimous agreement of the scheduling committees and consent of the relevant party or, where there is no agreement or consent, upon court order for good cause, depositions shall be taken only once.

E.  **Length of Depositions**

The court-reporter service shall maintain a total running time for actual deposition testimony to insure that at least seven and a half hours of record testimony is taken each day (except Fridays) and to record how much time is taken in each deposition by each party.

F.  **Remote-Access Protocol**

At the outset of the deposition, on the record, all counsel, both at the site and by remote access, shall identify themselves and whom they represent. Only those present on-site shall be permitted to examine the deponent. In the rare event that counsel participating by remote access believes that an objection not already made must be made on the record, counsel shall identify themselves, the party represented, and state the objection precisely. In the rare event of a surprise answer, remote parties may have up to 10 minutes (not subtracted from any on-site party's time allocation) to inquire only about the surprise answer or answers.

G.  **Deponent Questionnaires**

Each deponent will complete a background questionnaire, to be developed by the scheduling committees. The questionnaire will be attached to the deposition transcript as record testimony.

H.  **Place of Depositions**

Depositions will be held in Houston, Chicago and New York (unless otherwise agreed to by the scheduling committees), except for depositions of foreign parties, which reserve their position to present their witnesses abroad. If a non-party deponent resides in a location outside of the metropolitan area in which the deposition is held, the parties participating in the

13

examination of the deponent will pay the reasonable travel and living expenses of the deponent incurred to attend the deposition. If the non-party deponent is unwilling to travel, the location of the deposition will be set in accordance with Fed. R. Civ. P. 45. Depositions will be held at one central long-term location in New York City (as arranged for by the Financial Institutions), and in Houston and Chicago (as arranged for by the *Newby* Lead Counsel), or in an appropriate location for those deponents unwilling to travel to New York City, Houston or Chicago arranged for by the scheduling committees. The parties will make a good-faith effort to have all current and former employees voluntarily appear for depositions in New York City, Houston or Chicago (except for foreign-based parties).

### I.    Notice of Intent to Attend a Deposition

For planning purposes, not fewer than seven days before the deposition date, parties intending to attend the deposition shall notify the respective scheduling committees, which will post a list of the number of expected attendees from each party on the ESL3624.com website within four days of the deposition. For scheduling and security purposes, parties will supply the respective scheduling committees with a master list (updated as necessary) of the names of lawyers, staff, consultants, and other attendees for each deposition site.

### J.    Court Reporters

The scheduling committees will contract for court-reporting and video services to cover the deposition sites in New York City, Houston and Chicago. The court-reporting and video services will provide remote access, secure real-time video streaming and LiveNote, as well as speaker-phone capability (to be used for conferences with the Court) for all depositions, and maintain one set of Core Documents for each deposition scheduled each day (to a maximum of five). The court-reporting service will transcribe all conference calls with the Court from the deposition site as part of the deposition transcript for that day.

## XI. COSTS

The parties will enter into a cost-sharing agreement.

## XII. STANDARD STIPULATION

The following stipulation will apply to all depositions taken in these actions and shall be included in each transcript by the court reporter:

> Upon completion of the transcription of today's session, the original transcript shall be sent to counsel for the witness by the court reporter. Counsel shall promptly forward it to the witness for review, correction, and signature under penalty of perjury. The witness shall have 30 days from the day of receipt within which to review, make any correction, sign the deposition transcript under penalty of perjury, and return it to counsel. The witness's counsel shall then forward the original transcript plus corrections to the court reporter, who will promptly notify all counsel of its receipt and any changes to testimony made by the witness.
>
> If the witness is not represented by counsel the original transcript will be sent to the witness by the court reporter. After review, correction, and signature within 30 days from the date of receipt, the witness shall return the original transcript to the court reporter, who will notify all counsel of its receipt and any changes to testimony by the witness.
>
> The court reporter will deposit the original transcript in the Document Depository. If, for any reason, the original is lost, misplaced, not returned, not signed, or unavailable, a certified copy may be used in its place for all purposes. The court reporter is otherwise relieved of any statutory duties.

## XIII. REPORTS TO THE COURT

Once depositions begin in June 2004, the scheduling committees will collectively report to the Court on a quarterly basis in writing, and during a hearing, as to the progress of the deposition process. The first written report will be filed by September 1, 2004, and a hearing scheduled as soon thereafter at the Court's convenience.

The parties – believing that professionalism, civility and discretion will be exercised, thus greatly reducing the need for repeated rulings – request that the Court resolve all disputes concerning discovery taken under this protocol. In the event that discovery disputes arise during

15

depositions that require Court intervention, the parties will contact the Court. If the Court is unavailable, the deposition will continue as to matters not in dispute.

## XIV. FIFTH-AMENDMENT ASSERTIONS

Witnesses intending to assert the Fifth Amendment shall indicate that intention in writing to all parties within five days of receiving notice that their depositions have been scheduled. Witnesses who provide such notice may be deposed on oral examination for no more than one hour. Upon receipt of notice that a witness intends to assert the Fifth Amendment, all parties may submit a list of written questions to the witness, delivered no fewer than 15 days before the scheduled deposition. At the deposition, the written questions and any associated documents will be introduced as an exhibit to the deposition, and the witness shall be asked summarily whether the witness would assert the Fifth Amendment to each of the written questions if they were posed individually. If the answer to the summary question is yes, the deposition shall last no more than one hour, allocated as set out in §V. If the witness indicates a willingness to answer questions, the deposition will be rescheduled.

All objections to written questions submitted to a deponent will be reserved, including objections to form.

Witnesses who recant their Fifth Amendment assertion must do so in sufficient time so that the witness may be placed on the deposition schedule and the deposition taken thereafter under the terms of this protocol.

## XV. CONFIDENTIALITY PROVISIONS

A confidentiality order governing the use of documents at and testimony taken at all depositions will be submitted to the Court.

*   *   *

Nothing contained in this Deposition Protocol Order shall be deemed a consent by any party to (i) the jurisdiction of the Bankruptcy Court in the Southern District of New York or a waiver of any rights asserted by any party with respect to jurisdiction; (ii) the entry of any final order or judgment by the Bankruptcy Court; or (iii) having the Bankruptcy Court hold a jury trial with respect to any action. All references in this Deposition Protocol Order to the "Court" (including those at VII.B, VIII, X.B, X.C, X.D, X.J, XIII, XV) refer only to the United States District Court for the Southern District of Texas and any disputes concerning discovery taken under this protocol shall be decided solely by the United States District Court for the Southern District of Texas.

This Deposition Protocol Order may be modified by the unanimous agreement of the scheduling committees or by Court order for good cause shown.

SO ORDERED this 11th day of March, 2004

s/ Melinda Harmon<br>
MELINDA HARMON<br>
UNITED STATES DISTRICT JUDGE

SO ORDERED this 11th day of March, 2004

s/ Arthur J. Gonzalez<br>
ARTHUR J. GONZALEZ<br>
UNITED STATES BANKRUPTCY JUDGE

17