UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br>**ENRON CREDITORS RECOVERY CORP.**, *et al.*,<br>　　　　Reorganized Debtors. | 07 Civ. 10612<br><br>Chapter 11<br>Case No. 01-16034 (AJG)<br><br>Jointly Administered |
| **ENRON CORP.**, *et al.*,<br>　　　　Plaintiffs,<br>　　　v.<br>**CITIGROUP, INC.**, *et al.*,<br>　　　　Defendants. | Adv. Pro. No. 03-09266 |

**REPLY DECLARATION OF BRAD S. KARP IN FURTHER SUPPORT OF THE CITIGROUP DEFENDANTS' MOTION TO WITHDRAW THE REFERENCE**

Brad S. Karp declares, pursuant to 28 U.S.C. § 1746, as follows:

1. I am a member of the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul Weiss"), counsel to Citigroup Inc., Citibank, N.A., Citigroup Global Markets, Inc. ("CGMI"), Citicorp North America, Inc., Citigroup Financial Products, Inc., Citigroup Global Markets Ltd. ("CGM Ltd."), CXC LLC ("CXC"), Corporate Asset Funding Company, LLC ("CAFCO") and Corporate Receivables Corporation, LLC ("CRC") in this action. I submit this declaration in further support of the Citigroup Defendants' Motion to Withdraw the Reference and to place before the Court certain documents referred to therein.

2. Attached hereto, at tab 1, is a true and correct copies of the Memorandum of Law in Support of Motion for Initial Determination Under 28 U.S.C. § 157(b)(3) That Certain Claims Are Non-Core Claims, filed with the Bankruptcy Court on July 26, 2005.

3. This firm represents CXC, CRC, and CAFCO in connection with Enron-related litigation. None of those entities has ever been sued by any third parties (*i.e.*, by any parties other than Enron and its affiliates) in any Enron-related litigation.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       December 20, 2007

_____
Brad S. Karp

# TAB 1

Hugh M. McDonald (HM-2667)
Lisa J.P. Kraidin (LK-3569)
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 610-6300

David H. Braff (DB-0761)
Michael T. Tomaino, Jr. (MT-6200)
Jeffrey T. Scott (JS-5014)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Tel: (212) 558-4000

Counsel for Barclays PLC, Barclays Bank PLC,
Barclays Capital Inc., Barclays Capital Securities Limited,
Barclays Physical Trading Limited and Barclays Metals Limited

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____ x
                                       :
In re:                                 :   **Chapter 11**
                                       :   **Case No.: 01-16034 (AJG)**
ENRON CORP., *et al.*,                 :
                                       :   **Jointly Administered**
                         Reorganized Debtors. :
_____ x
                                       :
ENRON CORP., *et al.*,                 :
                                       :   **Adversary Proceeding**
                                       :   **No.: 03-09266 (AJG)**
                         Plaintiffs,   :
                                       :
         v.                            :
                                       :
CITIGROUP INC., *et al.*,              :
                                       :
                         Defendants.   :
                                       :
_____ x   **JURY TRIAL DEMANDED**

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR**
**INITIAL DETERMINATION UNDER 28 U.S.C § 157(b)(3)**
**THAT CERTAIN CLAIMS ARE NON-CORE CLAIMS**

## PRELIMINARY STATEMENT

Defendants Barclays PLC, Barclays Bank PLC, Barclays Capital Inc., Barclays Capital Securities Limited, Barclays Physical Trading Limited and Barclays Metals Limited (collectively "Barclays") submit this memorandum of law in support of their motion for an order determining that the three purported common law claims (Counts 74-76) asserted against Barclays in the above-captioned adversary proceeding (the "Adversary Proceeding") are non-core claims pursuant to 28 U.S.C. § 157(b)(3). As demonstrated below, the non-core claims are outside the core jurisdiction of the United States Bankruptcy Court (the "Court") and entitle Barclays to a jury trial in connection with their adjudication. Barclays is seeking an initial determination that these claims are non-core pursuant to 28 U.S.C. § 157(b)(3) to comply with the apparent requirement in this Circuit that it seek an initial determination that such claims are non-core before filing its motion to withdraw the reference with respect to such claims.

## STATEMENT OF FACTS

On December 2, 2001, Enron Corp. and the other named plaintiffs in this Adversary Proceeding (collectively "Enron") filed for chapter 11 bankruptcy protection stemming from one of the largest and most pervasive corporate frauds in U.S. history. On September 24, 2003, Enron commenced this Adversary Proceeding against a small group of senior officers and managers of Enron Corp. and several financial institutions. On December 1, 2003, Enron amended its complaint (the "Amended Complaint") in this Adversary Proceeding, adding several additional Enron entities as plaintiffs and numerous additional defendants and claims. On February 17, 2004, Barclays filed its answer to the Amended Complaint and denied (among many other things) that this Court has jurisdiction over the non-core claims, and demanded a trial by jury. After several additional amendments, on January 10, 2005, Enron filed the fourth

2

amended version of the Complaint (the "Fourth Amended Complaint"). Answers to the Fourth Amended Complaint are due September 22, 2005.

The Fourth Amended Complaint asserts various claims against Barclays, some of which are core matters pursuant to 28 U.S.C. § 157(b)(2) and some of which are non-core matters. The non-core claims alleged against Barclays consist of the following purported common law claims: (i) aiding and abetting breach of fiduciary duty (Count 74); (ii) aiding and abetting fraud (Count 75); and (iii) unlawful civil conspiracy (Count 76) (collectively, the "Non-Core Claims").

## ARGUMENT

Pursuant to 28 U.S.C. § 157(b)(3), the Court is required to make a determination as to whether a claim is core or non-core. This statute has been interpreted by courts in the Second Circuit to require a party to seek an initial determination from the Court as to whether a claim is core or non-core before moving to withdraw the reference with respect to non-core claims. See Enron Power Mktg., Inc. v. Va. Elec. & Power Co. (In re Enron Corp.), 318 B.R. 273, 275 (S.D.N.Y. 2004) ("Courts of this Circuit have interpreted this statute as requiring a party to seek an initial determination from the bankruptcy court concerning whether a proceeding is core or non-core before moving to withdraw the reference in part on the grounds that the proceeding is non-core."); In re Formica Corp., 305 B.R. 147, 149 (S.D.N.Y. 2004) (indicating that "any motion to withdraw would be premature until the bankruptcy court first determined whether the case was a core or non-core proceeding").

The Non-Core Claims asserted against Barclays are non-core claims within the meaning of 28 U.S.C. § 157(b)(3) and entitle Barclays to a jury trial pursuant to 28 U.S.C. § 157(d) and (e) in connection with their adjudication. Barclays does not consent to a jury trial conducted by the Court with respect to the Non-Core Claims and seeks a determination that such Non-Core

3

Claims are non-core under 28 U.S.C. § 157 to preserve its right to a jury trial conducted by the United States District Court.

I. **The Claims Asserted In Counts 74, 75 and 76 Of The Fourth Amended Complaint Are Non-Core Claims**

Section 157(b)(2) of Title 28 of the United States Code provides a non-exhaustive list of matters that are core proceedings. Generally, "[a] proceeding that involves rights created by bankruptcy law, or that could arise only in a bankruptcy, is a core proceeding." 1800Postcards, Inc. v. Morel, 153 F. Supp.2d 359, 366 (S.D.N.Y. 2001) (quoting United Orient Bank v. Green (In re Green), 200 B.R. 296, 298 (S.D.N.Y. 1996)); see also McCrory Corp. v. 99 Cents Only Stores (In re McCrory Corp.), 160 B.R. 502, 506 (S.D.N.Y. 1993). On the other hand, "an action that does not depend upon the bankruptcy laws for its existence and which could proceed in a court that lacks federal bankruptcy jurisdiction is non-core." 1800Postcards, 153 F. Supp.2d at 366-67.

The Non-Core Claims are not contained on the list set forth in 28 U.S.C. § 157(b)(3). Moreover, the Non-Core Claims do not involve rights that are created by bankruptcy law or which could arise only in the context of a bankruptcy case. Instead, the Non-Core Claims arise out of state common law[1] and exist independently of Enron's bankruptcy case, which means they are outside the Court's core jurisdiction. See, e.g., Pereira v. Farace (In re Trace Int'l Holdings, Inc.), 2005 U.S. App. LEXIS 13040 (2d Cir. June 30, 2005); Buena Vista Television v. Adelphia Communications Corp., et al. (In re Adelphia Communications Corp.), 307 B.R. 404 (S.D.N.Y. 2004) (finding that state law claims for aiding and abetting breaches of fiduciary duty are not core claims); (Statutory Comm. of Unsecured Creditors v. Motorola (In re Iridium Operating

---

[1] Indeed, the Fourth Amended Complaint refers to Counts 74-76 as the "Common Law Counts". (See Fourth Amended Complaint at p. 418.)

4

LLC), 285 B.R. 822, 832 (S.D.N.Y 2002) (finding that aiding and abetting breach of fiduciary duty is "traditionally labeled non-core"); Breeden v. Generali U.S. Branch (In re Bennett Funding Group, Inc.), 1997 Bankr. LEXIS 2366 (Bankr. N.D.N.Y. Dec. 19, 1997) (noting that aiding and abetting fraud or breach of fiduciary duty are non-core claims); Kaiser Steel Corp. v. Frates (In re Kaiser Steel Corp.), 95 B.R. 782 (Bankr. D. Colo. 1989) (claims for relief predicated on state law theories such as breach of fiduciary duty, conspiracy and aiding and abetting are non-core matters).

Enron's Non-Core Claims are not transformed into core matters simply because Barclays filed proofs of claim in Enron's bankruptcy case. They remain non-core because the elements surrounding them are completely distinct from the elements giving rise to Barclays' proofs of claim. See Complete Management, Inc. v. Arthur Andersen, LLP (In re Complete Management, Inc.), No. 02-1736, 2002 U.S. Dist. LEXIS 18344, 2002 WL 31163878 (S.D.N.Y. Sept. 27, 2002); Durso Supermarkets, Inc. v. D'Urso (In re Durso Supermarkets, Inc.), 170 B.R. 211 (S.D.N.Y. 1994). For example, the court in In re Durso Supermarkets held that where a debtor's fraud action against a creditor and that creditor's proof of claim did not arise out of the same transaction, the fraud action was deemed non-core. In re Durso Supermarkets, Inc., 170 B.R. at 214. Similarly, the court in In re Complete Management, Inc. declined to deem a non-core matter to be core simply because a proof of claim had been filed in the bankruptcy case, noting that "no case has suggested that [core] jurisdiction extends [to] a counterclaim that is, as here, seventy times greater than the proof of claim." In re Complete Management, Inc., 2002 U.S. Dist. LEXIS 18344, at *11, 2002 WL 31163878, at *3 (S.D.N.Y. Sept. 27, 2002). Notably, in the Adversary Proceeding, Enron seeks damages from Barclays and the other defendants that are

significantly greater than the amount of Barclays' proofs of claim. For these reasons, it is clear that the Non-Core Claims are the types of claims that courts have found to be non-core.

## II.    Barclays Has A Right To A Jury Trial With Respect To Enron's Non-Core Claims

Barclays has a right to a jury trial on the Non-Core Claims asserted against it in the Adversary Proceeding.[2] In determining whether an action is a suit at law that triggers the right to a jury trial, courts must apply the two-step test set forth in Granfinanciera, S.A. v. Nordberg, 492 U.S. 33 (1989). This test requires a court to consider (i) whether the action would have been deemed legal or equitable in 18th century England and (ii) whether the remedy sought is legal or equitable in nature. Granfinanciera, 492 U.S. at 42. See Pereira v. Farace (In re Trace Int'l Holdings, Inc.), 2005 U.S. App. LEXIS 13040, *16 (2d Cir. June 30, 2005); Germain v. Connecticut Nat'l Bank, 988 F.2d 1323, 1328 (2d Cir. 1993); GSGSB, Inc. v. New York Yankees, No. 91-1803, 1995 U.S. Dist. LEXIS 12406, at *9, 1995 WL 507246, at *3 (S.D.N.Y. Aug, 28, 1995). The court in Germain noted that "claims analogous to tortious interference were historically tried in common law courts." Like the tortious interference claims discussed in Germain, Enron's Non-Core Claims are considered legal in nature. See In re Jensen, 946 F.2d 369, 371 (5th Cir. 1991) (civil conspiracy, which did not exist as a cause of action until the latter half of the 19th century, had its roots in criminal conspiracy and should therefore be triable before a jury).

Even if the Non-Core Claims are considered equitable in nature, Enron seeks legal relief (*i.e.*, money damages) in respect of its Non-Core Claims. As the Second Circuit recently held in Pereira, the second step of the Granfinanciera test -- consideration of whether the type of relief

---

[2] The U.S. Constitution prevents bankruptcy courts from holding jury trials in non-core matters. Orion Pictures Corp. v. Showtime Networks (In re Orion Pictures Corp.), 4 F.3d 1095, 1101 (2d Cir. 1993), cert. dismissed, 511 U.S. 1026, 114 S.Ct. 1418 (1994).

sought is legal or equitable in nature -- is to be accorded greater weight, and as such is the "more important" step. Pereira, 2005 U.S. App. LEXIS at *16 (quoting Granfinanciera, 492 U.S. at 42); see also Germain, 988 F.2d at 1328. Indeed, in Pereira, the Second Circuit found that although a cause of action for breach of fiduciary duty was equitable in nature, the type of relief sought, that of compensatory damages, was legal in nature, and therefore the defendants were entitled to a jury trial on that cause of action. Pereira, 2005 U.S. App. LEXIS at *16.

Furthermore, to the extent Enron seeks to equitably subordinate Barclays' claims, a prayer for such relief does not destroy the right to a jury trial. See Glinka v. Abraham & Rose Co., No. 2:93-91, 1994 WL 905714, at *12 (D. Vt. June 3, 1994) ("Germain merely states that the Trustee should not be permitted to try contract and tort claims before a jury and use the results in an equitable subordination proceeding. It does not suggest that, where the Trustee brings legal claims against a creditor and seeks damages, the jury trial right of the creditor is lost because the Trustee seeks to equitably subordinate the creditor's claim as well"). See also M. Sobel, Inc. v. Weinstein (In re Weinstein), 237 B.R. 567 (Bankr. E.D.N.Y. 1999) (where the court bifurcated a claim into legal and equitable components, reserving a right to jury trial for the former).

In addition, Barclays' proofs of claim filed in the bankruptcy case do not constitute a waiver of its right to a jury trial on the Non-Core Claims alleged by Enron because the Non-Core Claims set forth in Counts 74-76 of the Fourth Amended Complaint do not bear directly on the allowance of Barclays' proofs of claim. Indeed, the Fourth Amended Complaint contains separate claims that seek disallowance of Barclays' claims based upon Barclays' receipt of allegedly avoidable transfers (see, e.g., Counts 29 and 72 of the Fourth Amended Complaint), which has no relationship to the Non-Core Claims. The court in Germain construed Supreme

Court precedent as standing for the proposition that "by filing a proof of claim a creditor forsakes its right to adjudicate before a jury any issue that bears directly on the allowance of that claim." Germain, 988 F.2d at 1329; see Hassett v. BancOhio Nat'l Bank (In re CIS Corp.), 172 B.R. 748, 761 n.2 (S.D.N.Y. 1994) ("the mere filing of a proof of claim does not automatically waive the right to a jury trial"); Glinka v. Abraham & Rose Co., 1994 U.S. Dist. LEXIS at *36, 1994 WL at *11 (adopting the Second Circuit's analysis that "neither precedent nor logic supports the proposition that either the debtor or the creditor waives all right to a jury trial whenever a proof of claim is filed"). Enron's Non-Core Claims are common law claims for damages and do not implicate in any way the allowance of Barclays' proofs of claim. Rather, like the plaintiff in Germain, Enron asserts its Non-Core Claims to attempt to augment the size of its estate, which has no relationship to the claims-allowance process. See Germain, 988 F.2d at 1327 ("If [the Trustee] wins, the estate is enlarged, and this may affect the *amount* the Bank and its fellow creditors ultimately recover on their claims, but it has no effect whatsoever on the *allowance* of the Bank's claims.") (Emphasis in the original). Accordingly, Barclays is entitled to a trial by jury on Enron's Non-Core Claims in the Adversary Proceeding.

8

## CONCLUSION

For the foregoing reasons, this Court should enter an order determining that the Non-Core Claims (Counts 74-76) asserted against Barclays are non-core claims pursuant to 28 U.S.C. § 157(b)(3) on which Barclays is entitled to a jury trial.

Dated: New York, New York
      July 26, 2005

Respectfully submitted,

ALLEN & OVERY LLP

By: /s/Hugh McDonald
    Hugh M. McDonald (HM-2667)
    Lisa J.P. Kraidin (LK-3569)

1221 Avenue of the Americas
New York, New York 10020
Tel:  (212) 610-6300

David H. Braff (DB-0761)
Michael T. Tomaino, Jr. (MT-6200)
Jeffrey T. Scott (JS-5014)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Tel: (212) 558-4000

Counsel for Barclays PLC, Barclays Bank PLC, Barclays Capital Inc., Barclays Capital Securities Limited, Barclays Physical Trading Limited and Barclays Metals Limited